**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **THE CONCRETE COMPANY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:05-CV-1026-D |
| | ) |
| **ALABAMA GRAVEL, LLC, et al.,** | ) Demand for Jury Trial |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT ALABAMA GRAVEL, LLC

Defendant Alabama Gravel, LLC hereby answers the numbered paragraphs of plaintiff's Complaint in the above styled action as follows:

1. Admitted on information and belief.

2. Admitted on information and belief.

3. Admitted on information and belief.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, therefore the same are denied.

8. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, therefore the same are denied.

9. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, therefore the same are denied.

10. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, therefore the same are denied.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, therefore the same are denied.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, therefore the same are denied.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, therefore the same are denied.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, therefore the same are denied.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, therefore the same are denied.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, therefore the same are denied.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, therefore the same are denied.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, therefore the same are denied.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, therefore the same are denied.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, therefore the same are denied.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, therefore the same are denied.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, therefore the same are denied.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, therefore the same are denied.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 24of the Complaint, therefore the same are denied.

25. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 25of the Complaint, therefore the same are denied.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, therefore the same are denied.

27. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 27of the Complaint, therefore the same are denied.

28. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, therefore the same are denied.

29. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, therefore the same are denied.

30. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, therefore the same are denied.

31. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, therefore the same are denied.

32.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, therefore the same are denied.

33.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, therefore the same are denied.

34.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, therefore the same are denied.

35.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, therefore the same are denied.

36.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, therefore the same are denied.

37.     Defendant admits that it was organized on or about March 24, 2005, and that its office is located at 541 Gunnels Road, Deatsville, Alabama, 36022.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, therefore the same are denied.

38.     Defendant admits that Harry Lambert lives at the indicated address.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint, therefore the same are denied.

39.     Defendant admits that Carol's Contracting operates a trucking business at the indicated address.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, therefore the same are denied.

40.    Defendant admits that it has a mining operation in Independence, Alabama. Defendant denies the remaining allegations of paragraph 40 of the Complaint.

41.    Defendant admits that it sells aggregate out of the Gentry Pit. Defendant denies the remaining allegations of paragraph 41 of the Complaint

42.    Defendant admits that it sells aggregate to Simcala. Defendant denies the remaining allegations of paragraph 42 of the Complaint.

43.    Defendant admits that it markets aggregate mined out of the Gentry Pit to Simcala and other customers. Defendant denies the remaining allegations of paragraph 43 of the Complaint.

44.    Defendant incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 43 of the Complaint.

45.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, therefore the same are denied.

46.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, therefore the same are denied.

47.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, therefore the same are denied.

48    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, therefore the same are denied.

49.    Defendant incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 48 of the Complaint.

50. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, therefore the same area denied.

51. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, therefore the same area denied.

52. Defendant incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 51 of the Complaint.

53. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, therefore the same area denied.

54. Denied.

55. Denied.

56. Denied.

57. Defendant incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 56 of the Complaint.

58. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, therefore the same area denied.

59. Denied.

60. Denied.

61. Denied.

62. Defendant incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 61 of the Complaint.

63. Denied.

64. Denied.

65. Denied.

66. Defendant incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 65 of the Complaint.

67. Denied.

68. Denied.

69. Denied.

Except to the extent specifically admitted herein, defendant denies each and every allegation contained in the Complaint and demands strict proof thereof.

Defendant denies that plaintiff is entitled to a judgment against it and denies that plaintiff is entitled to recover any compensatory or punitive damages, attorney's fees, costs or additional relief in this proceeding.

Defendant avers that it is entitled to recover its attorney's fees, costs, and expenses from the plaintiff in this proceeding.

## DEFENSES

Defendant states the following defenses without assuming the burden of proof on such defenses that would otherwise rest on plaintiff.

## FIRST DEFENSE

The claims and allegations of the Complaint fail to state a claim against this defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant states that it was justified in taking all actions at issue in this case.

## THIRD DEFENSE

Defendant denies that it has tortiously interfered with any business relation as alleged in the Complaint and demands strict proof of each element of that claim.

### FOURTH DEFENSE

Defendant denies that it has conspired or entered into a conspiracy as alleged in the Complaint and demands strict proof of each element of that claim.

### FIFTH DEFENSE

Defendant pleads the defense of estoppel.

### SIXTH DEFENSE

Defendant pleads the defense of waiver.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTH DEFENSE

Defendant denies that it has entered into any conspiracy with any person or entity.

### NINTH DEFENSE

Defendant denies the material allegations of the Complaint and further denies that it is otherwise guilty of any wrongdoing in this case.

### TENTH DEFENSE

Plaintiffs' claims for damages are subject to the limitations contained in Ala. Code §6-11-20 (1975) (clear and convincing evidence standard), Ala. Code §6-11-20 (1975) (punitive damages) and Ala. Code §6-11-27 (vicarious liability).

### ELEVENTH DEFENSE

Any award of punitive damages against defendant would violate the constitutional safeguards provided to this defendant under, separately and severally, Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth

Amendments to the Constitution of the United States and Article I, Sections 6 and 22, and Article III, Sections 42 and 43 and other provisions of the Constitution of the State of Alabama on the following separate and several grounds:

    (a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by an award of punitive damages after the fact.

    (b)    That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    (c)    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

    (d)    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

    (e)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards or guidelines upon which to base the amount of the award of punitive damages.

    (f)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages, penal in nature, upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

    (g)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages, penal in nature, which exceed the maximum fines which could be imposed for criminal conviction of the same offense.

    (h)    That civil procedures pursuant to which punitive damages may be awarded allow the imposition of punitive damages, which are penal in nature, against this defendant without according this defendant the same procedural safeguards accorded to criminal defendants.

    (i)    That civil procedures pursuant to which punitive damages are awarded permit different juries to award differing amounts of punitive damages for the same or similar alleged acts by different defendants.

(j)     That civil procedures pursuant to which punitive damages are awarded fail to provide a clear, consistent appellate standard of review of an award of punitive damages and/or jury awards of punitive damages are cloaked with a presumption or correctness.

(k)     That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined thereby prejudicing the defendant and/or such evidence is not admissible in other proceedings.

(l)     That standards of conduct upon which punitive damages are awarded are impermissibly vague and imprecise and/or the determination of punitive damages is standard-less, is not based upon objective standards and is not related to any legitimate governmental interest.

(m)     That civil procedures pursuant to which punitive damages are awarded may permit the imposition of excessive fines and penalties and/or punitive damages which exceed the maximum criminal fines for the same or similar conduct.

(n)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages, which are penal in nature, upon satisfaction of a standard of proof which is no greater than the standard of proof for ordinary civil cases in which punitive damages are not awarded.

(o)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious, or oppressive penalties.

(p)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

(q)     That civil procedures pursuant to which punitive damages are awarded, which are penal in nature, compel this defendant to disclose potentially self-incriminating documents and evidence.

(r)     That civil procedures pursuant to which punitive damages may be awarded against this defendant would constitute an impermissible punishment of status.

(s)     That civil procedures pursuant to which punitive damages may be awarded against this defendant would punish this defendant on a

vicarious liability basis by allowing punitive damages to be awarded against it under the doctrine of respondeat superior.

(t)   That civil procedures pursuant to which punitive damages may be awarded against this defendant may impermissibly subject certain defendants to open-ended punitive damages while Alabama law limits the amount of such damages that may be awarded against other classes of defendants.

(u)   The civil procedures pursuant to which punitive damages may be awarded fail to provide any procedure for the apportionment of damages between a principal and its agent.

(v)   The manner in which punitive damages are assessed by separate juries in Alabama, violates the principal of separation of power and/or provides no consistent or meaningful guidelines and/or is arbitrary and capricious.

(w)   The civil procedures pursuant to which punitive damages may be awarded do not reasonably permit a defendant an opportunity to present evidence of the non-existence of aggravating circumstances and/or in mitigation of damages.

(x)   The civil procedures pursuant to which punitive damages assessed by juries are reviewed is insufficient, vague, without objective standards and arbitrary and offers no protection to defendants from irrationally disproportionate awards of punitive damages and affords no consistency between awards of punitive damages for the same or similar conduct in different cases.

(y)   The civil procedures pursuant to which punitive damages may be awarded to severely limit the ability of a defendant to present evidence concerning corrective action and/or actions taken to mitigate, reduce, or negate damages to a plaintiff.

(z)   Despite appellate decisions which purport to prohibit a jury from considering the financial position of a defendant and the assessment of punitive damages, the civil procedures pursuant to which punitive damages may be awarded fail to reasonably restrict the introduction of such evidence an/or comments by plaintiff's counsel which refer to and/or emphasize the wealth of a defendant.

(aa)   The civil procedures pursuant to which punitive damages may be awarded does not reasonably prohibit the award of punitive damages against a principal for the intentionally wrongful conduct of its agent without proof of any intentional wrongful conduct by the principal.

(ab)   The defendant was not provided with fair notice that its conduct would subject it to punitive damages or of the severity of the punitive damages that may be imposed.

(ac)   The civil procedures pursuant to which punitive damages may be awarded impermissibly allow the award of punitive damages for conduct occurring outside the State of Alabama.

### TWELFTH DEFENSE

Any award of punitive damages against defendant would violate the constitutional safeguards provided to this defendant under, separately and severally, Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, Sections 6 and 22, and Article III, Sections 42 and 43 and other provisions of the Constitution of the State of Alabama on the following separate and several grounds:

(a)   That Alabama state courts cannot impose punishment for acts allegedly committed outside of the State of Alabama.

(b)   That civil procedures pursuant to which punitive damages are awarded fail to provide for adequate, detailed, written instructions given to the jury.

(c)   That civil procedures pursuant to which punitive damages are awarded fail to provide for a bifurcated trial.

(d)   That civil procedures pursuant to which punitive damages are awarded fail to provide verdicts that delineate amounts of actual and punitive damages.

### THIRTEENTH DEFENSE

Imposing punitive damages against defendant would constitute grossly excessive punishment in violation of defendant's rights under the due process laws of the United

States Constitution based on the decision of the United States Supreme Court in <u>BMW of N. Am., Inc. v. Gore</u>, 116 S. Ct. 1589 (1996).

### FOURTEENTH DEFENSE

The imposition of punitive damages in this case would be in denial of defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution.

### FIFTEENTH DEFENSE

Defendant alleges and incorporates herein by reference all defenses alleged by other defendants in this case.

S/James N. Walter, Jr.
James N. Walter, Jr. (WAL021)
Chad W. Bryan (BRY032)

Attorneys for Defendant
Alabama Gravel, LLC

**Of Counsel:**

Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000
FAX: (334) 323-8888

### <u>Jury Demand</u>

Defendant Alabama Gravel, LLC demands a trial by struck jury on all issues so triable herein.

S/James N. Walter, Jr.
Of Counsel

**Certificate of Service**

   I hereby certify that on this the 17th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robin G. Laurie, Esq.
Balch & Bingham, LLP
105 Tallapoosa (36104)
P.O. Box 78
Montgomery, Alabama 36101

Dennis R. Bailey, Esq. (U.S. Mail)
Rushton, Stakely, Johnston & Garrett
Post Office Box 270
Montgomery, Alabama 36101-0270

                S/James N. Walter, Jr.
                Of Counsel