**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **THE CONCRETE COMPANY,** | |
| **PLAINTIFF** | |
| vs. | **CASE NO. 2:05-CV-1026-ID-CSC** |
| **HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC,** | |
| **DEFENDANTS** | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT
HARRY E. LAMBERT**

Comes now defendant identified as Harry E. Lambert and for answer to the Complaint states as follows:

**First Defense**

With regard to the numbered paragraphs of the complaint Defendant Harry E. Lambert states as follows:

1. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

2. Admitted.

3. Not applicable to this Defendant.

4. Not applicable to this defendant.

5. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

6. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

7. Admitted.

8. Admitted.

9. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied as phrased.

19. Because this paragraph contains multiple unnumbered allegations not all of which can be admitted, it is denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Denied.

25. Admitted.

26. This is a question of law not fact. No answer necessary.

27. This is a question of law not fact. No answer necessary.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

35. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

36. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

37. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

38. Admitted.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. See prior response.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. See prior response.

50. Admitted.

51. Denied.

52. See prior response.

53. This defendant is without sufficient information to either admit or deny the allegations of this paragraph.

54. Denied.

55. Denied.

56. Denied.

57. See responses to paragraphs 1-56 above.

58. Admitted.

59. Admitted.

60. Denied.

61. Denied.

62. See responses to paragraphs 1-61 above.

63. Denied.

64. Denied.

65. Denied.

66. See responses to paragraphs 1-65 above.

67. Denied.

68. Denied.

69. Denied.

## Second Defense

The non-competition agreement referenced in the complaint is overbroad in time and scope causing an undue hardship on Lambert and, at this time, is unenforceable as against public policy. ALA. CODE § 8-1-1.

# **COUNTERCLAIM**

Comes now Harry E. Lambert and states the following counterclaim against The Concrete Company ("TCC"):

1. Counterclaim Plaintiff Harry E. Lambert ("Lambert") is a resident of Elmore County, Alabama.

2. Counterclaim Defendant TCC is a Georgia corporation with its principal place of business in Georgia.

3. This Court has subject-matter jurisdiction over this counterclaim because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. On June 10, 1997, TCC and MMC Holdings, Inc. entered into a Buy-Sell Agreement containing Non-Competition Provisions.

5. The Non-Competition Provisions purport to apply to Lambert and bar him from certain activity for 5 years within a 60 mile radius of the Montgomery city limits as of June 10, 1997.

6. A legal dispute arose between TCC and MMC Holdings, Inc. concerning the Buy-Sell agreement.

7. During the pendency of said legal dispute, Lambert was under an employment agreement with MMC Holdings, Inc. to manage that company for a salary.

8. During the pendency of the appeal, TCC took the legal position that Lambert was not a competent manager of MMC Holdings, Inc.

9. While managed by Lambert during the pendency of the appeal, MMC Holdings, Inc. increased in value.

10. Lambert never received any credit for the increase in value of MMC Holdings, Inc. for the period of time he managed the company during the pendency of litigation over the buy-sell agreement.

11. On March 21, 2002, the 11th Circuit ruled on the appeal of that dispute ruling against Lambert on the basis that his acceptance of the buy-sell offer of TCC was defective thereby requiring him to sell his interest for the same price effective January 1, 2001.

12. Pursuant to the legal ruling, it was retroactively deemed that effective January 1, 2001, TCC purchased MMC Holdings, Inc. through a forced judicial sale at a price significantly below market value.

13. Shortly after the determination of an appeal of the decision in the prior legal dispute, Lambert ceased employment with MMC Holdings, Inc.

14. Since the conclusion of the appeal of the litigation regarding the forced judicial sale, Lambert has not engaged in the business of excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or retail which is defined by the

June 10, 1997 agreement as "prohibited activity" within the defined protected area of 60 miles of the City of Montgomery.

15. Lambert has no business or employment relationship with Alabama Gravel, LLC.

16. Although Carol's Contracting, Inc. is owned by Lambert's spouse, Lambert has received no compensation therefrom.

17. Lambert has—without compensation—driven a truck for his wife's company: Carol's Contracting, Inc. to help her in her business while waiting for the non-competition provisions to expire.

18. The non-competition provisions of the agreement expire by their own terms January 2, 2006.

19. Driving a truck is not prohibited by the non-competition provisions of the aforementioned agreement.

20. Carol's Contracting, Inc. does on occasion haul for Alabama Gravel, LLC, as well as other contractors.

21. Within the past year, a customer of TCC, Simcala, was unable to purchase requested quantities of material from TCC.

22. Alabama Gravel, LLC. was able to deliver material to Simcala when TCC was unable to do so.

Count One

23. The Non-Competition Provisions of the June 10, 1997, buy-sell agreement were overbroad and unconscionable.

24. The Non-Competition Provisions of the June 10, 1997, buy-sell agreement are unenforceable for a period of five years.

25. The Non-Competition Provisions of the June 10, 1997, buy-sell agreement violate public policy.

26. The Non-Competition Provisions of the June 10, 1997 buy-sell agreement, if interpreted as by TCC to prevent him from employment as a truck driver, create an undue hardship on Lambert.

27. A justiciable controversy exists between Lambert and TCC as to the current enforceability of the Non-Competition Provisions of the June 10, 1997, buy-sell agreement.

WHEREFORE, Lambert requests a declaration of rights under the Non-Competition Provisions of the June 10, 1997, buy-sell agreement specifically stating:

   A. The Non-Competition Provisions of the June 10, 1997, buy-sell agreement has expired.

    B.    The Non-Competition Provisions of the June 10, 1997, buy-sell agreement does not prevent Lambert from driving a truck for his wife's business.

    C.    That Lambert is entitled to attorneys fees and costs of suit.

Count Two

28.    In the alternative, if the Non-Competition Provisions of the June 10, 1997, buy-sell agreement are to be enforced from the date Lambert ceased employment at MCC Holdings and beyond January 2, 2006, Lambert is entitled to one-half of the increase in value and profits earned by MCC Holdings, Inc. during calendar year 2001 and through his last day of employment at the end of March 2002.

29.    TCC has received the profits and increase in value of MCC Holdings, Inc. generated through the efforts and management of Lambert in 2001 and part of 2002.

30.    TCC has been unjustly enriched by the efforts and management of Lambert if allowed simultaneous enforcement of the non-competition provisions of the buy-sell agreement.

WHEREFORE, in the event the non-competition provisions do not expire as of January 2, 2006, Lambert demands judgment against TCC for one-half of

the profits and the increase in value of MCC Holdings, Inc. generated during calendar year 2001 through March 2002.

DEFENDANT DEMANDS A TRIAL BY JURY.

                __s/DENNIS R. BAILEY_____
                Dennis R. Bailey (744845)
                Attorney for Defendant

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

### CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing Answer/Counter claim through the ECMF system on this the 23rd day of November, 2005, which will forward same to:

    Robin G. Laurie, Esq.
    Balch & Bingham, LLP
    105 Tallapoosa Street, Suite 200
    Montgomery, Alabama   36104-3515

    James N. Walter, Jr., Esq.
    Capell & Howard
    Post Office Box 2069
    Montgomery, Alabama   36102-2069

                ___S/DENNIS R. BAILEY___
                Of counsel