THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No.: 2:05-cv-01026-ID-CSC |
| | * |
| HARRY E. LAMBERT, CAROL'S | * |
| CONTRACTING, INC. and | * |
| ALABAMA GRAVEL, LLC, | * |
| | * |
| Defendants. | * |

**REPLY AND DEFENSES TO DEFENDANT
HARRY LAMBERT'S COUNTERCLAIM**

COMES NOW, The Concrete Company (hereinafter "Plaintiff") and files this Reply And Defenses to Defendant Harry Lambert's Counterclaim as follows:

**FIRST DEFENSE**

Defendant's Counterclaim fails in whole or part to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant is estopped from bringing this action.

**THIRD DEFENSE**

The claims asserted by Defendant are barred, in whole or in part, by the doctrine of accord and satisfaction.

**FOURTH DEFENSE**

Defendant has waived his claims against Plaintiff.

163390.1

**FIFTH DEFENSE**

Defendant is not entitled to recover because Plaintiff has caused him no injury.

**SIXTH DEFENSE**

Defendant's claims are barred by *res judicata* and collateral estoppel.

**SEVENTH DEFENSE**

Defendant's claims are barred by the doctrine of unclean hands.

**EIGTH DEFENSE**

Defendant's claims are barred by the doctrine of laches.

**NINTH DEFENSE**

Plaintiff raises each and every affirmative defense required to be pled by applicable rules of civil procedure and substantive law should said defenses become applicable as this action proceeds. Plaintiff specifically reserves the right to amend its Reply and Defenses with any and all defenses as discovery should dictate.

**TENTH DEFENSE**

Plaintiff further responds to the numbered paragraphs of Defendant's Counterclaim as follows:

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

With respect to the allegations contained in paragraph 5 of the Counterclaim, Plaintiff states that the June 10, 1997 Agreement's Non-Competition Provisions are valid and enforceable and speak for themselves. To the extent any further response to paragraph 5 of the Counterclaim may be required, Plaintiff states that it denies the allegations contained in paragraph 5 of the Counterclaim in the form alleged.

6.

Admitted.

7.

With respect to the allegations contained in paragraph 7 of the Counterclaim, Plaintiff states that during the pendency of the legal dispute, Lambert was under an employment agreement with Montgomery Materials Company, LLC, that was subject to and dependent on the outcome of the same dispute. Any remaining allegations set forth in paragraph 7 of the Counterclaim are denied in the form alleged.

8.

With respect to the allegations contained in paragraph 8 of the Counterclaim, Plaintiff states that Defendant was not a competent manager of Montgomery Materials Company, LLC, and that this level of management, among other things, led to the triggering of the Buy-Sell Agreement. Any remaining allegations set forth in paragraph 8 of the Counterclaim are denied in the form alleged.

9.

With respect to the allegations contained in paragraph 9 of the Counterclaim, Plaintiff states that any increase in the value of Montgomery Materials Company, LLC, during the pendency of the appeal was not due to Defendant. Any remaining allegations set forth in paragraph 9 of the Counterclaim are denied in the form alleged.

10.

Denied.

11.

With respect to the allegations contained in paragraph 11 of the Counterclaim, Plaintiff states that the ruling of the Eleventh Circuit Court of Appeals speaks for itself. To the extent any further response to paragraph 11 of the Counterclaim may be required, Plaintiff states that it denies the allegations contained in paragraph 11 of the Counterclaim in the form alleged.

12.

Denied.

13.

With respect to the allegations contained in paragraph 13 of the Counterclaim, Plaintiff states that shortly after the determination of an appeal of the decision in the prior legal dispute, Lambert ceased employment with Montgomery Materials Company, LLC. Any remaining allegations set forth in paragraph 9 of the Counterclaim are denied in the form alleged.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Admitted.

19.

Denied.

20.

With respect to the allegations and admissions contained in paragraph 20 of the Counterclaim, Plaintiff admits that Carol's Contracting, Inc., hauls for Alabama Gravel, LLC and other contractors. With further respect to the allegations and admissions contained in paragraph 20 of the Counterclaim, Plaintiff states that it is without knowledge or information sufficient to form a belief as to the exact frequency and extent of Carol's Contracting, Inc.'s hauling for Alabama Gravel, LLC and other contractors.

21.

Denied.

22.

Denied.

## REPLY TO COUNT ONE

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

## REPLY TO COUNT TWO

28.

Denied.

29.

Denied.

30.

Denied.

31.

The demands and prayers for relief of Defendant are expressly denied as is any averment not specifically responded to herein.

WHEREFORE, having fully answered the Counterclaim, Plaintiff prays that:

(a)   the Counterclaim be dismissed in its entirety;

(b)   judgment be entered in Plaintiff's favor and against Defendant on the Counterclaim; and

    (c)    Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted on this 8th day of December, 2005.

    /s/ Robin G. Laurie  
Robin G. Laurie (LAURR4217)  
Attorney for Plaintiff The Concrete Company  
BALCH & BINGHAM LLP  
P. O. Box 78  
Montgomery, Alabama 36101  
Telephone: (334) 834-6500  
Facsimile: (334) 269-3115  
rlaurie@balch.com

163390.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will sent notification of such filing to the following:

Dennis R. Bailey, Esquire
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, Alabama 36101-0270

James N. Walter, Jr., Esquire
Capell & Howard, P.C.
P. O. Box 2069
Montgomery, Alabama 36102-2069

Chad W. Bryan, Esquire
Capell & Howard, P.C.
P. O. Box 2069
Montgomery, Alabama 36102-2069

    /s/ Robin G. Laurie
Robin G. Laurie (LAURR4217)
Attorney for Plaintiff The Concrete Company
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com