IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | |
|    PLAINTIFF | |
| vs. | CASE NO. 2:05-CV-1026-ID-CSC |
| HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC, | |
|    DEFENDANTS | |

### MOTION TO AMEND COUNTERCLAIM OF DEFENDANT HARRY E. LAMBERT

Comes now defendant identified as Harry E. Lambert and moves this Honorable Court for leave to amend and restate his counterclaim per the attached Exhibit A on the following grounds:

1. This action was initiated by Plaintiff TCC on October 23, 2005.

2. Defendant Harry Lambert filed an answer and counterclaim on November 23, 2005. [Doc. 12]

3. Count Two of the counterclaim sought a damages in the event the non-compete agreement was contended by TCC not to expire January 2, 2006.

4. On December 8, 2005, TCC filed an answer to the counterclaim [Doc 13] in which it admitted that the non-compete agreement expires of its own terms January 2, 2006. *See* ¶ 18.

5. Said response rendered the claims in Count Two of the counterclaim moot.

6. On December 13, 2005, this Court established the April 1, 2006 as the deadline for amending pleadings. [Doc. 15] This motion is timely filed.

7. Federal Rule of Civil Procedure 15(a) requires leave of court to amend the pleadings at this stage. Leave of court shall be freely given.

8. The Amended Counterclaim eliminates the original Count Two due to the litigation position of TCC as reflected in its answer thereto.

9. The Amended Counterclaim, as shown in Exhibit A, also adds a counterclaim maturing or acquired after the original pleading and with the permission of this Court may be presented by supplemental pleading pursuant to Federal Rule of Civil Procedure 13(c).

WHEREFORE, Defendant and Counterclaim Plaintiff Lambert requests leave of court to file the Amended Counterclaim reflected in the attached Exhibit A.

                    __s/DENNIS R. BAILEY_____
                    Dennis R. Bailey (744845)
                    Attorney for Defendant

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

### **CERTIFICATE OF SERVICE**

    I hereby certify that I have filed the foregoing Motion to Amend Counterclaim through the ECMF system on this the 27th day of December, 2005, which will forward same to: Chad W. Bryan, cwb@chlaw.com; melissa@chlaw.com; roxie@chlaw.com; Thomas Frederick Gristina; tfg@psstf.com, Robin Garrett Laurie rlaurie@balch.com, dearly@balch.com; William Leonard Tucker wlt@psstf.com; James N. Walter , Jr.; jnw@chlaw.com; anne@chlaw.com; roxie@chlaw.com; and donna@chlaw.com.

                    ___S/DENNIS R. BAILEY___
                    Of counsel

EXHIBIT A
Motion to Amend Counterclaim

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **THE CONCRETE COMPANY,** | |
| **PLAINTIFF** | |
| vs. | CASE NO. 2:05-CV-1026-ID-CSC |
| **HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC,** | |
| **DEFENDANTS** | |

## AMENDED COUNTERCLAIM

Comes now Harry E. Lambert and states the following amended counterclaim against The Concrete Company ("TCC"):

10. Counterclaim Plaintiff Harry E. Lambert ("Lambert") is a resident of Elmore County, Alabama.

11. Counterclaim Defendant TCC is a Georgia corporation with its principal place of business in Georgia.

12. This Court has subject-matter jurisdiction over this counterclaim because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

EXHIBIT A
Motion to Amend Counterclaim

13. On June 10, 1997, TCC and MMC Holdings, Inc. entered into a Buy-Sell Agreement concerning Montgomery Materials LLC containing Non-Competition Provisions.

14. The Non-Competition Provisions purport to apply to Lambert and bar him from certain activity for 5 years within a 60 mile radius of the Montgomery city limits as of June 10, 1997.

15. A legal dispute arose between TCC and MMC Holdings, Inc. concerning the Buy-Sell agreement.

16. During the pendency of said legal dispute, Lambert was under an employment agreement with Montgomery Materials, LLC. to manage that company for a salary.

17. During the pendency of the appeal, TCC took the legal position that Lambert was not a competent manager of Montgomery Materials, LLC.

18. While managed by Lambert during the pendency of the appeal, Montgomery Materials, LLC increased in value.

19. Lambert never received any credit for the increase in value of Montgomery Materials, LLC for the period of time he managed the company during the pendency of litigation over the buy-sell agreement.

EXHIBIT A
Motion to Amend Counterclaim

20. On March 21, 2002, the 11th Circuit Court of Appeals ruled on the appeal of that dispute ruling against Lambert on the basis that his acceptance of the buy-sell offer of TCC was defective thereby requiring him to sell his interest for the same price effective January 1, 2001.

21. Pursuant to the legal ruling, it was retroactively deemed that effective January 1, 2001, TCC purchased Montgomery Materials, LLC through a forced judicial sale at a price significantly below market value.

22. Shortly after the determination of an appeal of the decision in the prior legal dispute, Lambert ceased employment with Montgomery Materials, LLC.

23. Since the conclusion of the appeal of the litigation regarding the forced judicial sale, Lambert has not engaged in the business of excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or retail which is defined by the June 10, 1997 agreement as "prohibited activity" within the defined protected area of 60 miles of the City of Montgomery.

24. Lambert has no business or employment relationship with Alabama Gravel, LLC.

EXHIBIT A
Motion to Amend Counterclaim

25. Although Carol's Contracting, Inc. is owned by Lambert's spouse, Lambert has received no compensation therefrom.

26. Lambert has—without compensation—driven a truck for his wife's company: Carol's Contracting, Inc. to help her in her business while waiting for the non-competition provisions to expire.

27. The non-competition provisions of the agreement expire by their own terms January 2, 2006.

28. Driving a truck is not prohibited by the non-competition provisions of the aforementioned agreement.

29. Carol's Contracting, Inc. hauls for Alabama Gravel, LLC. and other customers.

30. Within the past year, customers of TCC—such as Simcala, Globe Metallurgical and Maddox Stone—were unable to purchase requested quantities of white oversize gravel suitable for metallurgical purposes from TCC.

31. Since its inception in 2005, Alabama Gravel LLC has only sold white oversize gravel suitable for metallurgical and/or decorative purposes.

32. Over the past nine months TCC has not been able to supply the demands of customers seeking white metallurgical quality gravel.

EXHIBIT A
Motion to Amend Counterclaim

## Count One

33. The Non-Competition Provisions of the June 10, 1997, buy-sell agreement were overbroad and unconscionable.

34. The Non-Competition Provisions of the June 10, 1997, buy-sell agreement are unenforceable for a period of five years.

35. The Non-Competition Provisions of the June 10, 1997, buy-sell agreement violate public policy.

36. The Non-Competition Provisions of the June 10, 1997 buy-sell agreement, if interpreted as by TCC to prevent him from employment as a truck driver, create an undue hardship on Lambert.

37. A justiciable controversy exists between Lambert and TCC as to the current enforceability of the Non-Competition Provisions of the June 10, 1997, buy-sell agreement.

WHEREFORE, Lambert requests a declaration of rights under the Non-Competition Provisions of the June 10, 1997, buy-sell agreement specifically stating:

    A.    The Non-Competition Provisions of the June 10, 1997, buy-sell agreement has expired.

EXHIBIT A
Motion to Amend Counterclaim

    B.    The Non-Competition Provisions of the June 10, 1997, buy-sell agreement does not prevent Lambert from driving a truck for his wife's business.

    C.    That Lambert is entitled to attorney's fees and costs of suit.

## Count Two

38. TCC has admitted that the non-compete agreement in question will expire of its own terms January 2, 2006.

39. Lambert has had no significant source of income since he left the employment of Montgomery Materials LLC.

40. TCC has stated that Lambert is not competent to manage a sand and gravel operation.

41. TCC asked a Court to remove Lambert as the manager of Montgomery Materials, LLC. on the stated grounds that Lambert was not competent to manage such an operation.

42. The sand and gravel business is the only business that Harry Lambert has sufficient expertise in to earn a good income in the Montgomery area.

43. TCC has concerns that after the expiration of the non-compete agreement, Lambert will go into the gravel business in competition with TCC.

EXHIBIT A
Motion to Amend Counterclaim

44. To generate income Lambert must go into the sand and gravel business as soon as possible upon the contractual expiration of the non-compete provisions in January 2006.

45. Alabama Gravel LLC was formed in 2005 less than nine months before this action was filed by TCC.

46. TCC was aware of the formation of Alabama Gravel, LLC and it existence as a gravel business in the Montgomery area by May 1, 2005.

47. Upon information and belief, Alabama Gravel LLC has solely been in the white oversize gravel market since its formation.

48. TCC is aware of no sales by Alabama Gravel LLC of other than white oversize gravel.

49. To date, TCC has suffered no actual damages relating to the operations of Alabama Gravel LLC because TCC has sold its full capacity of white oversize gravel to existing customers.

50. TCC initiated this litigation less than 60 days prior to the expiration of the non-compete agreement with Lambert.

51. Even though TCC has previously stated that Lambert is an incompetent sand and gravel operation manager, TCC is concerned

that after the expiration of the non-compete agreement Lambert will be hired by an existing firm in the gravel business.

52. TCC would prefer that Lambert not go into the sand and gravel business in the Montgomery area after the expiration of the non-compete agreement.

53. Specifically, TCC wishes to prevent Lambert from being hired by Alabama Gravel, LLC. after the expiration of the non-compete agreement.

54. TCC wishes to prevent Lambert from being hired by any company in the sand and gravel business in the Montgomery area after the expiration of the non-compete agreement.

55. Upon information and belief, TCC initiated this litigation for the purpose of preventing Lambert from forming any business relationship with Alabama Gravel, LLC upon the expiration of the non-compete agreement.

56. Upon information and belief, TCC initiated this litigation for the purpose of interfering with, delaying or preventing prospective business relations between Lambert and Alabama Gravel, LLC after the expiration of the non-compete agreement.

EXHIBIT A
Motion to Amend Counterclaim

57. Upon information and belief, TCC initiated this litigation to extend the practical effect of the non-compete agreement beyond its expiration date.

58. Upon information and belief, TCC intended for this litigation to prevent Lambert from going into business with Alabama Gravel LLC during the pendency of this case thereby extending the practical effect of the agreement for months after the non-compete agreements expiration date in early January 2006.

59. Upon information and belief, TCC intends to take a position that any formation of business relations between Lambert and Alabama Gravel LLC after the expiration of the non-compete agreement would be evidence that a conspiracy existed to violate the non-compete agreement before the non-compete agreement expired.

60. A justiciable controversy exists as to whether Lambert may enter into business with Alabama Gravel LLC after the expiration of the non-compete agreement without prejudice to his ability to defend the allegations of TCC in this matter.

61. Expedited resolution of the issues raised in this Count is requested in order to avoid incurring damages due to the delay in receiving a ruling on the issues raised in this Count.

EXHIBIT A
Motion to Amend Counterclaim

WHEREFORE, Lambert requests an expedited declaration of rights under the Non-Competition Provisions of the June 10, 1997, buy-sell agreement specifically stating:

A. The non-compete provisions of the agreement will expire January 2, 2006.

B. After January 2, 2006, Lambert may engage in the gravel business in competition with TCC.

C. After January 2, 2006, Lambert may enter into a business relationship with any competitor of TCC, including but not limited to, Alabama Gravel LLC.

D. That TCC may not utilize this litigation to interfere with competitive activities of Lambert after January 2, 2006.

E. That TCC may not utilize activities of Lambert after January 2, 2006, to attempt to prove liability or damages relating to conduct prior to January 2, 2006.

F. That Lambert is entitled to attorneys fees and costs of suit per the terms of the non-compete agreement.

DEFENDANT DEMANDS A TRIAL BY JURY.

_____
Dennis R. Bailey (744845)
Attorney for Defendant