THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No.: 2:05-cv-1026-CSC |
| | * |
| HARRY E. LAMBERT, CAROL'S | * |
| CONTRACTING, INC. and | * |
| ALABAMA GRAVEL, LLC, | * |
| | * |
| Defendants. | * |

**REPLY AND DEFENSES TO DEFENDANT
HARRY LAMBERT'S AMENDED COUNTERCLAIM**

COMES NOW, The Concrete Company (hereinafter "Plaintiff") and files this Reply And Defenses to Defendant Harry Lambert's Amended Counterclaim as follows:

**FIRST DEFENSE**

Defendant's Amended Counterclaim fails in whole or in part to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant is estopped from bringing this action.

**THIRD DEFENSE**

The claims asserted by Defendant are barred, in whole or in part, by the doctrine of accord and satisfaction.

**FOURTH DEFENSE**

Defendant has waived his claims against Plaintiff.

164894.1

## FIFTH DEFENSE

Defendant is not entitled to recover because Plaintiff has caused him no injury.

## SIXTH DEFENSE

Defendant's claims are barred by *res judicata* and collateral estoppel.

## SEVENTH DEFENSE

Defendant's claims are barred by the doctrine of unclean hands.

## EIGTH DEFENSE

Defendant's claims are barred by the doctrine of laches.

## NINTH DEFENSE

Plaintiff raises each and every affirmative defense required to be pled by applicable rules of civil procedure and substantive law should said defenses become applicable as this action proceeds. Plaintiff specifically reserves the right to amend its Reply and Defenses with any and all defenses as discovery should dictate.

## TENTH DEFENSE

Plaintiff further responds to the numbered paragraphs of Defendant's Amended Counterclaim as follows:

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

With respect to the allegations contained in paragraph 5 of the Amended Counterclaim, Plaintiff states that the June 10, 1997 Agreement's Non-Competition Provisions are valid and enforceable and speak for themselves. To the extent any further response to paragraph 5 of the Amended Counterclaim may be required, Plaintiff states that it denies the allegations contained in paragraph 5 of the Counterclaim in the form alleged.

6.

Admitted.

7.

With respect to the allegations contained in paragraph 7 of the Amended Counterclaim, Plaintiff states that during the pendency of the legal dispute, Lambert was under an employment agreement with Montgomery Materials Company, LLC, that was subject to and dependent on the outcome of the same dispute. Any remaining allegations set forth in paragraph 7 of the Amended Counterclaim are denied in the form alleged.

8.

With respect to the allegations contained in paragraph 8 of the Amended Counterclaim, Plaintiff states that Defendant was not a competent manager of Montgomery Materials Company, LLC, and that this level of management, among other things, led to the triggering of the Buy-Sell Agreement. Any remaining allegations set forth in paragraph 8 of the Amended Counterclaim are denied in the form alleged.

9.

With respect to the allegations contained in paragraph 9 of the Amended Counterclaim, Plaintiff states that any increase in the value of Montgomery Materials Company, LLC, during the pendency of the appeal was not due to Defendant. Any remaining allegations set forth in paragraph 9 of the Amended Counterclaim are denied in the form alleged.

10.

Denied.

11.

With respect to the allegations contained in paragraph 11 of the Amended Counterclaim, Plaintiff states that the ruling of the Eleventh Circuit Court of Appeals speaks for itself. To the extent any further response to paragraph 11 of the Amended Counterclaim may be required, Plaintiff states that it denies the allegations contained in paragraph 11 of the Amended Counterclaim in the form alleged.

12.

Denied.

13.

Admitted.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Admitted except to the extent that Defendant's violation of the non-competition provisions may be deemed to have tolled the duration of the provisions.

19.

Denied.

20.

With respect to the allegations and admissions contained in paragraph 20 of the Amended Counterclaim, Plaintiff admits that Carol's Contracting, Inc. hauls for Alabama Gravel, LLC and other contractors. With further respect to the allegations and admissions contained in paragraph 20 of the Amended Counterclaim, Plaintiff states that it is without knowledge or information sufficient to form a belief as to the exact frequency and extent of Carol's Contracting, Inc.'s hauling for Alabama Gravel, LLC and other contractors.

21.

With respect to the allegations contained in paragraph 21 of the Amended Counterclaim, Plaintiff states that aggregate, including, but not limited to, white oversize gravel, is provided to customers based on supply and demand. Plaintiff's customers contact Plaintiff to inquire about available quantities and prices of aggregate. Based on the information received, customers may then elect to place an order. These orders are then filled. Plaintiff, therefore, has been able to fill all orders placed. To the extent any further response to paragraph 21 of the Amended Counterclaim may be required, Plaintiff states that it denies the allegations contained in paragraph 21 of the Amended Counterclaim in the form alleged.

22.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the Amended Counterclaim. Except as expressly admitted or qualified herein, the averments contained in paragraph 22 of the Amended Counterclaim are denied.

23.

With respect to the allegations contained in paragraph 23 of the Amended Counterclaim, Plaintiff states that aggregate, including, but not limited to, white oversize gravel, is provided to customers based on supply and demand. Plaintiff's customers contact Plaintiff to inquire about available quantities and prices of aggregate. Based on the information received, customers may then elect to place an order. These orders are then filled. Plaintiff, therefore, has been able to fill all orders placed. To the extent any further response to paragraph 23 of the Amended Counterclaim may be required, Plaintiff states that it denies the allegations contained in paragraph 23 of the Amended Counterclaim in the form alleged.

<u>Count One</u>

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

Count Two

29.

Denied.

30.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the Amended Counterclaim.  Except as expressly admitted or qualified herein, the averments contained in paragraph 30 of the Amended Counterclaim are denied.

31.

With respect to the allegations contained in paragraph 31 of the Amended Counterclaim, Plaintiff states that Defendant was not a competent manager of Montgomery Materials Company, LLC, and that this level of management, among other things, led to the triggering of the Buy-Sell Agreement.  Any remaining allegations set forth in paragraph 31 of the Amended Counterclaim are denied in the form alleged.

32.

With respect to the allegations contained in paragraph 31 of the Amended Counterclaim, Plaintiff states that its prayers for relief in the litigation related to Montgomery Materials Company, LLC speak for themselves.  Any remaining allegations set forth in paragraph 32 of the Amended Counterclaim are denied in the form alleged.

33.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the Amended Counterclaim. Except as expressly admitted or qualified herein, the averments contained in paragraph 33 of the Amended Counterclaim are denied.

34.

Denied in the form alleged.

35.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35 of the Amended Counterclaim. Except as expressly admitted or qualified herein, the averments contained in paragraph 35 of the Amended Counterclaim are denied.

36.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36 of the Amended Counterclaim. Except as expressly admitted or qualified herein, the averments contained in paragraph 36 of the Amended Counterclaim are denied.

37.

Denied in the form alleged.

38.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38 of the Amended Counterclaim. Except as expressly

admitted or qualified herein, the averments contained in paragraph 38 of the Amended Counterclaim are denied.

39.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39 of the Amended Counterclaim. Except as expressly admitted or qualified herein, the averments contained in paragraph 39 of the Amended Counterclaim are denied.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied in the form alleged.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

With respect to the allegations contained in paragraph 50 of the Amended Counterclaim, Plaintiff states that Lambert and Alabama Gravel formed business relations before any expiration of the non-compete agreement. These business relations continue and are evidence of conspiracy to violate the non-competition provisions. Any remaining allegations set forth in paragraph 50 of the Amended Counterclaim are denied in the form alleged.

51.

Denied.

52.

Denied.

53.

The demands and prayers for relief of Defendant are expressly denied as is any averment not specifically responded to herein.

WHEREFORE, having fully answered the Amended Counterclaim, Plaintiff prays that:

(a)   the Amended Counterclaim be dismissed in its entirety;

(b)   judgment be entered in Plaintiff's favor and against Defendant on the Amended Counterclaim; and

(c)   Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted on this 30th day of January, 2006.

    /s/ G. Lane Knight
G. Lane Knight (ASB-6748-172K)
Attorney for Plaintiff The Concrete Company
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
lknight@balch.com

OF COUNSEL:
Robin G. Laurie
G. Lane Knight
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com

Thomas F. Gristina, Esquire
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1043 Third Avenue
P.O. Box 1199
Columbus, GA 31902-1199

William L. Tucker, Esquire
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, Third Floor, Synovus Centre
Columbus, Georgia  31901

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Dennis R. Bailey, Esquire
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, Alabama 36101-0270

James N. Walter, Jr., Esquire
Capell & Howard, P.C.
P. O. Box 2069
Montgomery, Alabama 36102-2069

Chad W. Bryan, Esquire
Capell & Howard, P.C.
P. O. Box 2069
Montgomery, Alabama 36102-2069

      /s/ G. Lane Knight
G. Lane Knight (ASB-6748-172K)
Attorney for Plaintiff The Concrete Company
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
lknight@balch.com