IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | |
| **PLAINTIFF,** | |
| vs. | CASE NO. 2:05-CV-1026-D |
| HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC, | *ORAL ARGUMENT REQUESTED* |
| **DEFENDANTS.** | |

### COUNTERCLAIM PLAINTIFF HARRY E. LAMBERT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Comes now defendant/counterclaim plaintiff identified as Harry E. Lambert ("Lambert") and moves this Honorable Court, pursuant to Fed. R. Civ. Pro. 12(c), for judgment on the pleadings as to his counterclaim seeking a declaration that the agreement expired Jan. 2, 2006. As grounds for said motion, Defendant Lambert would state as follows:

1. Plaintiff, The Concrete Company ("TCC"), filed its Complaint on Oct. 25, 2005, against Defendant Lambert and others based on the non-competition provisions of a June 10, 1997, buy-sell agreement ("Agreement"). [Doc. 1-1]

2. The Agreement was attached to the complaint as Exhibit A and is part of the pleadings. [Doc. 1-2, ¶ 20]

3. The non-competition provision of the Agreement clearly states it is to be in effect for five years. Section 8.3 defines the "period" of the noncompetition provisions to be "the five year period beginning with the transfer." *See* Buy-sell Agreement [Doc. 1-2].

4. The complaint specifically alleges that the transfer was "deemed" to have occurred on January 2, 2001. [Doc. 1-1, ¶ 31]

5. The complaint specifically alleges that although the closing transaction occurred April 9, 2002, the sale or transfer was "effective January 2, 2001". [Doc. 1-2, ¶ 32]

6. At the conclusion of litigation over the enforcement of the buy-sell provisions of the Agreement, the 11th Circuit took judicial notice of the start date of the five-year term, i.e., January 2, 2001. *See* Memorandum Opinion and Order, *The Concrete Company, Inc., v. MMC Holdings, Inc.*, No. 01-D-54-N (M.D. Ala. Sept. 7, 2001), *aff'd*, 34 Fed. Appx. 390 (11th Cir. 2002), Exhibit "A" hereto.

7. The complaint alleges that after the issuance of that opinion a letter dated March 26, 2002 was sent to Lambert (by TCC's current counsel) stating that the non-competition provisions would be

enforced "during the five-year period beginning with the transfer" of interests per the buy-sell provisions of the Agreement. [Doc. 1-2, ¶ 33].

8. In his Answer and Counterclaim, filed Nov. 23, 2005, Defendant Lambert sought a declaration that the non-competition provisions of the Agreement expired on January 2, 2006. [Doc. 12, "Counterclaim: Count One."]

9. In its Answer to Defendant Lambert's Counterclaim, filed Dec. 8, 2005, TCC admitted that the non-competition provisions of the agreement expired by their own terms on Jan. 2, 2006. [Doc. 13, ¶ 18.]

10. On Jan. 20, 2006, Defendant Lambert filed an Amended Counterclaim based on TCC's admission as to the expiration of the non-competition provisions of the agreement. [Doc. 25; *see also* "Motion to Amend Counterclaim," Doc. 18; "Order Allowing Amended Counterclaim," Doc. 24.]

11. Defendant Lambert's Amended Counterclaim contained two Counts against TCC, both seeking a declaration that the non-competition provisions expired Jan. 2, 2006. [Doc. 25.]

12. In its Answer to Defendant Lambert's Amended Counterclaim, filed Jan. 30, 2006, TCC denied that it had previously admitted that the non-competition provisions of the agreement expired by their own terms on Jan. 2, 2006. [Doc. 27, ¶ 29.] However, in that same document (i.e., TCC's Answer to Defendant Lambert's Amended Counterclaim), TCC again admits that the non-competition provisions of the agreement expired by their own terms on Jan. 2, 2006. This time, TCC admits the expiration date "except to the extent that Defendant's violation of the non-competition provisions may be deemed to have tolled the duration of the provisions." [Doc. 27, ¶ 18.]

13. In another paragraph of the amended answer to the counterclaim [Doc. 27] TCC alleges that Lambert and Alabama Gravel "formed business relations before any expiration of the non-compete agreement." [Doc. 27, ¶ 50.] This allegation again acknowledges that the Agreement has expired.

14. Companies or individuals who wish to conduct business with Lambert after the expiration of the non-compete agreement should be free to do so without fear that some day in the future it may be determined that Lambert was still subject to them.

15. Lambert should be free to conduct sand and gravel business after January 2, 2006, without a cloud over his ability to do so.

16. "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1370 (11th Cir. 1998).

17. Based on the judicially noticed start date and five-year term, Defendant Lambert was released from the agreement as of midnight January 2, 2006.

18. This expiration has also been admitted by Plaintiff TCC in the pleadings of this case.

19. Alabama law has never recognized the tolling of a non-compete agreement.

20. Under Alabama law, non-compete agreements are generally disfavored as against public policy.

21. Lambert is being hindered in his efforts to re-enter the sand and gravel business by the baseless contentions of Plaintiff that the non-compete provisions may still be in force based upon a "tolling" theory heretofore never recognized under Alabama law.

22. Lambert is suffering damage by Plaintiff's waffling positions on the simple question of whether the non-compete agreement expired per its own express terms on January 2, 2006.

23. Lambert, through counsel, has requested of counsel for TCC that TCC issue a statement that the Agreement expired January 2, 2006, and noted that continued uncertainty concerning that issue will cause damage to Lambert.

24. Lambert, through counsel, has advised counsel for TCC in advance that this motion would be filed this date.

25. Expedited handling of this motion is requested by Defendant Lambert because of the chilling effect the position of TCC is having upon his ability to earn a living in the sand and gravel business.

26. In further support of this motion, Defendant Lambert would rely upon:

   a. Complaint [Doc. 1-1]

   b. Answer and Counterclaim of Defendant Harry E. Lambert [Doc. 12]

   c. Reply and Defenses to Defendant Harry Lambert's Counterclaim [Doc. 13]

   d. Motion to Amend Counterclaim [Doc. 18]

e. Order Allowing Amended Counterclaim [Doc. 24]

f. Amended Counterclaim of Harry E. Lambert [Doc 25]

g. Reply and Defenses to Defendant Harry Lambert's Amended Counterclaim [Doc. 27]

h. Buy-sell Agreement, Exhibit "A" to Complaint. [Doc. 1-2]

i. Memorandum Opinion and Order, *The Concrete Company, Inc., v. MMC Holdings, Inc.*, No. 01-D-54-N (M.D. Ala. Sept. 7, 2001), *aff'd*, 34 Fed. Appx. 390 (11th Cir. 2002), Exhibit "A" hereto.

WHEREFORE, Defendant Harry E. Lambert is entitled to judgment on the pleadings as to his counterclaim seeking a declaration that the Agreement expired Jan. 2, 2006, plus costs and a reasonable attorney's fee relating to the filing of this motion.

**Defendant requests oral argument and expedited treatment of this motion.**

Respectfully submitted this 3rd day of February 2006.

    _s/Dennis R. Bailey_____
    Dennis R. Bailey
    Bethany L. Bolger
    Attorneys for Defendant Harry E. Lambert

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

### **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 3rd. day of February 2006, which will forward same to:

>Robin G. Laurie, Esq.
>Griffin Lane Knight, Esq.
>Balch & Bingham, LLP
>105 Tallapoosa Street, Suite 200
>Montgomery, Alabama   36104-3515
>
>James N. Walter, Jr., Esq.
>Chad W. Bryan, Esq.
>Capell & Howard
>Post Office Box 2069
>Montgomery, Alabama   36102-2069
>
>Thomas Gristina, Esq.
>William Leonard Tucker, Esq.
>Page, Scrantom, Sprouse, Tucker & Ford
>Synovus Center, Third
>1111 Bay Avenue
>Columbus, Georgia   31901

__s/Dennis R. Bailey_____<br>Of counsel