[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                                    FILED
                              U.S. COURT OF APPEALS
                               ELEVENTH CIRCUIT

                                  MAR 21 2002

                                THOMAS K. KAHN
                                    CLERK
```

No. 01-15247
Non-Argument Calendar

D.C. Docket No. 01-00054-CV-D-N

THE CONCRETE COMPANY, INC.,

                                      Plaintiff-Counter-
                                      Defendant-Appellee,

versus

MMC HOLDINGS, INC.,

                                      Defendant-Counter-
                                      Claimant-Appellant.

Appeal from the United States District Court for the
Middle District of Alabama

(March 21, 2002)

Before EDMONDSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant MMC Holdings, Inc. ("MMC") appeals the district court's order granting summary judgment in favor of The Concrete Company, Inc. ("TCC") on TCC's declaratory judgment action. TCC and MMC formed an Alabama limited liability company ("Montgomery Materials") for the purpose of mining sand and gravel. The agreement forming Montgomery Materials contained a buy-sell provision under which either party could name a price and require the other party to either sell its share in Montgomery Materials at that price or buy the other party's share of Montgomery Materials at that price. The district court found that TCC properly activated the buy-sell provision and that MMC failed to properly elect to either buy or sell within the time period contemplated by the buy-sell provision. As a result, the district court found that TCC purchased Montgomery Materials for the $1,000,000 purchase price set forth in its notice activating the buy-sell provision.

We review *de novo* the district court's order granting summary judgment, viewing the evidence in the light most favorable to the party opposing the motion. *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 267 F.3d 1303, 1307 (11th Cir. 2001).

TCC properly activated the buy-sell provision of the limited liability company agreement and established a cash price at which it would either sell its share or purchase MMC's share in Montgomery Materials. Pursuant to the agreement, the cash price set forth by TCC included an adjustment price that was a formula "established with reference to items which cannot be definitely determined until or after closing." [R. Vol. 1, Tab B.] Because MMC's response to TCC's buy-sell notice attempted to elect to purchase TCC's share at a price not contemplated by the activating notice, it was not a proper election under the express terms of the agreement. *See Ex parte Wright*, 443 So. 2d 40, 42 (Ala. 1983) (explaining that an acceptance must be identical to the offer). MMC failed to elect to either purchase or sell within the time period contained in the limited liability company agreement. Therefore, under the express terms of the agreement, Montgomery Materials is deemed sold to TCC.

Accordingly, we affirm the district court's order granting summary judgment in favor of TCC and denying MMC's summary judgment motion.

**AFFIRMED.**