IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE CONCRETE COMPANY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05cv1026-CSC |
| | ) | |
| HARRY E. LAMBERT, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

STIPULATED PROTECTIVE ORDER

This cause comes before the Court pursuant to the agreement of Plaintiff, The

Concrete Company, and Defendants, Harry E. Lambert, Carol's Contracting, Inc. and

Alabama Gravel, LLC and the Court being advised:

IT IS THEREFORE ORDERED:

1.      The parties have agreed that certain categories of documents and information

which may be produced or disclosed during this litigation shall be used only for purposes of

this lawsuit and will be treated at all times as confidential.  The parties have further agreed

that this includes, but is not limited to, information relating to the confidential, commercial

and proprietary information of the Plaintiff and Defendants including financial information,

business plans, and personnel and/or human resource information or files concerning

current or former employees.  Such documents produced pursuant to requests for

production and interrogatories and bearing the stamped designation "Confidential" shall be

treated as confidential unless the Court shall, on motion and for good cause shown, decide

otherwise or except as otherwise provided herein. Said designation shall be made in good faith and related solely to the subjects mentioned above. It is agreed that at the trial of this cause only documents so designated and submitted to the trier of fact shall bear the stamped designation "Confidential."

2.      Access to documents designated confidential and copies thereof or the information contained therein shall be limited to counsel of record and their secretarial and paralegal assistants actively engaged in this proceeding or the parties hereto. The documents and copies or the information contained therein shall be used solely in connection with this proceeding and for no other purpose. In addition, the documents designated "Confidential" shall be subject to the provisions of paragraph 3 hereof.

3.      Solely for the purpose of this action, counsel may disclose said confidential documents and copies or the information contained therein to persons who are independent expert witnesses or prospective independent expert witnesses in this action, and to independently retained persons required by counsel to furnish technical or expert services or to give expert opinion testimony with respect to the subject matter thereof for the trial of this action. Counsel shall provide to each independently retained expert to whom disclosure is being made a copy of this Protective Order and each such person agrees to comply with and be bound by its terms unless and until modified by further order of the Court.

4.      Nothing contained herein shall prevent counsel from presenting to the Court in written briefs or oral testimony any of the documents covered by this Order or excerpts

thereof or information contained therein to the extent used in this matter is necessary;

provided, however, that, unless or until counsel agrees otherwise or until an Order from the

Court directs otherwise, all confidential documents and all portions of pleadings, motions,

papers, memoranda, briefs, affidavits, transcripts, exhibits or other papers that summarize

or otherwise disclose the confidential information contained therein, which are presented to

the Court or filed with the clerk of Court, shall be enclosed in sealed envelopes or other

appropriate sealed containers on which shall be endorsed the title of this action and a

statement substantially in the following form:

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
This envelope [or other container] contains information that has been designated as
confidential is not to be opened or its contents disclosed to any person other than the Court
or its clerks under any circumstances except by order of the court or upon written
stipulation by all parties.
To the extent feasible, papers shall be prepared in such a manner that confidential

information is bound separately from documents or information not subject to this agreed

Protective Order.

5.      No person, witness or counsel shall make any permanent copies of

confidential documents or information contained therein, for any use in their business or

personal affairs or any other litigation or case. No confidential documents, copies thereof or

any information contained therein shall be used for any purpose, other than the preparation

and conduct of the trial in the above-captioned lawsuit.

6.      After the termination of this action, counsel shall collect all copies of all

confidential documents covered by this Order, including copies entrusted to any associates,

assistants or employees of counsel, expert witnesses, prospective expert witnesses,

designated person or to any other person to whom disclosure has been made pursuant to this

Order, and shall forthwith return the same to opposing counsel.

7.      Nothing herein shall proscribe counsel upon due notice and motion to the

Court from seeking to challenge the designation of a document or information as

confidential.

8.      Nothing herein shall be construed as a waiver of any attorney-client privilege

claimed or asserted by either party with respect to any document covered by this Order.

9.      Notwithstanding the provisions hereof, each party and each of their officers,

members and employee-witnesses shall be permitted to use any knowledge or information

disclosed in this litigation, including confidential information, in managing or operating the

party's business or any business in which the party, officer, member or employee-witness

has an interest.  But, in no event would these persons be authorized to provide or disclose

this information to third parties.

10.     This agreement shall expire upon dismissal of this matter and return of the

documents as described in paragraph 6 above.

Done this 5th day of April, 2006.


                        /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE