IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE CONCRETE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2:05-cv-01026-ID-CSC |
| | * | |
| HARRY E. LAMBERT, CAROL'S | * | |
| CONTRACTING, INC. and | * | |
| ALABAMA GRAVEL, LLC, | * | |
| | * | |
| Defendants. | * | |

## MOTION TO COMPEL

Plaintiff The Concrete Company ("TCC") moves this Honorable Court to compel the

defendants, Harry E. Lambert ("Lambert") and Carol's Contracting, Inc. ("Carol's Contracting")

(collectively, "Defendants"), to respond in full to its discovery requests. TCC has spoken and

corresponded with counsel for the Defendants repeatedly in an effort to resolve these issues,

without success.[1]

### I. Objections Based On Spousal Privilege

Lambert and Carol's Contracting are defendants in this action. Lambert is an individual.

Carol's Contracting is a legal entity. Carol Lambert, Lambert's wife, apparently owns Carol's

Contracting.[2] Carol Lambert, individually, is not a party to this action.

In their discovery responses, both Lambert and Carol's Contracting object to and/or

refuse to disclose information related to communications that took place between those two

---

[1] See ,e.g. March 13, 2006 letter from TCC to Defendants attached hereto as Exhibit A and March 21, 2006 response letter from Defendants attached hereto as Exhibit B. In addition to this correspondence, counsel for the parties have participated in face-to-face discussions regarding these issues. See Excerpt from deposition transcript attached hereto as Exhibit C.

[2] TCC believes that Lambert also has a financial interest in and controls Carol's Contracting.

166769.1

parties based on their belief that their communications are protected by the spousal privilege.[3] The Defendants' objections based on the spousal privilege, however, are without merit and this information is due to be disclosed.

In a diversity action, "the privilege of a witness ... shall be determined in accordance with State law." *Fed. R. Evid.* 504. Therefore, the question as to whether Lambert and Carol's Contracting may assert the spousal privilege to prevent disclosure of communications with the other will be governed by the law of the State of Alabama. Alabama Rule of Evidence 504, the rule of evidence which sets forth the "spousal privilege", provides that "a person has a privilege to refuse to testify, or to prevent any person from testifying, as to any confidential communication *made by one spouse to the other* during the marriage." (emphasis added). Thus, a marital relationship is a fundamental prerequisite for asserting the spousal privilege. *See id.*

In the instant case, the spousal privilege is asserted by Lambert and Carol's Contracting to prevent disclosure of communications with the other. However, there is no marital relationship between Lambert, an individual, and Carol's Contracting, a corporation. Accordingly, it is axiomatic that neither party may take advantage of the spousal privilege to prevent disclosure of communications with the other.

In addition, even if Lambert and Carol's Contracting were in a marital relationship, not all communications between spouses are confidential. Alabama Rule of Evidence 504 shields marital communications from disclosure, only if the communications are "confidential." A communication is "confidential" only "if it is made during marriage privately by any person to that person's spouse and is not intended for disclosure to any other person." *Id.* Numerous courts

---

[3] *See* Lambert's Interrogatory Response No. 6 and Carol's Contracting Interrogatory Response No. 6. A copy of Lambert's responses and supplemental responses to TCC's first set of interrogatories and request for production is attached hereto as Exhibit D. A copy of Carol's Contracting's responses and supplemental responses to TCC's first set of interrogatories and request for production is attached hereto as Exhibit E.

have recognized that communications between spouses which relate to business matters are not privileged because they are intended to be confidential. For example, in *Hanger Orthopedic Group, Inc. v. Murray*, 1997 U.S. Dist. LEXIS at \*16 (M.D. Fla. 1997), the court held that "in a civil case, spousal communications are not intended to be confidential if they relate to business matters." Other courts that have addressed the issue have had similar holdings. *See, e.g., G-Fours, Inc. v. Miele*, 496 F.2d 809, 811 (2d Cir. 1974) (holding that communication between husband and wife was not confidential, in part, because "they were ordinary conversations relating to matters of business which there was no reason to suppose [the husband] would have been unwilling to hold in the presence of any person."); *In re Southern Air Transport, Inc.*, 255 B.R. 706, 716 (S.D. Ohio 2000) ("[i]t would be improper to shield non-confidential conversations between business associates about business matters solely based on the fact that the business associates are also married."). Moreover, *McCormack on Evidence* states:

> The fact that the communication relates to business transactions may show that it was not intended as confidential. Examples are statements about business agreements between the spouses, or about business matters transacted by one spouse as agent for the other, or about property or conveyances. Usually such statements relate to facts which are intended later to become publicly known. To cloak them with privilege when the transactions come into litigation would be productive of special inconvenience and injustice.

McCORMACK ON EVIDENCE, § 80 (John W. Strong, West Group 5th ed. 1999).[4]

The only communications between Lambert and Carol's Contracting which TCC seeks to discover relate to business dealings between those parties. These communications were not made privately during the marriage and, at the time they were made, certainly were not intended to be confidential. As such, Lambert and/or Carol's Contracting cannot assert the spousal privilege to prevent disclosure of non-confidential business communications.

---

[4] TCC has not been able to locate any Alabama state court rulings on this issue. Nevertheless, the above authority is well founded. Moreover, there does not appear to be any Alabama authority to the contrary.

Accordingly, TCC requests that the Court compel Lambert and Carol's Contracting to disclose and/or produce all documents and information withheld based on the spousal privilege.

## II.   Objections to Disclosing Documents and Information Related to Events Occurring After Lambert's Covenant-Not-To-Compete Expired.

In a number of discovery responses, Lambert objects to and/or fails to disclose information regarding events that occurred after January 2, 2006, the date that the term of his covenant-not-to-compete expired.[5] Although Lambert does not disclose the basis for his objection in his discovery responses, correspondence from Lambert's attorney reveals that Lambert believes any actions occurring after the term of his covenant expired "are not relevant to any issue in this lawsuit involving claims of breach and damage occurring prior to January 2, 2006."[6] Lambert's objection to disclosing this information, however, is not well taken, as the nature of the claims alleged by TCC, and the damages available to TCC, put Lambert's activities occurring after January 2, 2006 directly at issue in this litigation.

Although Lambert may want this Court to believe that there is only one defendant in this lawsuit, there are actually three – Lambert, Carol's Contracting and Alabama Gravel, LLC ("Alabama Gravel"). Alabama Gravel – a company formed during the time that Lambert's covenant was in effect – is a company engaged in the sand and gravel business and is in direct competition with TCC. Carol's Contracting – a company apparently owned by Lambert's wife – operates a trucking business and hauls aggregate for Alabama Gravel. Carol Lambert, in addition

---

[5] *See* Lambert's Interrogatory Responses Nos. 6, 12, 14.

[6] *See* Exhibit A. In this letter, Lambert also asserts that he does not want to disclose this information because he believes his disclosure of this information "could be and would be used by TCC/Foley to harm my efforts to get back into the sand and gravel business or to interfere." *Id.* TCC can assure Lambert it does not seek this information to in any way improperly gain an advantage over or to interfere with Lambert's future business dealings, particularly in light of the Stipulated Protective Order entered in this case which expressly precludes the parties from using confidential and proprietary information for any purpose other than for use in the present litigation.

to being the owner of Carol's Contracting, serves as Alabama Gravel's bookkeeper and even rents an apartment and office space to Alabama Gravel.

Put simply, TCC believes that Lambert, Carol's Contracting, and Alabama Gravel have conspired to allow Lambert to engage in the sand and gravel business in violation of the terms of his covenant-not-to-compete. The allegations of the Complaint, alleging conspiracy and tortious interference with business relations against the defendants, reflect this belief. Thus, any involvement that Lambert has had with the business of these companies after the term of his covenant expired – such as, for instance, if Lambert found himself on Alabama Gravel's payroll, or assumed total control of the business activities of Carol's Contracting – are certainly relevant to the motivations and activities of all of the defendants when Lambert's covenant was in place. As such, this information is relevant, probative, and, at the very least, discoverable.

In addition, information concerning Lambert's activities occurring after the terms of the covenant-not-to-compete expired is not only relevant to the defendants' respective liability, it is also relevant to the damages that are available to TCC. As with any tort or contract action, damages may accrue over time. As long as the damages are relevant to the alleged malfeasance or breach, they are recoverable.

TCC contends that Lambert, in violation of his covenant, diverted business away from TCC while his covenant was in effect, and Lambert will continue to exploit the relationships he developed while his covenant was in effect to retain that business. Under this theory, TCC's damages would not only include the loss of business that it suffered at the hands of Lambert when his covenant was in effect, but also the loss of business that it continues to suffer as a result of Lambert's breach. Therefore, in order to prove the full extent of its damages, TCC must be

allowed to discover information related to Lambert's business dealings occurring after the term

of his covenant expired.

Accordingly, TCC requests that the Court compel Lambert to disclose and/or produce all

documents and information related to events that occurred after the term of Lambert's covenant-

not-to-compete expired.

Respectfully submitted on this 12th day of April, 2006.

/s/Robin G. Laurie
Robin G. Laurie (ASB-4217-U64R)
One of the Attorneys for Plaintiff The
Concrete Company
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com

Thomas F. Gristina, Esquire
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1043 Third Avenue
P.O. Box 1199
Columbus, GA 31902-1199

William L. Tucker, Esquire
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, Third Floor, Synovus Centre
Columbus, Georgia  31901

166769.1

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2006, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Dennis R. Bailey, Esquire
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, Alabama 36101-0270

James N. Walter, Jr., Esquire
Capell & Howard, P.C.
P. O. Box 2069
Montgomery, Alabama 36102-2069

Chad W. Bryan, Esquire
Capell & Howard, P.C.
P. O. Box 2069
Montgomery, Alabama 36102-2069

                          /s/Robin G. Laurie
                          OF COUNSEL