# EXHIBIT A



**BALCH & BINGHAM LLP**

Alabama • Georgia • Mississippi • Washington, DC

Attorneys and Counselors
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, Alabama 36104-3515
(334) 834-6500
(334) 269-3115 Fax
www.balch.com

G. Lane Knight
(334) 269-3124

(866) 266-2447 (direct fax)
lknight@balch.com

March 13, 2006

Dennis Bailey, Esquire
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

Re:   *The Concrete Company v. Harry E. Lambert, et al.*; In the United States District Court for the Middle District of Alabama, Northern Division

Dear Dennis:

This letter is being sent pursuant to *Fed. R. Civ. P.* 37 in a good faith effort to resolve a discovery dispute. After reviewing the responses provided by Harry E. Lambert ("Lambert") and Carol's Contracting, Inc. ("Carol's Contracting") (collectively, the "Defendants") in response to The Concrete Company's ("TCC") interrogatories and requests for production, it is apparent that neither Lambert, nor Carol's Contracting has sufficiently and fully responded to TCC's discovery requests.

There are several problems that are pervasive throughout the responses. To begin, in a significant number of responses, the Defendants respond only to their knowledge of their own activities, when the discovery request clearly requests disclosure of the parties' knowledge of information related to other parties in the lawsuit. There is no legal basis for the Defendants to limit their responses to their own activities and actions. *See Fed. R. Civ. P.* 26(b)(1).

In addition, the Defendants invoke the spousal privilege in response to a number of interrogatories in an attempt to avoid disclosure of communications between Harry Lambert and Carol's Contracting. This objection is not well taken. There is no marital relation between Harry Lambert and Carol's Contracting. A marital relationship is a fundamental prerequisite for asserting the spousal privilege. *See Ala. R. Civ. P.* 504. Thus, communications between Harry Lambert and his wife (while she is acting on behalf of Carol's Contracting) are clearly not protected by the spousal privilege. Moreover, communications between Harry Lambert and Carol Lambert which relate to business matters are not privileged because they are not confidential communications. *See, e.g., Hanger Orthopedic Group, Inc v. Murray*, 1997 U.S. Dist. LEXIS at *16 (M.D. Fla. 1997) ("in a civil case, spousal communications are not intended to be confidential if they relate to business matters"); *see also G-Fours, Inc. v. Miele*, 496 F.2d 809 (2d Cir. 1974); *In re Southern Air Transport, Inc.* 255 B.R. 706 (S.D. Ohio 2000).

Finally, in several responses, Lambert objects to disclosing information related to his activities occurring after January 2, 2005. Although the basis for this objection is not disclosed, I presume it is to relevance. In this lawsuit, however, TCC alleges, in part, that Lambert violated

Dennis Bailey, Esquire
March 13, 2006
Page 2

the terms of his covenant-not-to-compete by virtue of his relationship with Alabama Gravel and/or Carol's Contracting. Lambert's activities with respect to Alabama Gravel and/or Carol's Contracting occurring after the terms of his covenant-not-to-compete expired are relevant to his motivations and activities while the covenant was in place. This information is also relevant to damages. As with any other tort or contract action, damages may accrue over time. As long as the damages are related to the alleged malfeasance or breach, they are recoverable. Accordingly, this information is relevant, probative and, at the very least, discoverable.

Listed below are the specific incomplete answers:

**Lambert's Interrogatory Responses**

1. Identify, specify and describe any involvement, contact or other interaction you, Carol's Contracting, and/or Alabama Gravel have had over the previous five years with any Prohibited Activity. For each instance included the time and date, all parties involved, the nature and scope of the Prohibited Activity, the nature and scope of your, Carol's Contracting's, and/or Alabama Gravel's involvement in the Prohibited Activity and any other information relevant to the allegations in the Complaint.

Response: Lambert's response is insufficient. Lambert only identifies the extent of his own involvement with Prohibited Activity. The request, however, is not limited to Lambert's own activities; rather, it encompasses his knowledge of involvement that Carol's Contracting and/or Alabama Gravel may have had with Prohibited Activity. Lambert should disclose this information.

5. Identify, specify and describe each instance in which you, Carol's Contracting, and/or Alabama Gravel have, over the previous five years, induced a Customer (i) to purchase any Product in the Territory from any business entity operating in the Territory (other than Montgomery Materials or its affiliates) and/or (ii) withdraw, curtail and/or cancel such Customer's business with Montgomery Materials. For each instance, include the date and time, all parties involved, the nature and scope of the instance, and any other information relevant to the allegations in the Complaint.

Response: Lambert's response is insufficient. This request is not limited to Lambert's knowledge of his own conduct; rather, it encompasses his knowledge of actions of Carol's Contracting and Alabama Gravel. Lambert should disclose this information.

6. Identify, specify and describe any involvement, communication or other interaction you have had over the past five years with Carol's Contracting and/or Alabama Gravel. For each communication, include the date and time, all parties involved, the nature and scope of the involvement or communication and other information relevant to the allegations raised in the Complaint.

166166.1

Dennis Bailey, Esquire
March 13, 2006
Page 3

Response: Lambert's response is insufficient in a number of ways. To begin, Lambert asserts the spousal privilege to avoid disclosure of communication with Carol's Contracting. As explained above, this objection is not well taken; therefore, Lambert should disclose the substance of his communications with Carol's Contracting.

In addition, Lambert did not respond sufficiently with respect to Alabama Gravel. It is improper to assert that, because he cannot remember each and every discussion that he has had with Alabama Gravel, his obligation to identify the substance of any communication is removed. Lambert should respond to the interrogatory with respect to any communication with Alabama Gravel that he can recall. Second, as is explained above, Lambert's objection to having to disclose the content of conversations occurring after January 2, 2006 is not well taken. Lambert should disclose the content of these communications.

8. **Identify, specify and describe any involvement, communication or interaction you, Carol's Contracting, and/or Alabama Gravel have had with Maddox Sand and Gravel and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.**

Response: Lambert's response is insufficient in a number of ways. To begin, Lambert identifies that he has talked to Jim Maddox on numerous occasions, but he fails to disclose the date and substance of those communications. Lambert should disclose this information. Second, Lambert identifies the content of "most" of his conversations with "Danny", however, the interrogatory request Lambert to disclose the substance of "all" communications. Lambert should respond fully to this interrogatory.

In addition, Lambert's response is insufficient in that he does not identify whether he has knowledge of interactions/involvement/communication between Alabama Gravel and/or Carol's Contract and Maddox Sand and Gravel. Lambert should disclose this information.

12. **Identify, specify and describe your, Carol's Contracting's, and/or Alabama Gravel's involvement with and/or relationship during the past five years to any pits or other similar facilities related to the production of Product or similar material and located within the Territory or used to supply Product to the Territory. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product produced by each facility and the entity and location to which Product was transported.**

Response: Lambert's response is insufficient in a number of ways. Lambert objects to this interrogatory on the basis that he does not have to disclose any involvements he has had with pits since January 2, 2006. As previously discussed, this objection is not well taken and Lambert

Dennis Bailey, Esquire
March 13, 2006
Page 4

should disclose this information. In addition, Lambert wholly fails to respond with respect to his knowledge of Carol's Contracting and/or Alabama Gravel's involvement/interaction with any pits or other similar facilities. Lambert should disclose this information.

    13. **Identify, specify and describe all involvement, interaction(s) or relationship(s) you, Carol's Contracting and/or Alabama Gravel have had regarding the Gentry Pit (an aggregate mining operation located in Independence, Alabama) and any other pits included in your answer to Interrogatory No. 12. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product or similar material produced by each facility and the entity and location to which the Product or similar material was transported.**

    Response:    Lambert's response is insufficient. Lambert states that he has had no business involvement with the Gentry Pit, but states that he has been there many times. The interrogatory is not limited to what Lambert believes to business involvement with the Gentry Pit; rather, the interrogatory requests Lambert to disclose any involvement/interaction/relationship that he has had with the Gentry Pit. Lambert should disclose this information.

    In addition, Lambert does not disclose his knowledge of Carol's Contracting and/or Alabama Gravel's involvement/interaction/relationship with the Gentry Pit. Lambert should disclose this information.

    14. **Identify, specify and describe each and every individual or entity who has received any Product or similar material from you, Carol's Contracting, and/or Alabama Gravel within the previous five years.**

    Response:    Lambert's response is insufficient in that he does not disclose his knowledge of entities that have received Product or similar material from Carol's Contracting and/or Alabama Gravel within the last five years. Lambert should disclose this information.

**Lambert's Requests for Production of Document Responses**

    It is difficult to understand how Lambert can have no documents responsive to any request for production. It is unclear whether Lambert is withholding documents based on the spousal privilege. If he is, these documents should be produced. In addition, it is unclear whether Lambert is withholding documents based on his opinion that information related to his activities occurring after January 2, 2006 is irrelevant. If he is, these documents should also be produced. In any event, Lambert should review the request for production of documents carefully and supplement his responses where necessary.

166166.1

**Carol's Contracting Interrogatory Responses**

1.  Identify, specify and describe any involvement, contact or other interaction you, Harry E. Lambert, and/or Alabama Gravel have had over the previous five years with any activity that relates to excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory. For each instance include the time and date, all parties involved, the nature and scope of the activity, the nature and scope of your, Harry E. Lambert's, and/or Alabama Gravel's involvement in the activity and any other information relevant to the allegations in the Complaint.

    Response: Carol's Contracting's response is insufficient in a number of ways. Carol's Contracting admits that it is engaged in the business of hauling gravel and other material. At a minimum, therefore, Carol's Contracting should disclose the dates that it has hauled product and the identity of every entity for which it has hauled Product.

    In addition, Carol's Contracting did not disclose its knowledge of involvement/contact/interaction that Lambert and/or Alabama Gravel have had with the activity identified in the interrogatory. Carol's Contracting should disclose this information.

5.  Identify, specify and describe each instance in which you, Harry E. Lambert, and/or Alabama Gravel have, over the previous five years, induced a Customer (i) to purchase any Product in the Territory from any business entity operating in the Territory (other than Montgomery Materials or its affiliates) and/or (ii) withdraw, curtail and/or cancel such Customer's business with Montgomery Materials. For each instance, include the date and time, all parties involved, the nature and scope of the instance, and any other information relevant to the allegations in the Complaint.

    Response: Carol's Contracting's response may be insufficient. It is unclear whether Carol's Contracting is responding as to its knowledge of Lambert's and/or Alabama Gravel's involvement with the activities identified in the interrogatory. Because Carol Lambert is an employee of Alabama Gravel, it would appear that she is not. Carol's Contracting should revisit this interrogatory and disclose this information, if necessary.

6.  Identify, specify and describe any involvement, communication or other interaction you have had over the past five years with Harry E. Lambert and/or Alabama Gravel. For each such communication, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations raised in the Complaint.

    Response: Carol's Contracting's response is insufficient. Carol's Contracting, a legal entity, cannot assert the spousal privilege to prevent disclosure of communications with Lambert.

166166.1

Dennis Bailey, Esquire
March 13, 2006
Page 6

Carol's Contracting should therefore disclose its involvement/communication/interaction with Lambert.

      **7.**     **Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Simcala, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations of the Complaint.**

      Response:    Carol's Contracting's response is insufficient. Carol's Contracting does not respond as to its knowledge of involvement/communication/interaction between Lambert and/or Alabama Gravel and Simcala, Inc. Carol's Contracting should disclose this information.

      **8.**     **Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Maddox Sand and Gravel and/or any entity related thereto. For each instance, include the date and time all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.**

      Response:    Carol's Contracting's response is insufficient in a number of ways. To begin, Carol's Contracting identifies that it has had communications with Maddox Sand & Gravel, "most unrelated to business." However, Carol's Contracting does not disclose the substance of the communications that were related to business. Carol's Contracting should disclose this information.

      In addition, Carol's Contracting does not respond as to its knowledge of involvement/communication/interaction between Lambert and/or Alabama Gravel and SandRock Transit, Inc. This information should likewise be disclosed.

      **9.**     **Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with SandRock Transit, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.**

      Response:    Carol's Contracting's response may be insufficient. It is unclear whether Carol's Contracting is responding as to its knowledge of involvement/communication/interaction between Lambert and/or Alabama Gravel and SandRock Transit, Inc. Carol's Contracting should revisit this interrogatory and disclose this information, if necessary.

      **10.**    **Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with AgTran and/or any entity related thereto. For each instance, include the date and time, all parties involved, the**

Dennis Bailey, Esquire
March 13, 2006
Page 7

nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

Response: Carol's Contracting's response may be insufficient. It is unclear whether Carol's Contracting is responding as to its knowledge of involvement/communication/interaction between Lambert and/or Alabama Gravel and AgTran. Carol's Contracting needs to revisit this interrogatory and disclose this information, if necessary.

12. Identify, specify and describe your, Harry E. Lambert's, and/or Alabama Gravel's involvement with and/or relationship during the past five years to any pits or other similar facilities related to the production of Product or similar material and located within the Territory or used to supply Product to the Territory. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product produced by each facility and the entity and location to which the Product was transported.

Response: Carol's Contracting's response is insufficient. Carol's Contracting admits that it has visited pits for the purpose of hauling material; therefore, at a minimum, it should provide the name and location of each pit it has visited and identify all documentation that it has related to said pits.

In addition, Carol's Contracting does not respond as to its knowledge of any involvement/relationship that Lambert and/or Alabama Gravel may have with pits or similar facilities located within the Territory, or which are used to supply Product to the Territory. Carol's Contracting should disclose this information.

13. Identify, specify and describe all involvement, interaction(s) or relationship(s) you, Harry E. Lambert, and/or Alabama Gravel have had regarding the Gentry Pit (an aggregate mining operation located in Independence, Alabama) and any other pits included in your answer to Interrogatory No. 12. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product or similar material produced by each facility and the entity and location to which the Product or similar material was transported.

Response: Carol's Contracting's response is insufficient. Carol's Contracting does not respond as to its knowledge of any involvement/interaction/relationship that Lambert and/or Alabama Gravel may have with the Gentry Pit, or any other pit. Carol's Contracting should disclose this information.

14. Identify, specify and describe each and every individual or entity who has received any Product or similar material from you, Harry E. Lambert, and/or Alabama Gravel within the previous five years.

166166.1

Dennis Bailey, Esquire
March 13, 2006
Page 8

Response: Carol's Contracting's response is insufficient. Carol's Contracting does not respond as to its knowledge of individuals or entities who have received Product or similar material from Lambert and/or Alabama Gravel. Carol's Contracting should disclose this information.

**Carol's Contracting's Requests for Production of Document Responses**

1. **All documents and tangible items related in any manner to the involvement, interaction and/or communication between you, Harry E. Lambert, and/or Alabama Gravel.**

Response: Carol's Contracting's response is insufficient. Carol Lambert, who owns Carol's Contracting, is an employee of Alabama Gravel. Moreover, Alabama Gravel rents space from Carol Lambert. Lambert has admitted to driving trucks owned by Carol's Contracting. Although documents have been produced related to deliveries made to Alabama Gravel, this request is much broader. This request seeks documentation related to any involvement/interaction/communication between Carol's Contracting and Alabama Gravel and/or Lambert. Therefore, at a minimum, Carol's Contracting's response should include, but not be limited to, management documents, documents related to the employment relationship between Carol Lambert and Alabama Gravel, documents related to the relationship between Carol's Contracting and Harry Lambert, documents related to Carol's Contracting's renting of space to Alabama Gravel, etc.

6. **All documents tangible items related in any manner to the Gentry Pit and/or any other aggregate mining operation within the Territory.**

Response: Carol's Contracting's response is insufficient. Carol's Contracting admitted in its response to Interrogatory No. 3 that "the Gentry Pit is a location where Carol's Contracting trucks load Product for delivery to customers of Alabama Gravel." Therefore, it is hard to understand how Carol's Contracting could have no documents responsive to this request, especially in light of its admission that it "has invoices related to hauling Product for Alabama Gravel, LLC since 1995," said invoices being responsive to this request for production. Carol's Contracting should product this information, in addition to any other documentation that it has responsive to this request.

8. **All documents and tangible items related in any manner to the involvement or interaction of you, Harry E. Lambert, and/or Alabama Gravel over the previous five years with any Prohibited Activity and/or with any individual or entity engaged or in any way involved in a Prohibited Activity.**

Response: Carol's Contracting's response may be insufficient. It is unclear whether Carol's Contracting has attempted to produce documents related to involvement/interaction that

166166.1

Dennis Bailey, Esquire
March 13, 2006
Page 9


Lambert and/or Alabama Gravel may have had with any Prohibited Activity over the previous five years. Carol's Contracting should revisit this request for production and produce all responsive documentation, if any.

---

In light of the foregoing, TCC requests that Defendants provide complete answers to the above interrogatories and requests for production. Because TCC simply cannot proceed in this case without complete discovery responses from Defendants, we request that these deficiencies be corrected within ten (10) days from the date of this letter; otherwise, TCC will be forced to file a motion to compel.

Should you have any questions regarding the above, please do not hesitate to contact me. Thank you in advance for your cooperation.

Sincerely,

*G. Lane Knight*

G. Lane Knight

GLK:dpe
cc:    James N. Walter, Jr., Esquire
        Thomas F. Gristina, Esquire
        Robin G. Laurie, Esquire

166166.1