# EXHIBIT B

Case 2:05-cv-01026-CSC   Document 35-3   Filed 04/12/2006   Page 1 of 4

LAW OFFICES

# RUSHTON, STAKELY, JOHNSTON & GARRETT

Charles A. Stakely
J. Theodore Jackson, Jr.
James W. Garrett, Jr.
Robert A. Huffaker
Thomas H. Keene
Richard B. Garrett
Jeffrey W. Blitz
Dennis R. Bailey
Ronald G. Davenport
Fred W. Tyson
Robert C. Brock
F. Chadwick Morriss
T. Kent Garrett
Frank J. Stakely
William S. Haynes
Helen Crump Wells
Paul M. James, Jr.

A PROFESSIONAL ASSOCIATION

184 COMMERCE STREET

MONTGOMERY, ALABAMA  36104

Mailing Address:
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 206-3100
Facsimile: (334) 262-0033
Website: www.rsjg.com

Writer's Direct Dial Number: (334) 206-3234
Writer's Direct Facsimile Number: (334) 481-0031
Writer's E-mail Address: drb@rsjg.com

Chris S. Simmons
Robert C. Ward, Jr.
Bowdy J. Brown
Daniel L. Lindsey, Jr.
Patrick M. Shegon
Benjamin C. Wilson
L. Peyton Chapman, III
William I. Eskridge
Alan T. Hargrove, Jr.
R. Austin Huffaker, Jr.
Richard L. McBride, Jr.
R. Mac Freeman, Jr.
James R. Dickens, Jr.
R. Brett Garrett
Bethany L. Bolger

*Of counsel:*
Jesse M. Williams, III

March 21, 2006

Mr. Lane Knight
Balch & Bingham
105 Tallapoosa Street, Suite 200
Montgomery, Alabama  36104

    Re:  The Concrete Company vs. Harry Lambert, et al.
        Our File No. 7684-2

Dear Lane:

  I have carefully reviewed your March 13, 2006, correspondence and the previous responses of my clients. In an effort to clear the confusion your client professes concerning their responses I attach supplemental responses of Harry Lambert to interrogatories 1, 5, 8, and 12-14 and supplemental responses of Carol's Contracting to interrogatories 1, 5-10 and 12-14. As far as document production is concerned Harry has no documents and Carol has provided you the documents referenced in the interrogatories and has nothing further except some individual load tickets which form the back-up for the invoices you have already been given.

  As far as the spousal privilege is concerned I note that the authority you cite is not from the Middle District of Alabama nor controlling upon a federal district court in the Middle District of Alabama. In fact you cite no Alabama decision, state or federal, for the proposition you claim that there is a "business matters" exception to the spousal privilege. The Lamberts are not going to voluntarily waive the spousal privilege.

  With regard to Harry's activities after January 2, 2006, which are part of his legitimate efforts to get back into the sand and gravel business, we hope they will be finalized soon so he can begin earning a living again. But as interested TCC may be in getting advance notice of who, where and when they can expect competition from Harry Lambert, any such actions are not relevant to any issue in this lawsuit involving claims of breach and damage occurring prior to January 2, 2006. Furthermore, until his business dealings are completed it would be incredibly unfair to require him to disclose to his future major competitor who he is considering leasing land from or who he may be considering partnering or consulting with. TCC will know first hand what actions Harry takes to compete with them once they are finalized and work begins. TCC is not entitled to advance

Mr. Lane Knight
March 21, 2006
Page 2

knowledge of what those activities will be so that it can take steps to avoid that competition or stifle it. Disclosure before such steps are finalized is not required for any purpose relevant to this lawsuit except for TCC to use to unfairly try to interfere with those activities. Therefore, Harry maintains his objection to such questions and will provide no information on his current activities without a motion to compel him to do so.

Speaking of motions to compel, the discovery so far compels me to advise your client that under Rule 11 and the Alabama Litigation Accountability Act that the claims against Carol's Contracting have no merit and appear to have been brought with malice and in bad faith because that company has clearly never been in competition with TCC and has never been a party to any non-compete agreement involving TCC. These unfounded claims and the costs of litigation are resulting in the sole owner and stockholder of this closely held company--Carol Lambert--suffering emotional distress requiring medical treatment. See Stinson v. American Sterilizer Co., 127 F.R.D. 689, 692 (M.D. 1989) (granting Rule 11 sanctions and stating that the rule "is intended to decrease the likelihood that parties will use judicial procedures as a weapon for personal or economic harassment").

It appears even the timing of the lawsuit was intended to intimidate and cause personal and economic harm. Your client was aware years before the lawsuit was filed that Carol's Contracting was occasionally hauling sand and gravel products in this area for a variety of customers (some being customers of TCC) and TCC was even directly aware that Harry Lambert was sometimes driving Carol's Contracting trucks to TCC to pick up product for those customers. TCC has also known that Carol's Contracting has never mined, sold or owned any "product" or owned or leased any gravel pit and, therefore, has never been in the sand and gravel business whatsoever. Yet TCC waited until October 2005 to take legal action without any prior warning or notice.

By TCC's strained logic, any trucking company which has ever hauled sand or gravel for others is a competitor of TCC—which I understand does not even haul any such product with its own trucks. Given the actions of your client in the past, although they show TCC is capable of taking unconscionable positions intended to harm individuals, the current position that Carol's Contracting trucking company is somehow responsible for a violation of a non-compete provision signed by Harry Lambert is patently absurd. I will not even go into the fact that TCC has suffered no damage from the fact that Alabama Gravel is selling only white oversize gravel even if you assume that Harry Lambert was working for them—which is not true.

You are also already familiar with the fact that Carol's Contracting does not have any relationship with Alabama Gravel other than that which any other independent trucking company which hauls its rock would. Carol's Contracting merely hauls white oversize gravel sold by Alabama Gravel at market hauling rates. And if Carols' Contracting trucking company was not hauling it, some other trucking company would. Therefore, the involvement of Carol's Contracting has no competitive effect on TCC whatsoever. To be sure, Carol Lambert does lease an apartment and office to Alabama Gravel and serves as a bookkeeper for that company for a salary. However, if Carol Lambert did not lease them office space someone else would and the net effect would be the same: Alabama Gravel would be in business selling white oversize gravel. Furthermore, as you know Carol's only job experience is as a bookkeeper and she had served as bookkeeper to Montgomery Materials before she was fired by your client. She was not even asked to sign a non-

Mr. Lane Knight
March 21, 2006
Page 3

compete agreement upon her departure. In fact, any such agreement would have been patently void as against public policy. If Carol was not serving as bookkeeper someone else would be and her involvement as a bookkeeper can not be argued to have had any competitive effect on TCC.

So, if TCC does not voluntarily dismiss Carol's Contracting from this litigation within 10 days, Carol's Contracting will assert claims under either Rule 11 or the Alabama Litigation Accountability Act, or both, against TCC. See Godwin v. Marsh, 266 F. Supp. 2d 1355 (M.D. Ala. 2002) (imposing sanctions against plaintiff due to bad faith and malicious conduct). If Carol's is dismissed Carol Lambert and Carol's Contracting will grant a release of their claims and will still be available for any discovery you might require from her. Perhaps, TCC will do the right thing and dismiss Carol's Contracting, at least without prejudice.

Please call me if you have questions.

Sincerely,

Dennis R. Bailey

DRB:phk
Enclosures
Copy:  Robin Laurie, w/enc.
       Thomas Gristina, w/enc.
       James Walter, w/enc.
       Carol Lambert, w/enc.
       Harry Lambert, w/enc.