# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

THE CONCRETE COMPANY,

    PLAINTIFF

vs.

HARRY E. LAMBERT,
CAROL'S CONTRACTING,
INC., and ALABAMA GRAVEL,
LLC,

    DEFENDANTS

CASE NO. 2:05-CV-1026-C

## DEFENDANT CAROL'S CONTRACTING'S
## RESPONSES TO FIRST INTERROGATORIES

Comes now defendant identified as Carol's Contracting, Inc. ("Carol's") and in response to first interrogatories propounded by plaintiff, states the following answers. However, each response is subject to, and limited in accordance with, the following general objections, which are incorporated therein as if fully set forth.

### OBJECTIONS

1.    Carol's objects to each and every interrogatory to the extent it seeks information of a confidential, sensitive or personal nature which is not relevant or would not be reasonably calculated to lead to the discovery of admissible evidence.

2.    Carol's objects to plaintiff's "Definitions and Instructions" section to the extent it seeks to impose obligations beyond those of Rules 26, 33 and 34 of the

Alabama Rules of Civil Procedure. As discussed below, Carol's has conducted a reasonable and diligent search of his files where responsive documents would most reasonably be located, and Carol's is not required to undertake any additional obligations or to speculate that documents not contained in those files do or do not exist.

3.      Carol's objects to each interrogatory to the extent it seeks the production of documents or information protected by the attorney/client privilege or work product doctrine.      With respect to attorney work product and attorney/client privileged communications or documents created in connection with, or since, the filing of this lawsuit or any other lawsuit between Carol's and plaintiff, Carol's objects to any interrogatory that seeks the identification or production of such work product or privileged communications and documents, and Carol's will not identify or produce such material.

4.      Carol's responses are made on the basis of a reasonable inquiry, given the time allotted to respond, and information known or reasonably available to Carol's. This includes (a) a reasonably diligent search of Carol's files that could reasonably be expected to contain responsive information, and (b) inquiries of persons who reasonably could be expected to possess responsive information. Carol's objects to each interrogatory as unduly burdensome to the extent it seeks to compel Carol's to search files other than those files that could reasonably be

expected to contain responsive information or to inquire of persons other than those persons who could reasonably be expected to have knowledge of responsive information.

5.    Carol's objects and responds to each interrogatory based upon his best good faith understanding and interpretation of each item therein.  Accordingly, if plaintiff subsequently asserts a different interpretation than presently understood by Carol's, Carol's reserves the right to supplement or amend these objections and responses.  Except for the facts explicitly admitted herein, no admission of any nature is to be implied by or inferred from any response stated anywhere in this document.

6.    Carol's objects to being asked to respond for any other defendant in this case as several of the questions appear to do.  All of the forgoing responses are, therefore, limited ONLY to the knowledge of Carol's Contracting and its officers and employees.

## INTERROGATORY ANSWERS

1.    Identify, specify and describe any involvement, contact or other interaction you, Harry E. Lambert, and/or Alabama Gravel have had over the previous five years with any activity that relates to excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory.  For each instance include the time and date, all

**applicable. I own Carols Contracting which is a trucking company that hauls materials at the request of customers and my company is paid by the ton/distance for hauling such materials. Neither I nor my company are in the sand and gravel or concrete business. I hold no interest in any company in the sand, gravel or concrete business.**

3.    Identify, specify and describe each instance in which you have, over the previous five years, acted as an agent, broker, or distributor for or advisor or consultant to any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any activity that relates to excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory. For each instance, include the date, all parties involved, the nature and scope of the instance, and any other information relevant to the allegations in the Complaint. **None.**

4.    Identify, specify and describe each instance in which you have, over the previous five years, in any way assisted (whether by solicitation or customers or employees or otherwise), any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any activity that relates to excavating, mining, distributing, delivering, selling, or otherwise disposing of any Product at wholesale or resale within the Territory. For each instance, include the date, all parties involved, the nature and scope of the

instance and any other information relevant to allegations in the Complaint. **Carol's Contracting has none. I, Carol Lambert individually, have done the basic bookkeeping for Alabama Gravel LLC since April 2005.**

5.    Identify, specify and describe each instance in which you, Harry E. Lambert, and/or Alabama Gravel have, over the previous five years, induced a Customer (i) to purchase any Product in the Territory from any business entity operating in the Territory (other than Montgomery Materials or its affiliates) and/or (ii) withdraw, curtail and/or cancel such Customer's business with Montgomery Materials. For each instance, include the date and time, all parties involved, the nature and scope of the instance, and any other information relevant to the allegations in the Complaint. **None.**

6.    Identify, specify and describe any involvement, communication or other interaction you have had over the past five years with Harry E. Lambert and/or Alabama Gravel. For each communication, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations raised in the Complaint. **Objection. This is impossible for me to answer since Harry Lambert is my husband and I see him almost every day. Our discussions as husband and wife are privileged.**

**As far as Alabama Gravel is concerned, I have had numerous discussions with employees at Alabama Gravel since—as a way for me to generate additional income—I (Carol Lambert) am employed by Alabama Gravel to do their basic bookkeeping and answer their phones for a weekly salary. I have nothing to do with sales of gravel for Alabama Gravel. They handle those discussions themselves. If a sale agreement has been made, I do arrange for and schedule hauling the product in my trucks. Also, Alabama Gravel rents office space from me. Because of this I see Alabama Gravel employees frequently and cannot remember each and every time I have ever spoken to one of the employees of that company nor the exact content of that discussion. The nature of my communications would be clerical, casual and social.**

7.     Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Simcala, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **Carol's Contracting has communicated with persons at Simcala re: delivery of materials to or from their plant in Mt. Meigs. I cannot recall each such conversation or the names of the two persons I can recall speaking with (one is**

named "Nina"). **The communications are in the nature of arranging for hauling items other than Product as you define it namely coal and miscellaneous hauling. Carol's Contracting has invoices reflecting the approximate dates of the communications and the details of each haul done for Simcala, Inc.**

8.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Maddox Sand and Gravel and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **Carol Lambert has had many casual conversations with Jim Maddox most unrelated to business since I have known him for many years. Carol's Contracting has delivered white oversize gravel to the Maddox Stone Rail Yard for its customer Alabama Gravel LLC on several occasions since August 2005. I would defer to invoices for the dates/amounts etc.**

9.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Sand-Rock Transit, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or

communication and any other information relevant to the allegations in the Complaint. **None to my knowledge.**

10.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with AgTran and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **None to my knowledge.**

11.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with any Customer and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **I really do not know who are the customers of TCC so I cannot answer this.**

12.    Identify, specify and describe your, Harry E. Lambert's, and/or Alabama Gravel's involvement with and/or relationship during the past five years to any pits or other similar facilities related to the production of Product or similar material and located within the Territory or used to supply Product to the Territory. For each pit or similar facility, identify and specify all documents relating to the pit

parties involved, the nature and scope of the activity, the nature and scope of your, Harry E. Lambert's, and/or Alabama Gravel's involvement in the activity and any other information relevant to the allegations in the Complaint. **Not applicable. I have never signed any non-compete with TCC, I am not in the sand and gravel business and I am not a competitor of any sand and gravel or concrete operations so I do not understand how this question applies to me. My company is a trucking company. My company has dump trucks that can deliver and have delivered gravel and other materials for a variety of customers such as Alabama Gravel. I would have to defer to my business records to determine exactly when and how many times. My trucks have picked up materials from TCC and delivered them to customers of TCC on several occasions.**

2.    Identify, specify and describe each instance in which you have, over the previous five years, held any interest in (whether as a shareholder, partner, member, or otherwise) any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any activity that relates to excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory. For each instance, include the date, all parties involved, the nature and scope of the instance and any other information relevant to the allegations in the Complaint. **Not**

or similar facility, including documents detailing the Product produced by each facility and the entity and location to which the Product was transported. **None. My trucking company has no "involvements/relationships" with any gravel pits or facilities other than visiting some for the purpose of loading Product. Since its formation, Carol's Contracting trucks have visited numerous pits within the territory.**

13.    Identify, specify and describe all involvement, interaction(s) or relationship(s) you, Harry E. Lambert, and/or Alabama Gravel have had regarding the Gentry Pit (an aggregate mining operation located in Independence, Alabama) and any other pits included in your answer to Interrogatory No. 12. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product or similar material produced by each facility and the entity and location to which the Product or similar material was transported. **See response to number 12. The Gentry Pit is a location where Carol's Contracting trucks load Product for delivery to customers of Alabama Gravel. I have no documents concerning the Gentry Pit, *per se*. I have invoices relating to hauling Product for Alabama Gravel LLC. since April 2005.**

14.    Identify, specify and describe each and every individual or entity who has received any Product or similar material from you, Harry E. Lambert, and/or

Alabama Gravel within the previous five years.    **Objection. Overbroad.**
**Requests Trade Secret Information. The answer is "none" as the question is**
**actually worded.**    Nevertheless, **without waiving its objection Carol's**
**Contracting would state that it is in the trucking business and does not own or**
**sell any Product. While its trucks primarily pull dump trailers that can and**
**do haul Product and other things like coal, the companies to whom it delivers**
**Product do not "receive" the product from Carol's Contracting. They**
**"receive" it from the seller/owner of the product who is usually Carol's**
**Contracting's customer for the hauling transaction. Carol Lambert can only**
**recall three companies who have taken delivery of Product hauled by Carol's**
**Contracting since it acquired hauling rights: Simcala, Maddox Stone and**
**Globe—all of which took delivery of only white oversize gravel.**

15.    Identify and specify all agents, servants, employees and
representatives of yourself, Harry E. Lambert, and/or Alabama Gravel who may
have knowledge or information relating to the subject matter of the Complaint.
**Carol's Contracting knows of no one other than those identified in its**
**disclosures.**

16.    Please identify all persons whom defendant expects to call as an
expert witness at the trial of this case, and for each such person state:

(1)    The person's educational background and all degrees earned by said education;

(2)    The person's employment address and telephone number;

(3)    The subject matter or area on which such expert is to testify;

(4)    The substance of the facts and opinions to which the expert is to testify;

(5)    A summary of the grounds for each opinion of such expert; and

(6)    A list of all published articles, books, or other documents authored by said expert.

**No expert has been selected at this time.**

_Carol Lambert_

Carol Lambert, President
Carol's Contracting, Inc.

## **VERIFICATION**

STATE OF ALABAMA                    |
                                                        |
MONTGOMERY COUNTY           |

I, the undersigned Notary Public in and for said county in said state, hereby certify that CAROL LAMBERT, whose name as President of CAROL'S CONTRACTING, INC., is signed to the foregoing Answers to Interrogatories, and who is known to me, acknowledged before me on this day that the foregoing Answers are true and correct to the best of her knowledge, information, and belief, and as such officer and with full authority, executed the foregoing Answers for and as the act of said corporation.

Given under my hand this the 16th day of January, 2006.

NOTARY PUBLIC

(SEAL)

My commission expires: _10/29/06_

Dennis R. Bailey
Attorney for Defendant

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the _11_ day of _January_, _2006_, which will forward same to:

Robin G. Laurie, Esq.
Griffin Lane Knight, Esq.
Balch & Bingham, LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama  36104-3515

James N. Walter, Jr., Esq.
Chad W. Bryan, Esq.
Capell & Howard
Post Office Box 2069
Montgomery, Alabama  36102-2069

Thomas Gristina, Esq.
William Leonard Tucker, Esq.
Page, Scrantom, Sprouse, Tucker & Ford
Synovus Center, Third
1111 Bay Avenue
Columbus, Georgia  31901

_____
Of counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

THE CONCRETE COMPANY, |

    **PLAINTIFF** |

|

vs. | CASE NO. 2:05-CV-1026-C

|

HARRY E. LAMBERT, |
CAROL'S CONTRACTING, |
INC., and ALABAMA GRAVEL, |
LLC, |

|

    **DEFENDANTS** |

## DEFENDANT CAROL'S CONTRACTING, INC.'S
## RESPONSES TO FIRST REQUEST FOR PRODUCTION

Comes now defendant identified as Carol's Contracting, Inc. ("Carol's") and in response to first requests for production propounded by plaintiff, states the following answers. However, each response is subject to, and limited in accordance with, the following general objections, which are incorporated therein as if fully set forth.

### OBJECTIONS

1.    Carol's objects to each and every request for production to the extent it seeks information of a confidential, sensitive or personal nature which is not relevant or would not be reasonably calculated to lead to the discovery of admissible evidence.

2.    Carol's objects to plaintiff's "Definitions and Instructions" section to the extent it seeks to impose obligations beyond those of Rules 26, 33 and 34 of the Alabama Rules of Civil Procedure.  As discussed below, Carol's has conducted a reasonable and diligent search of his files where responsive documents would most reasonably be located, and Carol's is not required to undertake any additional obligations or to speculate that documents not contained in those files do or do not exist.

3.    Carol's objects to each request for production to the extent it seeks the production of documents or information protected by the attorney/client privilege or work product doctrine.    With respect to attorney work product and attorney/client privileged communications or documents created in connection with, or since, the filing of this lawsuit or any other lawsuit between Carol's and plaintiff, Carol's  objects to any interrogatory that seeks the identification or production of such work product or privileged communications and documents, and Lambert will not identify or produce such material.

4.    Carol's responses are made on the basis of a reasonable inquiry, given the time allotted to respond, and information known or reasonably available to Carol's. This includes (a) a reasonably diligent search of Carol's files that could reasonably be expected to contain responsive information, and (b) inquiries of persons who reasonably could be expected to possess responsive information.

Carol's objects to each request for production as unduly burdensome to the extent it seeks to compel Carol's to search files other than those files that could reasonably be expected to contain responsive information or to inquire of persons other than those persons who could reasonably be expected to have knowledge of responsive information.

5.    Carol's objects and responds to each request for production based upon his best good faith understanding and interpretation of each item therein. Accordingly, if plaintiff subsequently asserts a different interpretation than presently understood by Carol's, Carol's reserves the right to supplement or amend these objections and responses. Except for the facts explicitly admitted herein, no admission of any nature is to be implied by or inferred from any response stated anywhere in this document.

6.    Carol's objects to being asked to produce any documents not belonging to Carol's Contracting.

### RESPONSES TO REQUESTS FOR PRODUCTION

1.    All documents and tangible items related in any manner to the involvement, interaction and/or communication between you, Harry E. Lambert, and/or Alabama Gravel. **None.**

2.    All documents and tangible items related in any manner to any interactions and/or communications between you, Harry E. Lambert, and/or

Alabama Gravel and Simcala, Inc. *See* **Invoices relating to hauls for Simcala available at our attorney's office upon request. However, they do not involve hauling Product and date back to 7/10/2005. Although not clearly requested, Carol's Contracting has invoices relating to hauling white oversize gravel from and for Alabama Gravel LLC to Simcala beginning in April 2005, which are available at our attorney's offices upon request.**

3. All documents and tangible items related in any manner to any interactions and/or communications between you, Harry E. Lambert, and/or Alabama Gravel and Maddox Sand and Gravel. **Carol's Contracting has not hauled for Maddox Stone and Gravel although it does have invoices reflecting deliveries of white oversize gravel to its rail yard dating back to August 2005. These invoices are available at the offices of our attorney.**

4. All documents and tangible items related in any manner to any interactions and/or communications between you, Harry E. Lambert, and/or Alabama Gravel and Sand-Rock Transit, Inc. **None.**

5. All documents and tangible items related in any manner to any interactions and/or communications between you, Harry E. Lambert, and/or Alabama Gravel and AgTran. **None.**

6. All documents or tangible items related in any manner to the Gentry Pit and/or any other aggregate mining operation within the Territory. **None.**

7.    All documents and tangible items related in any manner to the production or provision of Product within the Territory or to individuals or entities located within the Territory.  **None.  Carol's Contracting does have invoices reflecting the hauling of Product but it does not sell or produce Product.**

8.    All documents and tangible items related in any manner to the involvement or interaction of you, Harry E. Lambert, and/or Alabama Gravel over the previous five years with any Prohibited Activity and/or with any individual or entity engaged or in any way involved in a Prohibited Activity.  **None.**

9.    All documents identified in response to plaintiff's First Interrogatories to defendant.  **See prior responses.**

10.    All documents related to the allegations in the Complaint.  **None.**

11.    All documents relied upon or referred to in the formation of opinions by any designated expert witness(es).  **None.**

12.    All invoices for Product or similar material sold or provided by you.  **None.**

Dennis R. Bailey
Attorney for Defendant Carol's Contracting

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)

drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading through e-mail and U.S. Mail on this the 11th day of January, 2006, to:

Robin G. Laurie, Esq.
Griffin Lane Knight, Esq.
Balch & Bingham, LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama   36104-3515

James N. Walter, Jr., Esq.
Chad W. Bryan, Esq.
Capell & Howard
Post Office Box 2069
Montgomery, Alabama   36102-2069

Thomas Gristina, Esq.
William Leonard Tucker, Esq.
Page, Scrantom, Sprouse, Tucker & Ford
Synovus Center, Third
1111 Bay Avenue
Columbus, Georgia   31901

Of counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

THE CONCRETE COMPANY,

     PLAINTIFF

vs.

     CASE NO. 2:05-CV-1026-C

HARRY E. LAMBERT,
CAROL'S CONTRACTING,
INC., and ALABAMA GRAVEL,
LLC,

     DEFENDANTS

## DEFENDANT CAROL'S CONTRACTING'S
## RESPONSES TO FIRST INTERROGATORIES

Comes now defendant identified as Carol's Contracting, Inc. ("Carol's") and in response to first interrogatories propounded by plaintiff, states the following answers. However, each response is subject to, and limited in accordance with, the following general objections, which are incorporated therein as if fully set forth.

### OBJECTIONS

1.    Carol's objects to each and every interrogatory to the extent it seeks information of a confidential, sensitive or personal nature which is not relevant or would not be reasonably calculated to lead to the discovery of admissible evidence.

2.    Carol's objects to plaintiff's "Definitions and Instructions" section to the extent it seeks to impose obligations beyond those of Rules 26, 33 and 34 of the

Alabama Rules of Civil Procedure. As discussed below, Carol's has conducted a reasonable and diligent search of his files where responsive documents would most reasonably be located, and Carol's is not required to undertake any additional obligations or to speculate that documents not contained in those files do or do not exist.

3.    Carol's objects to each interrogatory to the extent it seeks the production of documents or information protected by the attorney/client privilege or work product doctrine.    With respect to attorney work product and attorney/client privileged communications or documents created in connection with, or since, the filing of this lawsuit or any other lawsuit between Carol's and plaintiff, Carol's objects to any interrogatory that seeks the identification or production of such work product or privileged communications and documents, and Carol's will not identify or produce such material.

4.    Carol's responses are made on the basis of a reasonable inquiry, given the time allotted to respond, and information known or reasonably available to Carol's. This includes (a) a reasonably diligent search of Carol's files that could reasonably be expected to contain responsive information, and (b) inquiries of persons who reasonably could be expected to possess responsive information. Carol's objects to each interrogatory as unduly burdensome to the extent it seeks to compel Carol's to search files other than those files that could reasonably be

expected to contain responsive information or to inquire of persons other than those persons who could reasonably be expected to have knowledge of responsive information.

5.    Carol's objects and responds to each interrogatory based upon his best good faith understanding and interpretation of each item therein.  Accordingly, if plaintiff subsequently asserts a different interpretation than presently understood by Carol's, Carol's reserves the right to supplement or amend these objections and responses.  Except for the facts explicitly admitted herein, no admission of any nature is to be implied by or inferred from any response stated anywhere in this document.

6.    Carol's objects to being asked to respond for any other defendant in this case as several of the questions appear to do.  All of the forgoing responses are, therefore, limited ONLY to the knowledge of Carol's Contracting and its officers and employees.

### INTERROGATORY ANSWERS

1.    Identify, specify and describe any involvement, contact or other interaction you, Harry E. Lambert, and/or Alabama Gravel have had over the previous five years with any activity that relates to excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory.  For each instance include the time and date, all

parties involved, the nature and scope of the activity, the nature and scope of your, Harry E. Lambert's, and/or Alabama Gravel's involvement in the activity and any other information relevant to the allegations in the Complaint. **Not applicable. I have never signed any non-compete with TCC, I am not in the sand and gravel business and I am not a competitor of any sand and gravel or concrete operations so I do not understand how this question applies to me. My company is a trucking company. My company has dump trucks that can deliver and have delivered gravel and other materials for a variety of customers such as Alabama Gravel. I would have to defer to my business records to determine exactly when and how many times. My trucks have picked up materials from TCC and delivered them to customers of TCC on several occasions. I cannot possibly remember the dates of each delivery my trucks has made. I have previously produced documents showing the deliveries my company has made.**

5.    Identify, specify and describe each instance in which you, Harry E. Lambert, and/or Alabama Gravel have, over the previous five years, induced a Customer (i) to purchase any Product in the Territory from any business entity operating in the Territory (other than Montgomery Materials or its affiliates) and/or (ii) withdraw, curtail and/or cancel such Customer's business with Montgomery Materials. For each instance, include the date and time, all parties involved, the

nature and scope of the instance, and any other information relevant to the allegations in the Complaint. **I have done nothing of the sort. I know of nothing Harry has done. I do not know of any inducements by Alabama Gravel either. I do know they sell white oversize gravel to companies that are or were customers of TCC.**

6.    Identify, specify and describe any involvement, communication or other interaction you have had over the past five years with Harry E. Lambert and/or Alabama Gravel. For each communication, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations raised in the Complaint. **Objection. This is impossible for me to answer since Harry Lambert is my husband and I see him almost every day. Our discussions as husband and wife are privileged. This question is overbroad and overbearing since it is not limited to any specific subject matter.**

**As far as Alabama Gravel is concerned, I have had numerous discussions with employees at Alabama Gravel since—as a way for me to generate additional income—I (Carol Lambert) am employed by Alabama Gravel to do their basic bookkeeping and answer their phones for a weekly salary. I have nothing to do with sales of gravel for Alabama Gravel. They handle those discussions themselves. If a sale agreement has been made, I do**

arrange for and schedule hauling the product in my trucks. Also, Alabama Gravel rents an apartment and office space from Carol Lambert. Because of this I see Alabama Gravel employees frequently and cannot remember each and every time I have ever spoken to one of the employees of that company nor the exact content of that discussion. The nature of my communications would be clerical, casual and social.

7.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Simcala, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **Carol's Contracting has communicated with persons at Simcala re: delivery of materials to or from their plant in Mt. Meigs. I cannot recall each such conversation or the names of the two persons I can recall speaking with (one is named "Nina"). The communications are in the nature of arranging for hauling items other than Product as you define it namely coal and miscellaneous hauling. Carol's Contracting has invoices reflecting the approximate dates of the communications and the details of each haul done for Simcala, Inc. I am not aware of any communications between my husband**

and SimCala, Inc. or between Alabama Gravel and SimCala, Inc. other than the calls I have personally taken relating to the need to deliver gravel.

8.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Maddox Sand and Gravel and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **This interrogatory is improperly overbroad and is a violation of the local rules relating to "each and every" questions see Guideline IV, D. Without waiving that objection, Carol Lambert has had many casual conversations with Jim Maddox most unrelated to business since I have known him for many years. Carol's Contracting has delivered white oversize gravel to the Maddox Stone Rail Yard for its customer Alabama Gravel LLC on several occasions since August 2005. I would defer to invoices for the dates/amounts etc.   I am not aware of any substantive communications between my husband and Jim Maddox that would involve me or TCC.   I am not aware of any communications between Alabama Gravel principals and Maddox.   I may have answered a call from someone at Maddox re: a delivery of gravel but I do not have any specific recollection of that.**

9.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with Sand-Rock Transit, Inc. and/or any entity related thereto.  For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.  **I remember none anyone has had with them.**

10.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert, and/or Alabama Gravel have had with AgTran and/or any entity related thereto.  For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.   **I do not remember any conversations with AgTran and know of none others have had with them.**

12.    Identify, specify and describe your, Harry E. Lambert's, and/or Alabama Gravel's involvement with and/or relationship during the past five years to any pits or other similar facilities related to the production of Product or similar material and located within the Territory or used to supply Product to the Territory. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product produced by each facility and the entity and location to which the Product was transported.  **None.**

**My trucking company has no "involvements/relationships" with any gravel pits or facilities other than visiting some for the purpose of loading Product. Since its formation, Carol's Contracting trucks have visited numerous pits within the territory. I have already provided our invoices relating to any such deliveries.**

13.    Identify, specify and describe all involvement, interaction(s) or relationship(s) you, Harry E. Lambert, and/or Alabama Gravel have had regarding the Gentry Pit (an aggregate mining operation located in Independence, Alabama) and any other pits included in your answer to Interrogatory No. 12. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product or similar material produced by each facility and the entity and location to which the Product or similar material was transported. **See response to number 12. The Gentry Pit is a location where Carol's Contracting trucks load Product for delivery to customers of Alabama Gravel. I have no documents concerning the Gentry Pit, *per se*. I have invoices relating to hauling Product for Alabama Gravel LLC. since April 2005 and have already produced them.**

14.    Identify, specify and describe each and every individual or entity who has received any Product or similar material from you, Harry E. Lambert, and/or Alabama Gravel within the previous five years. **Objection. Overbroad.**

Requests Trade Secret Information. The answer is "none" as the question is actually worded. Nevertheless, without waiving its objection Carol's Contracting would state that it is in the trucking business and does not own or sell any Product. While its trucks primarily pull dump trailers that can and do haul Product and other things like coal, the companies to whom it delivers Product do not "receive" the product from Carol's Contracting. They "receive" it from the seller/owner of the product who is usually Carol's Contracting's customer for the hauling transaction. Carol Lambert can only recall three companies who have taken delivery of Product hauled by Carol's Contracting since it acquired hauling rights: Simcala, Maddox Stone and Globe—all of which took delivery of only white oversize gravel.

_____
Carol Lambert, President
Carol's Contracting, Inc.

## VERIFICATION

STATE OF ALABAMA

MONTGOMERY COUNTY

I, the undersigned Notary Public in and for said county in said state, hereby certify that CAROL LAMBERT, whose name as President of CAROL'S CONTRACTING, INC., is signed to the foregoing Answers to Interrogatories, and who is known to me, acknowledged before me on this day that the foregoing Answers are true and correct to the best of her knowledge, information, and belief,

and as such officer and with full authority, executed the foregoing Answers for and as the act of said corporation.

Given under my hand this the 20th day of March, 2006.

NOTARY PUBLIC

(SEAL)

My commission expires: 1-2-2010

Dennis R. Bailey
Attorney for Defendant

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading through e-mail and U.S. Mail on this the 21st day of March, 2006, to:

Robin G. Laurie, Esq.
Griffin Lane Knight, Esq.
Balch & Bingham, LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama  36104-3515

James N. Walter, Jr., Esq.
Chad W. Bryan, Esq.
Capell & Howard
Post Office Box 2069
Montgomery, Alabama  36102-2069

Thomas Gristina, Esq.
William Leonard Tucker, Esq.
Page, Scrantom, Sprouse, Tucker & Ford
Synovus Center, Third
1111 Bay Avenue
Columbus, Georgia  31901

Of counsel