IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THE CONCRETE COMPANY,** | |
| **PLAINTIFF,** | |
| vs. | **CASE NO. 2:05-CV-1026-CSC** |
| **HARRY E. LAMBERT,** **CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC,** | |
| **DEFENDANTS.** | |

## DEFENDANT HARRY E. LAMBERT'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW defendant Harry E. Lambert (hereinafter "Lambert") and moves this Honorable Court for summary judgment on the grounds that based on the undisputed and material issues of fact, Lambert is entitled to judgment as a matter of law. As further grounds for said motion, Lambert would state as follows:

1. On October 25, 2005, Plaintiff The Concrete Company (hereinafter "TCC") filed this action against Lambert and others alleging breach of contract, tortious interference with contractual and business relations, and conspiracy.

1

2. TCC's claims are based on the terms of a non-compete provision of a 1997 agreement relating to the formation of a limited liability company and Lambert's alleged breach thereof.

3. In that 1997 agreement, Lambert, as sole shareholder of MMC Holdings, Inc. (hereinafter "MMC"), entered into a joint venture with TCC to form Montgomery Materials Company, L.L.C. (hereinafter "Montgomery Materials").

4. Montgomery Materials was an Alabama company engaged in the mining of sand and gravel.

5. As part of the 1997 agreement, Lambert agreed that, if MMC ever transferred its interest in Montgomery Materials to another entity, he would not engage in certain prohibited activities as defined by the agreement.

6. Pursuant to a forced buy-out by TCC, MMC assigned its interest in Montgomery Materials to TCC effective January 2, 2001.

7. The non-compete provisions at issue expired by their own terms on January 2, 2006.

8. On April 1, 2005, TCC transferred its assets to Foley Materials Company ("Foley Materials"). Since that date, TCC has operated solely as a holding company.

9. TCC is now attempting to enforce the non-compete provisions and claims damages allegedly arising under their terms.

10. TCC does not have standing to enforce the non-compete agreements against Lambert in place of Montgomery Materials.

11. Even if it did, TCC is estopped from pursuing its claims because the non-compete provisions were not mutually binding at the time this suit was filed in October 2005. That is, TCC was not engaged in the sand and gravel business, or a like business, at the time it sought to enforce the provisions. *See* Ala. Code (1975) § 8-1-1; <u>ISS Int'l Service Systems v. Alabama Motor Express</u>, 686 So. 2d 1184, 1189 (Ala. Civ. App. 1996) (affirming trial court's refusal to enforce nonsolicitation agreements based on evidence that plaintiff was no longer in waste collection business after selling its assets to another entity).

12. Alternatively, if this Court finds that TCC is not estopped from pursuing its claims entirely, Lambert is, at a minimum, entitled to judgment as a matter of law as to claims and/or damages allegedly arising after April 1, 2005, when TCC was no longer engaged in a "like" business as required by Ala. Code (1975) §8-1-1. *See id*.

13. Based on the foregoing, the remaining claims filed against Lambert are not viable. *See* <u>Construction Materials, Ltd. v. Kirkpatrick Concrete, Inc.</u>, 631 So. 2d 1006, 1010 (Ala. 1994); <u>Allied Supply Co. v. Brown</u>, 585 So. 2d 33, 36 (Ala. 1991).

14. In accordance with the paragraph 21 of the agreement, Defendant Lambert requests reasonable attorneys' fees and expenses incurred in connection with this litigation.

15. In further support of this motion, Lambert would rely upon:

   a. All pleadings (including any exhibit attachments) previously filed in this matter

   b. <u>The Concrete Co. v. MMC Holdings Inc.</u>, Memorandum Opinion and Order dated 9/7/01, United States District Court for the Middle District of Alabama, Northern Division, Civil Action No. 2001-D-54-N, Exhibit A

   c. Deposition transcript of Eric Nix, Exhibit B

   d. Deposition transcript of Horald Sorrell, Exhibit C

   e. Bill of Sale from TCC to Foley Materials, LLC, Exhibit D

   f. Assignment of Interest in Montgomery Materials LLC to TCC by MMC Holdings, Inc. and closing statement. Exhibit E.

   g. Affidavit of Carol Lambert. Exhibit F.

      h.  Interrogatory Answers of Alabama Gravel LLC.  Exhibit G.

WHEREFORE, Defendant Harry E. Lambert is entitled to judgment as a matter of law in this case.

Respectfully submitted this 27th day of April 2006.

                                            /Dennis R. Bailey/_____
                                           Dennis R. Bailey
                                           Bethany L. Bolger
                                           Attorneys for Defendant Harry E. Lambert

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)
bbolger@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 27th day of April 2006 which will forward same to:

>Robin G. Laurie, Esq.
>Griffin Lane Knight, Esq.
>Balch & Bingham, LLP
>105 Tallapoosa Street, Suite 200
>Montgomery, Alabama   36104-3515
>
>James N. Walter, Jr., Esq.
>Chad W. Bryan, Esq.
>Capell & Howard
>Post Office Box 2069
>Montgomery, Alabama   36102-2069
>
>Thomas Gristina, Esq.
>William Leonard Tucker, Esq.
>Page, Scrantom, Sprouse, Tucker & Ford
>Synovus Center, Third
>1111 Bay Avenue
>Columbus, Georgia   31901

    /Dennis R. Bailey/
    Of counsel