IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:05-CV-1026-D |
| | ) |
| ALABAMA GRAVEL, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ALABAMA GRAVEL, LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES**

**COMES NOW** Defendant Alabama Gravel, LLC (hereinafter "Alabama Gravel") and provides the following responses and objections to Plaintiff's First Interrogatories:

**GENERAL OBJECTIONS**

1. Alabama Gravel objects to each Interrogatory to the extent it is unduly burdensome, overly broad, harassing, oppressive, vexatious, compound, vague, ambiguous, and/or not reasonably limited in time and scope.

2. Alabama Gravel objects to each Interrogatory to the extent it requests information that is neither material nor relevant to the subject matter of the pending litigation, and to the extent that the requested information is not reasonably calculated to lead to the discovery of admissible evidence.

3. Alabama Gravel objects to each Interrogatory to the extent it requests the disclosure of information that is subject to the attorney-client privilege, the self-critical analysis privilege, and/or any other legally recognized privilege, or to the extent it seeks information comprising attorney work product or that was otherwise gathered in anticipation of litigation.

1060042

4. Alabama Gravel objects to each Interrogatory to the extent it seeks commercially sensitive and proprietary information or information subject to company and/or customer confidentiality; alternatively, Alabama Gravel objects to each such Interrogatory without an agreed-upon protective order.

5. Alabama Gravel objects to each Interrogatory, definition, and instruction to the extent that each seeks to impose an obligation upon Alabama Gravel that is greater than that permitted by the Federal Rules of Civil Procedure or that is otherwise outside the permissible scope of discovery.

6. Alabama Gravel objects to each Interrogatory to the extent it seeks legal information rather than factual information, or to the extent it seeks a response that consists of an opinion or contention requiring the application of law to fact.

7. Alabama Gravel objects to each Interrogatory to the extent that a response may be derived or ascertained from the business records of Alabama Gravel, or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and to the extent that the burden of deriving or ascertaining such response is substantially the same for Plaintiff as for Alabama Gravel.

8. Alabama Gravel objects to each Interrogatory to the extent it asks Alabama Gravel to respond for other defendants. All of the following responses are made on behalf of Alabama Gravel only.

9. Notwithstanding the above objections, Alabama Gravel has attempted to respond to Plaintiff's First Interrogatories to the extent that it is possible to do so at this time. The following responses are based upon documents and information that are presently available to Alabama Gravel and are believed to be accurate and complete. However, because Alabama

Gravel's investigation into this matter is ongoing, these responses are being made without prejudice to Alabama Gravel's right to rely upon any other documents and/or information subsequently discovered.

10. Alabama Gravel's responses to Plaintiff's First Interrogatories are being made solely for purposes of this action. Each response is subject to all objections concerning materiality, relevance, and/or any other objections to admissibility which may be interposed at the time of trial. Alabama Gravel hereby expressly preserves all such objections, along with its right to move for any necessary protective orders.

11. Any specific objections made in Alabama Gravel's individual responses are in addition to the above General Objections and the failure to reassert an objection below does not constitute a waiver of that or any other objection that has been made hereinabove. Subject to and without waiver of the above General Objections, and in a good faith effort to disclose that information which is available at this stage of discovery, Alabama Gravel provides as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

1. Identify, specify and describe any involvement, contact or other interaction you, Harry E. Lambert and/or Carol's Contracting have had over the previous five years with any activity that relates to excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory. For each instance include the time and date, all parties involved, the nature and scope of the activity, the nature and scope of your, Harry E. Lambert's and/or Carol's Contracting's involvement in the activity and any other information relevant to the allegations in the Complaint.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, vague, ambiguous, and calls for legal conclusions.**

**Alabama Gravel also objects to this Interrogatory on the ground that it is not a party to any agreement between the Plaintiff and Harry Lambert and, therefore, this Interrogatory does not apply to it. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel states that it has operated a gravel business in Independence, Alabama since April 2005. Please see the response to Interrogatory #6 below with respect to Carol's Contracting and Harry Lambert.**

2.   Identify, specify and describe each instance in which you have, over the previous five years held any interest in (whether as a shareholder, partner, member, or otherwise) any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any activity that relates to excavating, mining, distributing, delivery, selling or otherwise disposing of any product at wholesale or resale within the Territory. For each instance, include the date, all parties involved, the nature and scope of the instance and any other information relevant to the allegations in the Complaint.

   **RESPONSE: None.**

3.   Identify, specify and describe each instance in which you have, over the previous five years acted as an agent, broker, or distributor for or advisor or consultant to any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to

become engaged, in any activity that relates to excavating, mining distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory. For each instance, include the date, all parties involved, the nature and scope of the instance and any other information relevant to the allegations in the Complaint.

**RESPONSE: None.**

4.      Identify, specify and describe each instance in which you have, over the previous five years in any way assisted (whether by solicitation or customers or employees, or otherwise), any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any activity that relates to excavating, mining, distributing, delivering, selling or otherwise disposing of any Product at wholesale or resale within the Territory. For each instance, include the date, all parties involved, the nature and scope of the instance and any other information relevant to allegations in the Complaint.

**RESPONSE: None.**

5.      Identify, specify and describe each instance in which you, Harry E. Lambert and/or Carol's Contracting have, over the previous five years, induced a Customer (i) to purchase any Product in the Territory from any business entity operating in the Territory (other than Montgomery Materials or its affiliates) and/or (ii) withdraw, curtail and/or cancel such Customer's business with Montgomery Materials. For each instance, include the date and time, all parties involved, the nature and scope of the instance, and any other information relevant to the allegations in the Complaint.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, vague, ambiguous, and calls for legal conclusions. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it has not induced any customer to withdraw, curtail and/or cancel any dealings with Montgomery Materials or its affiliates.**

6. Identify, specify and describe any involvement, communication or other interaction you have had over the past five years with Harry E. Lambert and/or Carol's Contracting. For each communication, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations raised in the Complaint.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, vague, and ambiguous. Without waiving its objection, Alabama Gravel responds that members and employees of Alabama Gravel have had numerous communications with Carol's Contracting because that is the trucking company that Alabama Gravel uses to haul gravel to its customers. The members and employees of Alabama Gravel have also had numerous conversations with Harry Lambert because his wife Carol Lambert owns Carol's Contracting and because Carol Lambert has individually done bookkeeping for Alabama Gravel. Dave Tuten has known Harry Lambert for about**

**20 years and has previously purchased sand and gravel from Harry's companies. Robert Alexander has known Harry Lambert for years and previously purchased sand and gravel from Harry's companies as well. Rex Dasinger previously worked for Carol's Contracting and has also known Harry Lambert for years. In late 2004 or early 2005, Dave mentioned to Harry that Simcala was looking for materials. Harry said that he was under a non-compete and could not operate a sand and gravel business. Harry suggested that Dave and Robert should meet each other and helped set up a meeting when they were both in the area. Harry also mentioned to Robert that he understood that Mike Gentry was looking to sell some oversize gravel. There have been many other communications with Harry Lambert, including many casual or social conversations. Harry is not a member or employee of Alabama Gravel and has received no payment from Alabama Gravel.**

7.  Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with Simcala, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

**RESPONSE:** Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is

no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that Dave Tuten was formerly a consultant for Simcala. Dave learned in late 2004 that Simcala was looking for a steady supplier of oversize gravel. Robert Alexander contacted Dick Wymer and was told that Simcala was looking for a steady supplier. Alabama Gravel has been able to fill a number of orders for Simcala since April 2005.

8. Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with Maddox Sand and Gravel and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that Robert Alexander has known Jim Maddox for a couple of years and has talked to him several times. Jim was looking for oversize gravel when he visited Alabama Gravel and talked to Robert several months ago. Jim was given several samples and subsequently started buying oversize gravel from Alabama Gravel.

9. Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with Sand-Rock Transit, Inc. and/or any entity related thereto. For instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

**RESPONSE: None as far as Alabama Gravel is concerned.**

10. Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with AgTran and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

**RESPONSE: None as far as Alabama Gravel is concerned.**

11. Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with any Customer and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent**

that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel states that it does not know who are customers of The Concrete Company. Alabama Gravel has filled orders for gravel by Simcala, Globe Metallurgical, and Maddox Sand & Gravel. See also the responses to Interrogatories 7 and 8.

12. Identity, specify and describe your, Harry E. Lambert's and/or Carol's Contracting's involvement with and/or relationship during the past five years to any pits or other similar facilities related to the production of Product or similar material and located within the Territory or used to supply Product to the Territory. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product produced by each facility and the entity and location to which the Product was transported.

**RESPONSE:** Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it mines oversize gravel at the Gentry Pit in Independence, Alabama.

13. Identify, specify and describe all involvement, interaction(s) or relationship(s) you, Harry E. Lambert and/or Carol's Contracting have had regarding the Gentry Pit (an aggregate mining operation located in Independence, Alabama) and any other pits included in your answer to Interrogatory No. 12. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including document detailing the Product or similar material produced by each facility and the entity and location to which the Product or similar material was transported.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it mines oversize gravel at the Gentry Pit in Independence, Alabama. Any documents relating to the Gentry Pit will be produced.**

14. Identify, specify and describe each and every individual or entity who has received any Product or similar material from you, Harry E. Lambert and/or Carol's Contracting within the previous five years.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks proprietary and confidential**

business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it has sold material to Simcala, Globe Metallurgical, and Maddox Sand & Gravel. Invoices will be produced.

15.    Identify and specify all agents, servants, employees and representatives of yourself, Harry E. Lambert and/or Carol's Contracting who may have knowledge or information relating to the subject matter of the Complaint.

**RESPONSE:** Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, vague, and ambiguous. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel is not at this time aware of anyone other than those identified in its initial disclosures or those identified in these responses.

16.    Please identify all persons whom Defendant expects to call as an expert witness at the trial of this case, and for each person state:

    1.    the person's educational background, and all degree's earned by said education;

    2.    the person's employment address and telephone number;

    3.    the subject matter or area on which such expert is to testify;

    4.    the substance of the facts and opinions to which the expert is to testify;

    5.    a summary of the grounds for each opinion or such expert; and

    6.    a list of all published articles, books, or other documents authored by said expert.

**RESPONSE: Alabama Gravel has not yet determined whom, if anyone, it may call as an expert witness at trial. Alabama Gravel will supplement this response to disclose the identity of any expert(s) in accordance with FED. R. CIV. P. 26 and the Court's Scheduling Order.**

17.    Please identify all officers and/or members of Alabama Gravel.

**RESPONSE: Robert Alexander, Dave Tuten, and Rex Dasinger.**

18.    With respect to each of the individuals identified in response to Interrogatory No. 17, please set forth their knowledge of the Agreement, when this knowledge was obtained and when they first learned about the existence of the Agreement.

**RESPONSE: No specific knowledge until being served with the Summons and Complaint in this case. Harry Lambert stated on several occasions that he was under a non-compete and could not operate a sand and gravel business.**

SIGNED AS TO RESPONSES:

By: _____
For: ALABAMA GRAVEL, LLC

STATE OF OHIO          )
WASHINGTON COUNTY )

    I, the undersigned, a Notary Public in and for said State at Large, hereby certify that Dave Tuten, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, with full authority on behalf of Alabama Gravel, LLC, executed the above voluntarily for and as the act of Alabama Gravel, LLC.

    Given under my hand and official seal this the 19th day of January, 2006.

(SEAL)    MELISSA D. SHOTWELL, Notary Public
          In and For The State of Ohio
          My Commission Expires 3/25/08

_____
Notary Public
My Commission Expires: 3/25/08

SIGNED AS TO OBJECTIONS:

_____
JAMES N. WALTER, JR. (WAL021)
CHAD W. BRYAN (BRY032)

*ATTORNEYS FOR DEFENDANT ALABAMA GRAVEL, LLC*

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the U.S. Mail, postage prepaid and properly addressed, on this the 20th day of January, 2006:

Robin G. Laurie, Esq.
G. Lane Knight, Esq.
BALCH & BINGHAM, LLP
105 Tallapoosa (36104)
P.O. Box 78
Montgomery, Alabama 36101

Dennis R. Bailey, Esq.
RUSHTON, STAKELY, JOHNSTON & GARRETT
Post Office Box 270
Montgomery, Alabama 36101-0270

Thomas F. Gristina, Esq.
PAGE, SCRANTOM, SPROUSE, TUCKER
   & FORD, P.C.
1043 Third Avenue
P.O. Box 1199
Columbus, Georgia 31902-1199

William L. Tucker, Esq.
PAGE, SCRAMTON, SPROUSE, TUCKER
   & FORD, P.C.
Synovus Centre, Third Floor
1111 Bay Avenue
Columbus, Georgia 31901

_____
OF COUNSEL