IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | |
| PLAINTIFF, | |
| vs. | CASE NO. 2:05-CV-1026-ID-CSC |
| HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC, | |
| DEFENDANTS. | |

## AFFIDAVIT

STATE OF ALABAMA

COUNTY OF MONTOMERY

CAROL LAMBERT, being duly sworn, deposed and says:

My name is Carol Lambert, and I am the President and sole stockholder of Carol's Contracting, Inc. Prior to April 2002 I worked as a bookkeeper for Montgomery Materials, LLC. That company was in the sand and gravel business. It was not in the commercial trucking business. On the same day in April 2002 that The Concrete Company closed a forced buy-out of my husband's interest in Montgomery Materials, LLC, I was fired as the bookkeeper for Montgomery Materials, LLC. I had no employment contract with Montgomery Materials. I signed no non-compete provision.

Because my husband had executed a non-compete agreement of some sort, we knew that he could not go back into the sand and gravel business in the area until January 2, 2006.

In order to generate income, I decided to buy some trucks and form a trucking company by the name of Carol's Contracting, Inc. My business was incorporated April 24, 2002. I purchased my first truck for the business around April 29, 2002. I conducted this business out of my home in Deatsville. Because my company had no government permits to haul, I leased my trucks to Foshee Trucking Company, a contract hauler in this area. Initially I would ask my husband to drive because he had a CDL license and this would save me the expense of hiring a truck driver. Neither Harry nor I believed for a moment that his service as a truck driver driving a truck which I owned in the commercial trucking business was in any way a violation of the non-compete agreement he had signed. In fact, while leased to Foshee Trucking Co., Harry drove my company's truck on several occasions to deliver sand or gravel from The Concrete Company (which had taken over Montgomery Materials, LLC). Those loads had been ordered by customers of The Concrete Company. It never occurred to me that anyone would consider such actions to be engaging in the sand and gravel business as I understood it and had witnessed it being conducted at Montgomery Materials, LLC before it was taken over by The Concrete Company.

Shortly after I began the business, two former employees of Montgomery Materials (then known as The Concrete Company) approached me and asked me if they could get jobs driving trucks for my company. They indicated they were not happy working for nor did not wish to work for any business owned by Frank Foley, III (owner of The Concrete Company). These two men, John Parker and Grady Parker, had commercial driver's licenses. Carol's Contracting, Inc. bought two additional trucks for them to drive. At that time, Carol's Contracting's trucks were all leased through a commercial trucking broker by the name of Foshee Trucking. The trucks would be used to haul a variety of products at the request of Foshee Trucking's dispatcher. The products included but were not limited to, sand and gravel products, or anything that could be hauled in a dump trailer, such as coal.

On or about April 1, 2005, Carol's Contracting, Inc. obtained permission to haul products over the roads in Alabama from the proper governmental authorities. At that time, Carol's Contracting removed its trucks from a contract haulers leasing program and began to haul under my own authority for customers. According to my records, the first time Carol's Contracting ever hauled white, over-sized gravel for Alabama Gravel, LLC, occurred on April 10, 2005.

On or about April 5, 2005, I was given the opportunity to again work as a bookkeeper for a sand and gravel business called Alabama Gravel, LLC. They

3

offered me the bookkeeping position at a salary slightly more than I had made at Montgomery Materials but with no medical or other benefits. I had medical and other benefits with Montgomery Materials.

My husband drove one of my trucks until he had medical problems which prohibited him from doing so. He drove the trucks for me without compensation. He did it to help my company and me, and I appreciated it. I know for a fact that The Concrete Company knew my husband was driving a truck for me as early as June 2002 because Harry personally signed the weight tickets at The Concrete Company d/b/a Montgomery Materials that were used by Foshee Trucking to get payment from the customer for whom the product was being hauled. Harry's assistance to my company as a driver was never hidden from anyone at any time.

I, Carol Lambert, individually, also owned a small apartment and maintenance shop on my property in Deatsville which Alabama Gravel offered to rent for $1,000 per month. This is located a few hundred feet from our home. The ability to work as their bookkeeper a short walk from my home and to be able to conduct my trucking business near the same location was an attractive incentive for me to agree to go to work for Alabama Gravel as their bookkeeper and to rent them a building on property near my home. Again, I had no idea that anyone would consider my work as a bookkeeper for Alabama Gravel or my renting of property to Alabama Gravel or my operation of a trucking company hauling sand

and gravel for customers such as Alabama Gravel, would in any way be a violation of Harry's non-compete agreement with The Concrete Company. The fact that my company, Carol's Contracting, has been sued has caused me untold physical and mental anguish and distress. It has caused me to undergo terrible depression and uncontrolled crying. I have sought medical attention for this problem and am under a doctor's care to help me deal with the stress of being sued under circumstances that are so unfair and unjust and yet are costing my company and myself large sums of money to defend, which my company does not have. Prior to being served with the summons and complaint filed by The Concrete Company, I had never heard one iota of information from any source that anyone had any question at all about anything I or my company, Carol's Contracting, was doing. The shock and surprise of being sued by The Concrete Company for operating a trucking company and working as a bookkeeper troubles me to this day.

_/s/ Carol Lambert_

CAROL LAMBERT

SWORN TO and subscribed before me this 21st day of April, 2006.

_/s/ Notary_
Notary Public
My Commission Expires: 10/29/06

(Seal)