# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

THE CONCRETE COMPANY,    )
                               )
    Plaintiff,            )
                               )    **Case No.: 2:05-CV-1026-D**
v.                        )
                               )
ALABAMA GRAVEL, LLC, et al.,    )
                               )
    Defendants.        )
                               )
                               )

## DEFENDANT ALABAMA GRAVEL, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

**COMES NOW** Defendant Alabama Gravel, LLC (hereinafter "Alabama Gravel") and

provides the following supplemental responses and objections to Plaintiff's First Interrogatories:

### GENERAL OBJECTIONS

1.    Alabama Gravel objects to each Interrogatory to the extent it is unduly

burdensome, overly broad, harassing, oppressive, vexatious, compound, vague, ambiguous,

and/or not reasonably limited in time and scope.

2.    Alabama Gravel objects to each Interrogatory to the extent it requests information

that is neither material nor relevant to the subject matter of the pending litigation, and to the

extent that the requested information is not reasonably calculated to lead to the discovery of

admissible evidence.

1067438

3.      Alabama Gravel objects to each Interrogatory to the extent it requests the disclosure of information that is subject to the attorney-client privilege, the self-critical analysis privilege, and/or any other legally recognized privilege, or to the extent it seeks information comprising attorney work product or that was otherwise gathered in anticipation of litigation.

4.      Alabama Gravel objects to each Interrogatory to the extent it seeks commercially sensitive and proprietary information or information subject to company and/or customer confidentiality; alternatively, Alabama Gravel objects to each such Interrogatory without an agreed-upon protective order.

5.      Alabama Gravel objects to each Interrogatory, definition, and instruction to the extent that each seeks to impose an obligation upon Alabama Gravel that is greater than that permitted by the Federal Rules of Civil Procedure or that is otherwise outside the permissible scope of discovery.

6.      Alabama Gravel objects to each Interrogatory to the extent it seeks legal information rather than factual information, or to the extent it seeks a response that consists of an opinion or contention requiring the application of law to fact.

7.      Alabama Gravel objects to each Interrogatory to the extent it seeks information regarding events that occurred on or after January 2, 2006.

8.      Alabama Gravel objects to each Interrogatory to the extent that a response may be derived or ascertained from the business records of Alabama Gravel, or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and to the extent that the burden of deriving or ascertaining such response is substantially the same for Plaintiff as for Alabama Gravel.

9.     Alabama Gravel objects to each Interrogatory to the extent it asks Alabama Gravel to respond for other defendants. All of the following responses are made on behalf of Alabama Gravel only.

10.     Notwithstanding the above objections, Alabama Gravel has attempted to respond to Plaintiff's First Interrogatories to the extent that it is possible to do so at this time. The following responses are based upon documents and information that are presently available to Alabama Gravel and are believed to be accurate and complete. However, because Alabama Gravel's investigation into this matter is ongoing, these responses are being made without prejudice to Alabama Gravel's right to rely upon any other documents and/or information subsequently discovered.

11.     Alabama Gravel's responses to Plaintiff's First Interrogatories are being made solely for purposes of this action. Each response is subject to all objections concerning materiality, relevance, and/or any other objections to admissibility which may be interposed at the time of trial. Alabama Gravel hereby expressly preserves all such objections, along with its right to move for any necessary protective orders.

12.     Any specific objections made in Alabama Gravel's individual responses are in addition to the above General Objections and the failure to reassert an objection below does not constitute a waiver of that or any other objection that has been made hereinabove. Subject to and without waiver of the above General Objections, and in a good faith effort to disclose that information which is available at this stage of discovery, Alabama Gravel provides as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

5.      Identify, specify and describe each instance in which you, Harry E. Lambert

and/or Carol's Contracting have, over the previous five years, induced a Customer (i) to purchase

any Product in the Territory from any business entity operating in the Territory (other than

Montgomery Materials or its affiliates) and/or (ii) withdraw, curtail and/or cancel such

Customer's business with Montgomery Materials. For each instance, include the date and time,

all parties involved, the nature and scope of the instance, and any other information relevant to

the allegations in the Complaint.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is
overly broad, unduly burdensome, vague, ambiguous, and calls for legal conclusions.
Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure
of information that (if it exists at all) is maintained exclusively by other defendants to this
action, as such information is not within the scope of Alabama Gravel's knowledge and the
burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel.
Without waiving its objections, Alabama Gravel responds that it has not induced a
customer to purchase any oversize gravel or to withdraw, curtail and/or cancel the
customer's business with Montgomery Materials. Alabama Gravel has filled orders for
oversize gravel by Simcala, Globe Metallurgical and Maddox Sand & Gravel. Please see
the invoices previously produced in this action.**

6.      Identify, specify and describe any involvement, communication or other

interaction you have had over the past five years with Harry E. Lambert and/or Carol's

Contracting. For each communication, include the date and time, all parties involved, the nature

and scope of the involvement or communication and any other information relevant to the allegations raised in the Complaint.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, vague, and ambiguous. Without waiving its objection, Alabama Gravel responds that members and employees of Alabama Gravel have had numerous communications with Carol's Contracting because that is the trucking company that Alabama Gravel uses to haul gravel to its customers. Those communications consist of conversations and telephone calls concerning the hauling of gravel to Alabama Gravel's customers. Those communications occur on practically a daily basis. Most of the communications have occurred at the Gentry Pit in Independence, Alabama. The members and employees of Alabama Gravel have also had numerous conversations with Harry Lambert because his wife Carol Lambert owns Carol's Contracting and because Carol Lambert has individually done bookkeeping for Alabama Gravel. Dave Tuten has known Harry Lambert for about 20 years and has previously purchased sand and gravel from Harry's companies. Robert Alexander has known Harry Lambert for years and previously purchased sand and gravel from Harry's companies as well. Rex Dasinger previously worked for Carol's Contracting and has also known Harry Lambert for years. In late 2004 or early 2005, Dave mentioned to Harry that Simcala was looking for materials. Harry said that he was under a non-compete and could not operate a sand and gravel business. Harry suggested that Dave and Robert should meet each other and helped set up a meeting when they were both in the area. Harry also mentioned to Robert that he understood that Mike Gentry was looking to sell some oversize gravel. In late summer or early fall of 2005, Harry and Dave drove out to the Deatsville site. There have been many**

other communications with Harry Lambert, including many casual or social conversations. It is impossible to recall the dates and details of those conversations. Most of those conversations were casual or social conversations that related to recent events or the sand and gravel business in general. Harry is not a member or employee of Alabama Gravel and has received no payment from Alabama Gravel.

7.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with Simcala, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that Dave Tuten was formerly a consultant for Simcala. Dave learned in late 2004 that Simcala was looking for a steady supplier of oversize gravel. Alabama Gravel understands that Mr. Wymer contacted Harry Lambert in late 2004 or early 2005 to see if he knew of oversize gravel suppliers in this area. Robert Alexander contacted Dick Wymer and was told that Simcala was looking for a steady supplier. Alabama Gravel has been able to fill a number of orders for Simcala since April 2005. Alabama Gravel has, of**

course, spoken to employees of Carol's Contracting on numerous occasions to coordinate the shipping of oversize gravel to Simcala's plant.

      8.      Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with Maddox Sand and Gravel and/or any entity related thereto.   For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

      **RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records.  Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel.  Without waiving its objections, Alabama Gravel responds that Robert Alexander has known Jim Maddox for a couple of years and has talked to him several times.  Jim was looking for oversize gravel when he visited Alabama Gravel and talked to Robert several months ago.  Jim was given several samples and subsequently started buying oversize gravel from Alabama Gravel. Alabama Gravel is not aware of any specific involvement, communication or interaction that Harry Lambert or Carol's Contracting has had with Maddox Sand & Gravel or any related entity other than hauling oversized gravel from Alabama Gravel to Maddox Sand & Gravel.**

      9.      Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with Sand-Rock Transit, Inc. and/or

any entity related thereto. For instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

**RESPONSE: None as far as Alabama Gravel is concerned. Alabama Gravel is aware of none as far as Harry Lambert and Carol's Contracting are concerned.**

10.    Identify, specify and describe any involvement, communication or interaction you, Harry E. Lambert and/or Carol's Contracting have had with AgTran and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint.

**RESPONSE: None as far as Alabama Gravel is concerned. Alabama Gravel is aware of none as far as Harry Lambert and Carol's Contracting are concerned.**

12.    Identity, specify and describe your, Harry E. Lambert's and/or Carol's Contracting's involvement with and/or relationship during the past five years to any pits or other similar facilities related to the production of Product or similar material and located within the Territory or used to supply Product to the Territory. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product produced by each facility and the entity and location to which the Product was transported.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is**

maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it mines oversize gravel at the Gentry Pit in Independence, Alabama. Carol's Contracting trucks visit and load oversize gravel at the Gentry Pit and haul it to customers. Harry Lambert sometimes drives Carol's Contracting trucks that visit and load gravel at the Gentry Pit. Harry had visited the Deatsville site prior to January 2, 2006, although no product was being mined there.

13.    Identify, specify and describe all involvement, interaction(s) or relationship(s) you, Harry E. Lambert and/or Carol's Contracting have had regarding the Gentry Pit (an aggregate mining operation located in Independence, Alabama) and any other pits included in your answer to Interrogatory No. 12. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including document detailing the Product or similar material produced by each facility and the entity and location to which the Product or similar material was transported.

RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks propriety and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it mines oversize gravel at the Gentry Pit in Independence, Alabama.

Any documents relating to the Gentry Pit have been produced. See also the response to Interrogatory 12.

14.     Identify, specify and describe each and every individual or entity who has received any Product or similar material from you, Harry E. Lambert and/or Carol's Contracting within the previous five years.

**RESPONSE: Alabama Gravel objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks proprietary and confidential business information and customer records. Alabama Gravel further objects to the extent that this Interrogatory calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it has sold material to Simcala, Globe Metallurgical, and Maddox Sand & Gravel. Invoices have been produced. Carol's Contracting has hauled material to Simcala, Globe Metallurgical, and Maddox Sand & Gravel. Alabama Gravel is not aware of who else Carol's Contracting may have hauled materials to.**

                          **SIGNED AS TO RESPONSES:**


                          By: _____
                          For:   **ALABAMA GRAVEL, LLC**

STATE OF OHIO          )
WASHINGTON COUNTY )

I, the undersigned, a Notary Public in and for said State at Large, hereby certify that Dave Tuten, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, with full authority on behalf of Alabama Gravel, LLC, executed the above voluntarily for and as the act of Alabama Gravel, LLC.

Given under my hand and official seal this the ___ day of May, 2006.

(SEAL)    MELISSA D. SHOTWELL, Notary Public
          In and For The State of Ohio
          My Commission Expires 3/25/08

_____
Notary Public
My Commission Expires: 3/25/08

SIGNED AS TO OBJECTIONS:

_____
JAMES N. WALTER, JR. (WAL021)
CHAD W. BRYAN (BRY032)

*ATTORNEYS FOR DEFENDANT ALABAMA GRAVEL, LLC*

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone:  (334) 241-8000
Facsimile:   (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the U.S. Mail, postage prepaid and properly addressed, on this the ＳＹ−day of May, 2006:

Robin G. Laurie, Esq.
G. Lane Knight, Esq.
BALCH & BINGHAM, LLP
105 Tallapoosa (36104)
P.O. Box 78
Montgomery, Alabama 36101

Dennis R. Bailey, Esq.
RUSHTON, STAKELY, JOHNSTON & GARRETT
Post Office Box 270
Montgomery, Alabama 36101-0270

Thomas F. Gristina, Esq.
PAGE, SCRANTOM, SPROUSE, TUCKER
   & FORD, P.C.
1043 Third Avenue
P.O. Box 1199
Columbus, Georgia 31902-1199

William L. Tucker, Esq.
PAGE, SCRAMTON, SPROUSE, TUCKER
   & FORD, P.C.
Synovus Centre, Third Floor
1111 Bay Avenue
Columbus, Georgia 31901

OF COUNSEL