IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THE CONCRETE COMPANY,** | |
| **PLAINTIFF,** | |
| vs. | **CASE NO. 2:05-CV-1026-CSC** |
| **HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC,** | |
| **DEFENDANTS.** | |

**DEFENDANTS HARRY E. LAMBERT AND CAROL'S CONTRACTING, INC.'S MOTION FOR PROTECTIVE ORDER**

COME NOW Defendants Harry E. Lambert (hereinafter "Lambert") and Carol's Contracting, Inc. (hereinafter "Carol's Contracting") and pursuant to Federal Rule of Civil Procedure 26(c) moves this Honorable Court to protect these defendants from having to engage in expensive discovery on the merits of the case next week prior to a ruling on pending motions relating to the enforceability of the non-compete agreement by the plaintiff. As grounds for this motion, Lambert and Carol's Contracting would state as follows:

1. This cause was filed October 25, 2005. [Doc. 1] The sole plaintiff in the case is The Concrete Company "TCC". The underlying linchpin of all

claims asserted in the complaint is the existence of an enforceable non-competition agreement.

2. Lambert is an individual who has not been able to earn a living in the sand and gravel business in this area for several years. He has no insurance to pay for the defense of the claims alleged in the complaint nor to pay for the attorneys' fees associated with the defense. Harry Lambert has also suffered from bouts with cancer which have limited his ability to earn income.

3. Carol's Contracting is a closely-held corporation owned and managed by Harry's wife Carol Lambert. It was formed to provide income while Harry was unable to work for the reasons stated above. It is a trucking company with one or two vehicles operating at a time. It has no insurance coverage for the claims asserted in this case nor for the attorneys' fees associated with the defense.

4. Timely answers were filed by these defendants on November 23, 2005 [Docs. 7&8]. Lambert's answer included a counterclaim seeking, among other things, a declaration that the non-competition agreement was unenforceable on its face due to the unreasonableness of its stated length and breadth.

5. TCC served interrogatories and requests for production on these defendants December 9, 2005.

6. Lambert served interrogatories and requests for production on TCC December 9, 2005.

7. Additionally, on December 9, 2005, Lambert noticed the deposition of TCC to take place January 9, 2006. **TCC did not notice the depositions of these defendants at that time.** By e-mail, Lambert requested dates to depose the following persons if they were not going to be corporate representatives of TCC: Frank Foley, Gene Talley, Hugh Sorrells, Danny Luster, Billy Ammons and Eric Nix.

8. On December 16 and 22, 2005, Carol's Contracting issued written discovery to TCC.

9. Initial disclosures were timely produced to TCC by these defendants on December 27, 2005. TCC filed its disclosures December 29th.

10. Also on December 27, 2005, TCC issued subpoenas to the customers mentioned in the complaint who, it was alleged, had stopped doing business with TCC as the result of actions of the Defendants. Specifically, subpoenas were issued to Simcala, Maddox Stone, Ag-Tran and Sand Rock Transit, among others.

11. On January 2, 2006, the non-compete agreement expired by its own terms.

12. On January 10, 2006, the parties agreed to move the depositions noticed by Lambert to the week of February 20, 2006. In an e-mail, TCC counsel indicated that "all parties" would be deposed that week.

13. On January 11, 2006 these defendants filed timely responses to the interrogatories and requests for production issued by TCC. On that day TCC filed timely written responses to the interrogatories and requests for production issued by Lambert but did not provide the documents requested on the basis that a protective order was required. Carol's Contracting did not agree that such an order was necessary but withheld its documents pending resolution of the issue.

14. On January 16, 2006, Lambert noticed the depositions of the TCC representatives most knowledgeable of the allegations for February 20, 2006. Lambert also noticed the depositions of Frank Foley, Gene Talley, Hugh Sorrells, Danny Luster, Billy Ammons and Eric Nix.

15. On January 19, 2006, TCC filed responses to Carol's Contracting's written discovery but did not provide the documents identified.

16. On February 1, 2006, counsel for defendants reminded TCC counsel of the list of individuals it had requested to depose in December.  Also on

that date counsel for defendants requested TCC move forward with an exchange of documents.

17. On February 3, 2006, Lambert filed a motion for judgment on the pleadings [Doc. 28] seeking a determination that the non-compete agreement had expired on its own terms January 2, 2006. The motion was denied as moot after TCC stipulated that the agreement had expired on that date.

18. On February 4, 2006, the parties met to discuss discovery disputes. These defendants voluntarily supplied their documents to TCC, whereas TCC did not provide their documents until February 8, 2006.

19. On February 8, 2006, this Court entered a new scheduling order setting the deadline for dispositive motions for July 24, 2006 and cutoff date for discovery of October 6, 2006. [Doc. 31]

20. The parties requested mediation and a pre-mediation conference call was held February 14, 2006.

21. To avoid potentially unnecessary expense prior to mediation, the depositions noticed for the week of February 20 were postponed.

22. Mediation was conducted March 1, 2006, without success.

23. Defendants submitted a proposed protective order to TCC on March 9, 2006.

24. On March 10, 2006, after discussions with counsel for TCC, Lambert noticed the depositions of TCC, Frank Foley, Gene Talley, Hugh Sorrells, Danny Luster, Billy Ammons and Eric Nix for March 28-March 30, 2006.

25. On March 16, 2006, counsel for Lambert proposed a deposition schedule for the TCC witnesses for March 28-30, 2006. Because Gene Talley was out of town, his deposition was renoticed for April 18, 2006.

26. These defendants supplemented their prior discovery responses on March 21, 2006.

27. On March 22, 2006, counsel for TCC advised that Frank Foley had made a mistake about his schedule and could not be available March 30 and would be available April 18 with Gene Talley.

28. On March 27, 2006, Lambert re-noticed the deposition of Frank Foley for April 18, 2006.

29. On March 28, 2006, Lambert took the deposition of the 30(b)(6) representative of TCC (Hugh Sorrells). During his testimony Lambert discovered that as of April 1, 2005 TCC operated solely as a holding company and was not in the sand and gravel business.

30. A stipulated protective order was entered April 5, 2006. [Doc. 34]

31. On April 12, 2006, TCC filed a motion to compel concerning the marital privilege and information about activities of Lambert after the expiration of the non-compete agreement. [Doc. 35] This Court required a response by April 28 and set a hearing for May 10, 2006. [Doc. 36]

32. On April 18, 2006, Lambert took the deposition of Frank Foley and Gene Tally at which Foley produced the document showing the transfer of assets from TCC to Foley Materials effective April 1, 2005. Foley also testified to his interpretation of the scope of the non-compete.

33. On April 27, 2006, Lambert and Carol's Contracting filed Motions for Summary Judgment on the question of whether TCC could enforce the terms of the non-compete and whether it was otherwise enforceable. [Doc. 39 & 41]

34. On April 28, 2006, these defendants filed timely responses to the motion to compel. [Doc. 43]

35. On May 2, 2006, this Court set the motions for summary judgment for submission on May 23, 2006 and gave TCC until that date to file a response. [Doc. 44]

36. On May 10, 2006, this Court held a hearing on the pending motion to compel and denied same without prejudice. [Doc. 45-46]

37. On May 11, 2006, TCC noticed the depositions of all defendants to take place over the period of June 5-7. **This was the first deposition notice issued by TCC.**

38. On May 15, 2006, counsel for these defendants e-mailed counsel for TCC and stated:

> One of the primary reasons of filing the MSJ motions early was to try to avoid costly discovery expenses on the merits in the event the Court finds the issues raised in our MSJ have merit. Those issues were specifically raised as to not require merits discovery.
>
> Accordingly, this is my effort to try to resolve a possible discovery dispute. I would like your agreement that if we do not have a decision on our pending motions by 5 p.m. on June 1, then we will cancel and reschedule the depositions you have noticed. If you will not agree to this proposal then I shall file a Motion for Protective Order with regard to all merits discovery pending a ruling on the potentially dispositive motions.
>
> Obviously, I would not object to any effort to extend other deadlines based upon such a delay

39. Alabama Gravel filed a motion for summary judgment on May 17, 2006. [Doc. 47] This Court set the submission date for that motion for June 7, 2006. [Doc. 50]

40. On May 23, 2006, TCC filed its response to the motions for summary judgment filed by these defendants. [Doc. 49]

41. On May 25, 2006, TCC agreed to move the depositions of all defendants from the week of June 6 to the week of June 19.

42. On June 7, 2006, TCC noticed the depositions of all defendants to be taken during the period of June 20-23.

43. On June 9, 2006, these defendants notified TCC counsel that if no ruling was issued on the pending motions by June 14th, these defendants would probably file a motion for protective order.

44. On June 13, 2006, this Court ordered that TCC file a list of all discovery conducted by TCC and that a hearing on the issue of whether discovery would be required by TCC to adequately respond to the motion for summary judgment filed by Alabama Gravel be conducted on June 23, 2006. [Doc. 52]

45. On June 14, 2006, in an effort to attempt to resolve a potential discovery dispute, counsel for these defendants called counsel for TCC to inquire in a civil manner whether TCC would agree to postpone the depositions pending a ruling on the aforesaid motions. TCC counsel politely declined.

46. The defense of the claims of TCC is an expensive proposition for these defendants.

47. The purpose of the filing of the pending motions for summary judgment months before the cutoff date for such motions was, as stated above, to avoid unnecessary expenses of litigation if TCC was determined, as these defendants strongly believe should be determined, not a proper party or that the non-compete was unenforceable.

48. No discovery on the merits of the claim from these defendants is required for TCC to respond to the pending motions since they are based upon the relationship between TCC and Foley Materials and a transfer of assets which occurred April 1, 2005, or upon the testimony of representatives of customers who have provided affidavits that it was TCC's own actions which caused them to seek other sources of white oversize gravel.

49. If the Court grants the pending motions, the depositions will be unnecessary.

50. These defendants have no objection to any reasonable extension of discovery (currently set for completion by October 6, 2006) or other deadlines that might be warranted by a delay in discovery pending a ruling on the pending motions.

WHEREFORE, Defendants Harry E. Lambert and Carol's Contracting, Inc., respectfully request that this Court enter a protective order requiring the

depositions scheduled for June 20-22 to be delayed until a ruling is issued on the pending motions on the preliminary matters raised therein.

Respectfully submitted this 14th day of June 2006.

        */s/ Dennis R. Bailey*_____
Dennis R. Bailey
Bethany L. Bolger
Attorneys for Defendant Harry E. Lambert
and Carol's Contracting, Inc.

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)
bbolger@rsjg.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 14th day of June 2006 which will forward same to:

>Robin G. Laurie, Esq.
>Griffin Lane Knight, Esq.
>Balch & Bingham, LLP
>105 Tallapoosa Street, Suite 200
>Montgomery, Alabama   36104-3515
>
>James N. Walter, Jr., Esq.
>Chad W. Bryan, Esq.
>Capell & Howard
>Post Office Box 2069
>Montgomery, Alabama   36102-2069
>
>Thomas Gristina, Esq.
>William Leonard Tucker, Esq.
>Page, Scrantom, Sprouse, Tucker & Ford
>Synovus Center, Third
>1111 Bay Avenue
>Columbus, Georgia   31901

                                                   /s/ Dennis R. Bailey
                                                   Of counsel