IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:05-CV-1026-D |
| | ) |
| ALABAMA GRAVEL, LLC, et al., | ) |
| | ) |

**DEFENDANT ALABAMA GRAVEL, LLC'S
JOINDER IN MOTION FOR PROTECTIVE ORDER**

COMES NOW Defendant Alabama Gravel, LLC ("Alabama Gravel") and, pursuant to Federal Rule of Civil Procedure 26(c), hereby joins in Defendants Harry E. Lambert's and Carol's Contracting, Inc.'s Motion for Protective Order (Document 54) and respectfully moves the Court to enter an Order protecting this defendant from having to engage in expensive, burdensome and unnecessary discovery on the merits of the case next week prior to the Court ruling on pending motions. As grounds for this motion, Alabama Gravel states as follows:

1. Alabama Gravel adopts and incorporates herein by reference all grounds set forth in Defendants Harry E. Lambert's and Carol's Contracting, Inc.'s Motion for Protective Order (Document 54). As stated therein, the underlying linchpin of all claims asserted in the complaint is the existence of an enforceable non-competition agreement. The enforceability of the non-competition agreement should be determined before additional depositions are taken in this case.

2. Moreover, Plaintiff The Concrete Company ("TCC") cannot prove an essential element of its claim against Alabama Gravel, i.e., that Alabama Gravel proximately caused harm or damage to TCC. The Affidavit of Richard Wymer of Simcala (Exhibit C to Alabama Gravel's Motion for Summary Judgment) (Document 47) affirmatively establishes that he made the unilateral decision to seek out other suppliers, including Alabama Gravel, when he received information from TCC which led him to believe that TCC might be unable to supply Simcala with adequate quantities of suitable oversize gravel. TCC's own actions and its inability to supply its major customer Simcala were the proximate cause of any loss or damage incurred by TCC. Additional depositions in this case will not alter that fatal flaw in TCC's case.

3. Defendant Alabama Gravel has already incurred substantial legal fees and expenses in defending against this baseless lawsuit. Alabama Gravel should not be subjected to the expense of additional depositions that will be unnecessary if the Court grants its pending Motion for Summary Judgment.

4. Alabama Gravel has no objection to any reasonable extension of discovery (currently set for completion by October 6, 2006) or other deadlines that may be warranted by a delay in discovery pending a ruling on the pending motions.

WHEREFORE, Defendant Alabama Gravel, LLC respectfully requests that the Court enter a protective order requiring the depositions scheduled for June 20 - 22, 2006, to be delayed until a ruling is issued on the pending motions on the preliminary matters raised herein.

Respectfully submitted this 15th day of June, 2006.

/s/ James N. Walter, Jr.
James N. Walter, Jr. (WAL021)
Chad W. Bryan (BRY032)
Attorneys for Defendant
Alabama Gravel, LLC

**Of Counsel:**
Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000
FAX: (334) 323-8888

## Certificate of Service

I hereby certify that on this the 15th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robin G. Laurie, Esq.
G. Lane Knight, Esq.
Balch & Bingham, LLP
105 Tallapoosa (36104)
P.O. Box 78
Montgomery, Alabama 36101

Dennis R. Bailey, Esq.
Bethany L. Bolger, Esq.
Rushton, Stakely, Johnston & Garrett
Post Office Box 270
Montgomery, Alabama 36101-0270

Thomas F. Gristina, Esq.
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1043 Third Avenue
P.O.Box 1199
Columbus, Georgia  31902-1199

William L. Tucker, Esq.
Page, Scramton, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, Third Floor, Synovus Centre
Columbus, Georgia  31901

/s/ James N. Walter, Jr.
Of Counsel