IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | |
| PLAINTIFF, | |
| vs. | CASE NO. 2:05-CV-1026-CSC |
| HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC, | |
| DEFENDANTS. | |

### DEFENDANTS HARRY E. LAMBERT AND CAROL'S CONTRACTING, INC.'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Harry E. Lambert (hereinafter "Lambert") and Carol's Contracting, Inc. (hereinafter "Carol's Contracting") and moves this Honorable Court to stay discovery pending a ruling on the pending motions for summary judgment [Docs. 39 and 41] on the following grounds:

1. This cause was filed October 25, 2005. [Doc. 1]  The sole plaintiff in the case is The Concrete Company "TCC".  The underlying linchpin of all claims asserted in the complaint is the existence of an enforceable non-competition agreement and, because Foley Materials, Inc. is not a party, TCC's standing to enforce it.

2. Lambert is an individual who was not able to earn a living in the sand and gravel business for several years. He has no insurance to pay for the defense of the claims alleged in the complaint or to pay for the attorneys' fees associated with the defense. Harry Lambert has also suffered from bouts with cancer which have limited his ability to earn income.

3. Carol's Contracting is a closely-held corporation owned and managed by Harry's wife Carol Lambert. It was formed to provide income while Harry was unable to work for the reasons stated above. It is a trucking company with one or two vehicles operating at a time. It has no insurance coverage for the claims asserted in this case nor for the attorneys' fees associated with the defense.

4. Timely answers were filed by these defendants on November 23, 2005 [Docs. 7&8]. Lambert's answer included a counterclaim seeking, among other things, a declaration that the non-competition agreement was unenforceable on its face due to the unreasonableness of its stated length and breadth.

5. On January 2, 2006, the non-compete agreement expired by its own terms.

6. On February 3, 2006, Lambert filed a motion for judgment on the pleadings [Doc. 28] seeking a determination that the non-competition

agreement had expired on its own terms January 2, 2006. The motion was denied as moot after TCC stipulated that the agreement had expired on that date.

7. On March 28, 2006, Lambert took the deposition of the 30(b)(6) representative of TCC (Hugh Sorrells). During his testimony Lambert discovered that as of April 1, 2005 TCC operated solely as a holding company and was not in the sand and gravel business. Thereafter, a wholly owned subsidiary, Foley Materials, Inc., conducted sand and gravel business in the territory.

8. On April 18, 2006, Lambert took the deposition of Frank Foley at which Foley produced the document showing the transfer of assets from TCC to Foley Materials effective April 1, 2005. No assignment of the non-competition agreement to Foley Materials, Inc. was alleged or produced.

9. On April 27, 2006, Lambert and Carol's Contracting filed Motions for Summary Judgment on the question of whether TCC had standing to enforce the terms of the non-compete and whether it was otherwise enforceable. [Doc. 39 & 41]

10. On May 2, 2006, this Court set the motions for summary judgment for submission on May 23, 2006 and gave TCC until that date to file a response. [Doc. 44]

11. On May 11, 2006, TCC noticed the depositions of all defendants to take place over the period of June 5-7. This was the first deposition notice issued by TCC.

12. On May 15, 2006, counsel for these defendants e-mailed counsel for TCC and stated:

> One of the primary reasons of filing the MSJ motions early was to try to avoid costly discovery expenses on the merits in the event the Court finds the issues raised in our MSJ have merit. Those issues were specifically raised as to not require merits discovery.
>
> Accordingly, this is my effort to try to resolve a possible discovery dispute. I would like your agreement that if we do not have a decision on our pending motions by 5 p.m. on June 1, then we will cancel and reschedule the depositions you have noticed. If you will not agree to this proposal then I shall file a Motion for Protective Order with regard to all merits discovery pending a ruling on the potentially dispositive motions.
>
> Obviously, I would not object to any effort to extend other deadlines based upon such a delay

13. Alabama Gravel filed a motion for summary judgment on May 17, 2006. [Doc. 47] This Court set the submission date for that motion for June 7, 2006. [Doc. 50]

14. On May 23, 2006, TCC filed its response to the motions for summary judgment filed by these defendants. [Doc. 49] TCC did not request any further discovery on the issues raised in the motions. Rather, it indicated

that no further discovery on the questions raised by these defendants was essential. *See* Doc. 49, pg. 14, fn. 8.

15. On May 25, 2006, TCC agreed to move the depositions of all defendants from the week of June 6 to the week of June 19.

16. On June 7, 2006, TCC noticed the depositions of all defendants to be taken during the period of June 20-23.

17. On June 9, 2006, these defendants notified TCC counsel that if no ruling was issued on the pending motions by June 14th, these defendants would probably file a motion for protective order.

18. On June 13, 2006, this Court ordered that TCC file a list of all discovery conducted by TCC and that a hearing on the issue of whether discovery would be required by TCC to adequately respond to the motion for summary judgment filed by Alabama Gravel be conducted on June 23, 2006. [Doc. 52]

19. On June 14, 2006, in an effort to attempt to resolve a potential discovery dispute, counsel for these defendants called counsel for TCC to inquire in a civil manner whether TCC would agree to postpone the depositions pending a ruling on the aforesaid motions. TCC counsel politely declined.

20. On June 14, 2006, Lambert and Carol's Contracting filed their first Motion for Protective Order [Doc. 54].

21. This Court granted the motion June 19, 2006. [Doc. 57]

22. A hearing was conducted June 23, 2006 on the issue of further discovery. During the hearing the Court requested to know whether there was authority on the issue of the standing of TCC and counsel for these defendants indicated they believed there was a case and would supply it. [Doc. 59]. That case, <u>Russell v. Birmingham Oxygen</u>, *supra*, was identified July 7, 2006.

23. However, on June 23, 2006, this Court issued an order permitting TCC to complete "any discovery necessary to fully respond to the defendant's motions for summary judgment" through August 1, 2006. [Doc. 58]

24. The only defendant's summary judgment motion pending which TCC requested discovery was the summary judgment of Alabama Gravel.

25. On June 28, 2006, counsel for TCC requested dates to depose Harry Lambert and Carol's Contracting (as well as Alabama Gravel principals).

26. On July 5, 2006, counsel for Lambert and Carol's Contracting received notices for their depositions July 12, 2006, as well as, notices of depositions of 10 third party individuals—some of which are out of state.

Counsel was advised that three members of Alabama Gravel were also to be deposed in July.

27. These defendants filed a second motion for protective order on July 6, 2006 seeking protection from the depositions of Harry and Carol Lambert scheduled to take place July 12, 2006. [Doc. 60]

28. On July 11, 2006, counsel for TCC agreed to postpone said depositions until after August 8, 2006 for the reasons stated in paragraph 37 below. The court was informed and on July 12, 2006, the motion for protective order was denied as moot. [Doc. 62]

29. On July 13, TCC deposed a corporate representative of Alabama Gravel (Dave Tuten).

30. Also on July 13, 2006, TCC moved to dismiss Alabama Gravel with prejudice [Doc. 63]

31. There are no pending motions requiring discovery by TCC.

32. The defense of the claims of TCC is an expensive proposition for these defendants.

33. The purpose of the filing of the pending motions for summary judgment months before the cutoff date for such motions was, as stated above, to avoid unnecessary expenses of litigation if TCC was determined, as these

defendants strongly believe should be determined, not a proper party or that the non-compete was unenforceable.

34. No discovery on the merits is required for TCC to respond to the pending motion on the standing issue since they are based upon the relationship between TCC and Foley Materials and a transfer of assets which occurred April 1, 2005.

35. If the Court grants the pending motions on the standing issue further depositions will be unnecessary.

36. On July 14, 2006 the parties filed a joint motion for continuance and rescheduling of cutoff dates. [Doc. 64]

37. On July 18, 2006, Alabama Gravel was dismissed as a party with prejudice and all pending motions as to Alabama Gravel were denied as moot. [Doc. 65]

38. Also on July 18, 2006, this Court granted the motion to continue and rescheduled the trial for February 26, 2007. The new discovery cutoff date is January 11, 2007. [Doc. 66]

39. While Alabama Gravel was a party, these defendants had no objection to TCC moving forward with depositions of third parties on the issues of damages since that issue was raised in the Motion for Summary Judgment of Alabama Gravel. Furthermore, counsel for these defendants

would not have to attend such depositions if counsel for Alabama Gravel was going to be present. However, now that Alabama Gravel is no longer a party, the expense to these defendants will be great.

40. The pending motions for summary judgment by these parties are under submission and require no further discovery.

WHEREFORE, Defendants Harry E. Lambert and Carol's Contracting, Inc., respectfully request that this Court enter an order staying discovery until a ruling is issued on the pending motions of these defendants on the standing issue raised therein.

Respectfully submitted this 18th day of July 2006.

                                         /s/ Dennis R. Bailey
                                         Dennis R. Bailey
                                         Bethany L. Bolger
                                         Attorneys for Defendant Harry E. Lambert
                                         and Carol's Contracting, Inc.

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)
bbolger@rsjg.com (e-mail)

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 18th day of July 2006 which will forward same to:

>Robin G. Laurie, Esq.
>Griffin Lane Knight, Esq.
>Balch & Bingham, LLP
>105 Tallapoosa Street, Suite 200
>Montgomery, Alabama   36104-3515
>
>James N. Walter, Jr., Esq.
>Chad W. Bryan, Esq.
>Capell & Howard
>Post Office Box 2069
>Montgomery, Alabama   36102-2069
>
>Thomas Gristina, Esq.
>William Leonard Tucker, Esq.
>Page, Scrantom, Sprouse, Tucker & Ford
>Synovus Center, Third
>1111 Bay Avenue
>Columbus, Georgia   31901

>    _/s/ Dennis R. Bailey_____
>        Of counsel