# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | |
| PLAINTIFF | |
| vs. | CASE NO. 2:05-CV-1026-C |
| HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC, | |
| DEFENDANTS | |

### DEFENDANT HARRY E. LAMBERT'S RESPONSES TO FIRST INTERROGATORIES

Comes now defendant identified as Harry E. Lambert ("Lambert") and in response to first interrogatories propounded by plaintiff, states the following answers. However, each response is subject to, and limited in accordance with, the following general objections, which are incorporated therein as if fully set forth.

### OBJECTIONS

1. Lambert objects to each and every interrogatory to the extent it seeks information of a confidential, sensitive or personal nature which is not relevant or would not be reasonably calculated to lead to the discovery of admissible evidence.

2. Lambert objects to plaintiff's "Definitions and Instructions" section to the extent it seeks to impose obligations beyond those of Rules 26, 33 and 34 of the

Alabama Rules of Civil Procedure. As discussed below, Lambert has conducted a reasonable and diligent search of his files where responsive documents would most reasonably be located, and Lambert is not required to undertake any additional obligations or to speculate that documents not contained in those files do or do not exist.

3.  Lambert objects to each interrogatory to the extent it seeks the production of documents or information protected by the attorney/client privilege or work product doctrine. With respect to attorney work product and attorney/client privileged communications or documents created in connection with, or since, the filing of this lawsuit or any other lawsuit between Lambert and plaintiff, Lambert objects to any interrogatory that seeks the identification or production of such work product or privileged communications and documents, and Lambert will not identify or produce such material.

4.  Lambert's responses are made on the basis of a reasonable inquiry, given the time allotted to respond, and information known or reasonably available to Lambert. This includes (a) a reasonably diligent search of Lambert's files that could reasonably be expected to contain responsive information, and (b) inquiries of persons who reasonably could be expected to possess responsive information. Lambert objects to each interrogatory as unduly burdensome to the extent it seeks to compel Lambert to search files other than those files that could reasonably be

expected to contain responsive information or to inquire of persons other than those persons who could reasonably be expected to have knowledge of responsive information.

5. Lambert objects and responds to each interrogatory based upon his best good faith understanding and interpretation of each item therein. Accordingly, if plaintiff subsequently asserts a different interpretation than presently understood by Lambert, Lambert reserves the right to supplement or amend these objections and responses. Except for the facts explicitly admitted herein, no admission of any nature is to be implied by or inferred from any response stated anywhere in this document.

6. Lambert objects to being asked to respond for other defendants. All of the following responses are made on behalf of Harry E. Lambert only.

7. Lambert objects to having to supplement these interrogatories regarding actions he takes to go back into the sand and gravel business after the expiration of the non-compete by its own terms effective January 2, 2006.

## INTERROGATORY ANSWERS

1. Identify, specify and describe any involvement, contact or other interaction you, Carol's Contracting, and/or Alabama Gravel have had over the previous five years with any Prohibited Activity For each instance include the time and date, all parties involved, the nature and scope of the Prohibited Activity,

the nature and scope of your, Carol's Contracting's, and/or Alabama Gravel's involvement in the Prohibited Activity and any other information relevant to the allegations in the Complaint.  **As I understand the definition of "Prohibited Activity" and "Product" I have not had any except when I was managing Montgomery Materials LLC with the knowledge of TCC during the lawsuit involving the buy-sell agreement.**

    2.    Identify, specify and describe each instance in which you have, over the previous five years, held any interest in (whether as a shareholder, partner, member, or otherwise) any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any Prohibited Activity.  For each instance, include the date, all parties involved, the nature and scope of the instance and any other information relevant to the allegations in the Complaint.  **I owned Montgomery Holding Co. which held ½ interest in Montgomery Materials LLC until forced to sell it to TCC effective five years ago.  Since then I have held no interest of any kind in any company involved in the sand and gravel business.  At this time I do not know if Montgomery Holdings still exists but I know that it has not been active since I was forced out of Montgomery Materials.**

    3.    Identify, specify and describe each instance in which you have, over the previous five years, acted as an agent, broker, or distributor for or advisor or

consultant to any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any Prohibited Activity. For each instance, include the date, all parties involved, the nature and scope of the instance, and any other information relevant to the allegations in the Complaint. **Other than my employment with Montgomery Materials, LLC, none.**

4. Identify, specify and describe each instance in which you have, over the previous five years, in any way assisted (whether by solicitation or customers or employees or otherwise), any person, firm, corporation or business entity which is engaged, or which you knew was undertaking to become engaged, in any Prohibited Activity. For each instance, include the date, all parties involved, the nature and scope of the instance and any other information relevant to allegations in the Complaint. **None other than when I was working for Montgomery Materials, LLC.**

5. Identify, specify and describe each instance in which you, Carol's Contracting, and/or Alabama Gravel have, over the previous five years, induced a Customer (i) to purchase any Product in the Territory from any business entity operating in the Territory (other than Montgomery Materials or its affiliates) and/or (ii) withdraw, curtail and/or cancel such Customer's business with Montgomery Materials. For each instance, include the date and time, all parties involved, the

nature and scope of the instance, and any other information relevant to the allegations in the Complaint. **I have not.**

6.  Identify, specify and describe any involvement, communication or other interaction you have had over the past five years with Carol's Contracting and/or Alabama Gravel. For each communication, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations raised in the Complaint. **Objection as overbroad. This is impossible for me to answer since my wife owns Carol's Contracting and I see her almost every day and I would hope our private discussions as husband and wife are privileged.**

**I have had numerous discussions with persons at Alabama Gravel relating to their use of Carol's Contracting as a trucking firm which causes me to be out at their location regularly. Therefore, I cannot remember each and every time I have ever spoken to one of the employees of that company nor the content of that discussion. I have also had many communications that would be considered casual and social. I know I have made it clear to the owners of Alabama Gravel that I was in "jail" until January 2, 2006 as far as operating any sand and gravel business was concerned so we have avoided talking about or taking any action that would involve me engaging in the sand and gravel business. I have specifically told them I could not become involved**

in the sand and gravel business until after January 2, 2006. These discussions involved Robert Alexander and Dave Tooten. I object to having to disclose any conversations with them after January 2, 2006, if any.

7. Identify, specify and describe any involvement, communication or interaction you, Carol's Contracting, and/or Alabama Gravel have had with Simcala, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **Back in early 2005 I was contacted by representatives of Simcala, namely Dick Weimer or Dick Boardwine, who were seeking white oversize gravel for metallurgical purposes. I recall they said that TCC had cut them back or could not supply all their needs. I advised them I could not help because I was in "jail" until 2006. Because I could not assist them I referred them to Mr. Robert Alexander to see if he could assist them. After I introduced them they took it from there. I have driven a Carol's Contracting truck loaded with oversize white gravel and coal to Simcala. I do not know or remember the exact number of times or dates I do not keep records of that because I do it voluntarily (*i.e.* I do not get paid unless you call my wife's cooking for me repayment) to have something to do while I was waiting for the non-compete to expire. Since I know that Carol's Contracting has done**

some hauling for Simcala and Alabama Gravel, I have answered the phone at the house when those companies have called Carol's Contracting requesting hauls. I do not remember each such call or who called on each occasion.

8. Identify, specify and describe any involvement, communication or interaction you, Carol's Contracting, and/or Alabama Gravel have had with Maddox Sand and Gravel and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **I have known Jim Maddox for years and have talked to him numerous times. I have also spoken with a guy there named "Danny". Most of the conversations relate to loading rail cars with white oversize gravel using Carol's Contracting as the trucking company. I do recall that Jim Maddox has told me that TCC had not been able to supply that product to his company at the time. I believe I have also driven one of Carol's Contracting trucks to the Maddox rail yard on a few occasions. The truck would have been loaded with white oversize gravel on any such occasion.**

9. Identify, specify and describe any involvement, communication or interaction you, Carol's Contracting, and/or Alabama Gravel have had with Sand-Rock Transit, Inc. and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or

communication and any other information relevant to the allegations in the Complaint. **None.**

10. Identify, specify and describe any involvement, communication or interaction you, Carol's Contracting, and/or Alabama Gravel have had with AgTran and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **None.**

11. Identify, specify and describe any involvement, communication or interaction you, Carol's Contracting, and/or Alabama Gravel have had with any Customer and/or any entity related thereto. For each instance, include the date and time, all parties involved, the nature and scope of the involvement or communication and any other information relevant to the allegations in the Complaint. **I do not really know who are currently customers of TCC. At one time it is my understanding that Simcala, Maddox Stone and Globe were customers of TCC. See prior responses for Simcala and Maddox Stone.**

**As far as Globe Metallurgical is concerned, I know I have talked with Skip Davis and Bobby Becker concerning quantities of white oversize gravel they wanted to be hauled by Carol's Contracting. I recall one or both of them**

had told me that they could not get that product from TCC at the time and therefore were going to purchase from Alabama Gravel, LLC.

Since prior to the non-compete I had been in the aggregate or sand and gravel business all my life—and my father was in that business before me—most of my friends are persons who are in that business or work in related businesses. I am sure some of them were Customers of TCC at one time. I cannot remember all the various conversations I would have had with all of those people. Most of these conversations would be purely social although some have asked "when I am going to be out of jail". I can only say that during the term of the non-compete I have made it clear to whomever asked that I could not go into business in this area in competition with TCC.

12. Identify, specify and describe your, Carol's Contracting's, and/or Alabama Gravel's involvement with and/or relationship during the past five years to any pits or other similar facilities related to the production of Product or similar material and located within the Territory or used to supply Product to the Territory. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product produced by each facility and the entity and location to which the Product was transported. Other than as an employee of Montgomery Materials I have not had any prior to

**January 2, 2006. I object to having to disclose any involvements I have had with pits or pit owners since then.**

13. Identify, specify and describe all involvement, interaction(s) or relationship(s) you, Carol's Contracting, and/or Alabama Gravel have had regarding the Gentry Pit (an aggregate mining operation located in Independence, Alabama) and any other pits included in your answer to Interrogatory No. 12. For each pit or similar facility, identify and specify all documents relating to the pit or similar facility, including documents detailing the Product or similar material produced by each facility and the entity and location to which the Product or similar material was transported. **I have no business involvement with the Gentry Pit whatsoever. However, I do know Mike Gentry and have been there many times.**

14. Identify, specify and describe each and every individual or entity who has received any Product or similar material from you, Carol's Contracting, and/or Alabama Gravel within the previous five years. **I have not engaged in the sand and gravel business—as I understand what the sand and gravel business is—since I left Montgomery Materials, LLC. and prior to January 2, 2006. To date, no one has received any Product from me and I have not sold anybody but I plan to very shortly since the non-compete has expired and I am now involved in trying to get back into the business in the Territory.**

15. Identify and specify all agents, servants, employees and representatives of yourself, Carol's Contracting, and/or Alabama Gravel who may have knowledge or information relating to the subject matter of the Complaint. **I know of no one other than those identified in my initial disclosure or those identified in these responses.**

16. Please identify all persons whom defendant expects to call as an expert witness at the trial of this case, and for each such person state:

   (1) The person's educational background and all degrees earned by said education;

   (2) The person's employment address and telephone number;

   (3) The subject matter or area on which such expert is to testify;

   (4) The substance of the facts and opinions to which the expert is to testify;

   (5) A summary of the grounds for each opinion of such expert; and

   (6) A list of all published articles, books, or other documents authored by said expert.

   **No expert has been selected at this time.**

*/s/ Harry E. Lambert*
Harry E. Lambert

**VERIFICATION**

STATE OF ALABAMA

MONTGOMERY COUNTY

I, the undersigned Notary Public in and for said county in said state, hereby certify that HARRY E. LAMBERT, whose name is signed to the foregoing Answers to Interrogatories, and who is known to me, acknowledged before me on this day that the foregoing Answers are true and correct to the best of his knowledge, information, and belief.

Given under my hand this the 10th day of January, 2006.

NOTARY PUBLIC
My commission expires: 10/29/06

(SEAL)

Dennis R. Bailey
Attorney for Defendant

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

### CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading through e-mail and U.S. Mail on this the 10th day of January, 2006, to:

    Robin G. Laurie, Esq.
    Griffin Lane Knight, Esq.
    Balch & Bingham, LLP

105 Tallapoosa Street, Suite 200
Montgomery, Alabama   36104-3515

James N. Walter, Jr., Esq.
Chad W. Bryan, Esq.
Capell & Howard
Post Office Box 2069
Montgomery, Alabama   36102-2069

Thomas Gristina, Esq.
William Leonard Tucker, Esq.
Page, Scrantom, Sprouse, Tucker & Ford
Synovus Center, Third
1111 Bay Avenue
Columbus, Georgia   31901

_____
Of counsel