# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:05-CV-1026 |
| ALABAMA GRAVEL, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANT ALABAMA GRAVEL, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

COMES NOW Defendant Alabama Gravel, LLC (hereinafter "Alabama Gravel") and provides the following responses and objections to Plaintiff's First Request for Production:

### GENERAL OBJECTIONS

1. Alabama Gravel objects to each Request for Production to the extent it is unduly burdensome, overly broad, harassing, oppressive, vexatious, compound, vague, ambiguous, and/or not reasonably limited in time and scope.

2. Alabama Gravel objects to each Request for Production to the extent it requests information that is neither material nor relevant to the subject matter of the pending litigation, and to the extent that the requested information is not reasonably calculated to lead to the discovery of admissible evidence.

3. Alabama Gravel objects to each Request for Production to the extent it requests the disclosure of information that is subject to the attorney-client privilege, the self-critical analysis privilege, and/or any other legally recognized privilege, or to the extent it seeks

1060037

information comprising attorney work product or that was otherwise gathered in anticipation of litigation.

4. Alabama Gravel objects to each Request for Production to the extent it seeks commercially sensitive and proprietary information or information subject to company and/or customer confidentiality; alternatively, Alabama Gravel objects to each such Request without an agreed-upon protective order.

5. Alabama Gravel objects to each Request for Production, definition, and instruction to the extent that each seeks to impose an obligation upon Alabama Gravel that is greater than that permitted by the Federal Rules of Civil Procedure or that is otherwise outside the permissible scope of discovery.

6. Alabama Gravel objects to each Request for Production to the extent it seeks legal information rather than factual information, or to the extent it seeks a response that consists of an opinion or contention requiring the application of law to fact.

7. Notwithstanding the above objections, Alabama Gravel has attempted to respond to Plaintiff's First Request for Production to the extent that it is possible to do so at this time. The following responses are based upon documents and information that are presently available to Alabama Gravel and are believed to be accurate and complete. However, because Alabama Gravel's investigation into this matter is ongoing, these responses are being made without prejudice to Alabama Gravel's right to rely upon any other documents and/or information subsequently discovered.

8. Alabama Gravel objects to each Request for Production to the extent it asks Alabama Gravel to respond for other defendants. All of the following responses are made on behalf of Alabama Gravel only.

9. Alabama Gravel's responses to Plaintiff's First Requests for Production are being made solely for purposes of this action. Each response is subject to all objections concerning materiality, relevance, and/or any other objections to admissibility which may be interposed at the time of trial. Alabama Gravel hereby expressly preserves all such objections, along with its right to move for any necessary protective orders.

10. Any specific objections made in Alabama Gravel's individual responses are in addition to the above General Objections and the failure to reassert an objection below does not constitute a waiver of that or any other objection that has been made hereinabove. Subject to and without waiver of the above General Objections, and in a good faith effort to disclose that information which is available at this stage of discovery, Alabama Gravel provides as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

1. All documents and tangible items related in any manner to the involvement, interaction and/or communication between you Harry E. Lambert and/or Carols' Contracting.

**RESPONSE: Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, vague, and ambiguous. Alabama Gravel further objects to the extent that this request seeks information that is commercially sensitive, proprietary, or subject to company and/or customer confidentiality. Without waiving its objections, Alabama Gravel responds that it will produce copies of invoices reflecting hauling services provided by Carol's Contracting.**

2. All documents and tangible items related in any manner to any interactions and/or communications between you, Harry E. Lambert and/or Carol's Contracting and Simcala, Inc.

**RESPONSE:** Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks proprietary and confidential business information and customer records. Alabama Gravel further objects to the extent that this request calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it will produce copies of invoices reflecting purchases by Simcala.

3. All documents and tangible items related in any manner to any interactions and/or communications between you, Carol's Contracting and/or Harry E. Lambert and Maddox Sand and Gravel.

**RESPONSE:** Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, ambiguous, and seeks proprietary and confidential business information and customer records. Alabama Gravel further objects to the extent that this request calls for the disclosure of information that (if it exists at all) is maintained exclusively by other defendants to this action, as such information is not within the scope of Alabama Gravel's knowledge and the burden in obtaining such information is no greater for Plaintiff than for Alabama Gravel. Without waiving its objections, Alabama Gravel responds that it will produce copies of invoices reflecting purchases by Maddox Sand & Gravel.

4.      All documents and tangible items related in any manner to any interactions and/or communications between you, Carol's Contracting and/or Harry E. Lambert and Sand-Rock Transit, Inc.

**RESPONSE: None.**

5.      All documents and tangible items related in any manner to any interactions and/or communications between you, Carol's Contracting and/or Harry E. Lambert and AgTran.

**RESPONSE: None.**

6.      All documents or tangible items related in any manner to the Gentry Pit and/or any other aggregate mining operation within the Territory.

**RESPONSE: Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, vague, ambiguous, and seeks proprietary and confidential business information and customer records. Without waiving its objections, Alabama Gravel responds that it will produce copies of electric bills for Alabama Gravel's mining plant located at the Gentry Pit.**

7.      All documents and tangible items related in any manner to the production or provision of Product within the Territory or to individuals or entities located within the Territory.

**RESPONSE: Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, harassing, vague, ambiguous, and calls for legal conclusions. Alabama Gravel also objects to this request on the ground that it is not a party to any**

agreement between the Plaintiff and Harry Lambert and, therefore, this request does not apply to it. Alabama Gravel further objects to the extent that this request seeks proprietary and confidential business information and customer records. Without waiving its objections, Alabama Gravel responds that it will produce copies of invoices reflecting purchases by Globe Metallurgical. See also those documents being produced in response to Request for Production # 2 and # 3.

8. All documents and tangible items related in any manner to the involvement or interaction of you, Harry E. Lambert and/or Carol's Contracting over the previous five years with any Prohibited Activity and/or with any individual or entity engaged or in any way involved in a Prohibited Activity.

**RESPONSE:** Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, harassing, vague, ambiguous and calls for legal conclusions. Alabama Gravel also objects to this request on the ground that it is not a party to any agreement between the Plaintiff and Harry Lambert and, therefore, this request does not apply to it. Without waiving its objections, Alabama Gravel responds that is has no such documents to the extent Alabama Gravel understands this request.

9. All documents identified in response to Plaintiff's First Interrogatories to Defendant.

**RESPONSE:** See documents being produced herewith.

10. All documents related to the allegations in the Complaint.

**RESPONSE: Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, vague, and ambiguous. Without waiving its objections, Alabama Gravel directs Plaintiff to the documents being produced herewith.**

11. All documents relied upon or referred to in the formation of opinions by any designated expert witness(es).

**RESPONSE: Alabama Gravel has not yet determined whom, if anyone, it may call as an expert witness at trial. Alabama Gravel therefore presently has no documents that are responsive to this request. Alabama Gravel will supplement this response in accordance with FED. R. CIV. P. 26 and the Court's Scheduling Order.**

12. All invoices for Product or similar material sold or provided by you.

**RESPONSE: Alabama Gravel objects to this request on the basis that it is overly broad, unduly burdensome, harassing, vague, ambiguous, and not reasonably limited in time and scope. Without waiving its objections, Alabama Gravel responds that it will produce copies of invoices reflecting materials sold to Simcala, Globe Metallurgical, and Maddox Sand & Gravel.**

Respectfully submitted,

_____
JAMES N. WALTER, JR. (WAL021)
CHAD W. BRYAN (BRY032)

*ATTORNEYS FOR DEFENDANT ALABAMA GRAVEL, LLC*

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the U.S. Mail, postage prepaid and properly addressed, on this the 20th day of January, 2006:

Robin G. Laurie, Esq.
G. Lane Knight, Esq.
BALCH & BINGHAM, LLP
105 Tallapoosa (36104)
P.O. Box 78
Montgomery, Alabama 36101

Dennis R. Bailey, Esq.
RUSHTON, STAKELY, JOHNSTON & GARRETT
Post Office Box 270
Montgomery, Alabama 36101-0270

Thomas F. Gristina, Esq.
PAGE, SCRANTOM, SPROUSE, TUCKER
   & FORD, P.C.
1043 Third Avenue
P.O.Box 1199
Columbus, Georgia 31902-1199

William L. Tucker, Esq.
PAGE, SCRAMTON, SPROUSE, TUCKER
   & FORD, P.C.
Synovus Centre, Third Floor
1111 Bay Avenue
Columbus, Georgia 31901

_____
OF COUNSEL