IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05cv1026-CSC |
| | ) |
| HARRY E. LAMBERT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On July 18, 2006, the court entered a scheduling order setting this case for trial on February 26, 2007. *See* Doc. # 66. On August 11, 2006, the court restricted the plaintiff to taking the depositions of defendant Harry Lambert and a representative of defendant Carol's Contracting and stayed all other discovery. *See* Doc. # 73.

Now pending before the court is the April 27, 2006, motions for summary judgment (docs. # 39 & 41) and the October 24, 2006, motion for summary judgment (doc. # 86) filed by the defendants. Also pending before the court is the October 19, 2006, motion for an extension of the dispositive motion deadline (doc. # 85) filed by the plaintiff. The court previously denied the plaintiff's motion to conduct additional discovery because discovery was stayed pending resolution of the defendants' April 27, 2006 motions for summary judgment. *See* Doc. # 84.

On November 14, 2006, the court held a status conference and heard brief argument on the plaintiff's motion to extend the dispositive motion deadline. Upon consideration of

the pending motions and for good cause, it is

ORDERED as follows:

1. The defendants' April 27, 2006, motions for summary judgment (docs. # 39 & 41) be and are hereby DENIED as moot with the understanding that the court will incorporate the issues raised in these motions with the defendant's pending motion for summary judgment (doc. # 86) and will consider the arguments and evidence submitted in support of or in opposition of these motions.

2. The plaintiff's October 19, 2006, motion for an extension of the dispositive motion deadline (doc. # 85) be and is hereby GRANTED.

3. All restrictions on discovery be and are hereby LIFTED and may proceed in accordance with the Federal Rules of Civil Procedure and the local rules of this court.

4. All discovery shall be completed on or before **February 23, 2007**.

5. The plaintiff shall file any dispositive motions, i.e., motions to dismiss or motions for summary judgment, on or before **February 23, 2007.**

6. The defendants' motion for summary judgment is to be submitted on the motion, the pleadings, and any documents or other evidence the party seeking summary judgment has already filed or which the plaintiff may wish to file in response on or before **February 23, 2007**.[1]  If the plaintiff files a motion for summary judgment, the defendants

---

[1] This submission is without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

may file a response on or before **March 16, 2007**. Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.

In responding to a motion for summary judgment, the parties should make specific reference to the following provisions of FED. R. CIV. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial.

A party opposing a motion for summary judgment cannot rely only on the unsworn pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case.[2] Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[3] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in an order granting the motion and entry of final judgment in favor of the moving party without further proceedings

---

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3] If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.

7. The scheduling order entered on July 18, 2006 (doc. # 66) be and is hereby MODIFIED as follows:

**A.** The final pretrial conference presently set for January 25, 2007, in Montgomery, Alabama, at 11:00 a.m. in Courtroom 4B, United States Courthouse, One Church Street, Montgomery, Alabama be and is hereby **RESET to 9:00 a.m. on April 24, 2007**. This conference shall be attended by at least one of the attorneys who will try the case for each of the parties and by any party who is not represented by an attorney. The court will address the matters provided for in Rule 16(c). All motions which have not been submitted or ruled on will be heard at this time. The parties are DIRECTED to jointly prepare a proposed pretrial order consistent with the outline attached to this order. The plaintiff shall insure that the original of the proposed pretrial order is received by the court NOT LATER THAN FIVE BUSINESS days prior to the pretrial conference by either delivery of the order to chambers or by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to propord_coody@almd.uscourts.gov. For this purpose, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

**B.** Jury selection and trial presently set for February 26, 2007, commencing at 10:00 a.m, in Montgomery, Alabama before United States Magistrate Judge Charles S. Coody., be and is hereby **RESET for June 4, 2007,** commencing at 10:00 a.m.

**C.** On or before **May 7, 2007**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed.

**D.** On or before **May 7, 2007**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Except to the extent written notice to the contrary is given prior to the scheduled trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

    **E.** On or before **May 7, 2007**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  <u>Except to the extent written notice to the contrary is given no later than **SEVEN (7) DAYS PRIOR TO THE SCHEDULED TRIAL DATE**, the evidence shall be deemed genuine and admissible in evidence.  The written notice shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

    **F.** Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified, using any part of a deposition or other document not so listed, or offering such evidence not so furnished and identified with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.

    **G.** Except to the extent of any conflict with the deadlines specified in this order, the Discovery Plan contained in the FED.R.CIV.P. 26(f) Report of Parties' Planning Meeting previously filed with the court is adopted and incorporated herein.

    **H.** <u>*If a jury trial:*</u>  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.**  Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

    **I.** In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

    **J**. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

 Done this 15th day of November, 2006.

               /s/Charles S. Coody
               CHARLES S. COODY
               CHIEF UNITED STATES MAGISTRATE JUDGE