IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THE CONCRETE COMPANY,** | \| |
| **PLAINTIFF,** | \| |
| vs. | \| CASE NO. 2:05-CV-1026-CSC |
| **HARRY E. LAMBERT, CAROL'S CONTRACTING, INC., and ALABAMA GRAVEL, LLC,** | \| |
| **DEFENDANTS.** | \| |

**HARRY E. LAMBERT'S
<u>MOTION FOR PARTIAL SUMMARY DECLARATORY JUDGMENT</u>**

Comes now defendant/counterclaim plaintiff identified as Harry E. Lambert ("Lambert") and moves this Honorable Court, pursuant to Fed. R. Civ. Pro. 56, for partial declaratory judgment declaring that he is again free to engage in the sand and gravel business in this area. As grounds for said motion, Defendant Lambert would state as follows:

1. Plaintiff, The Concrete Company ("TCC"), filed its Complaint on Oct. 25, 2005, against Defendant Lambert and others based on the non-competition provisions of a June 10, 1997, buy-sell agreement ("Agreement"). [Doc. 1-1]

2. In his Answer and Counterclaim, filed Nov. 23, 2005, Defendant Lambert sought a declaration that the non-competition provisions of the Agreement expired on January 2, 2006. [Doc. 12, "Counterclaim: Count One."]

3. In its Answer to Defendant Lambert's Counterclaim, filed Dec. 8, 2005, TCC admitted that the non-competition provisions of the agreement expired by their own terms on Jan. 2, 2006. [Doc. 13, ¶ 18.]

4. On Jan. 20, 2006, Defendant Lambert filed an Amended Counterclaim based on TCC's admission as to the expiration of the non-competition provisions of the agreement. [Doc. 25; *see also* "Motion to Amend Counterclaim," Doc. 18; "Order Allowing Amended Counterclaim," Doc. 24.]

5. Defendant Lambert's Amended Counterclaim contained two Counts against TCC, both seeking a declaration that the non-competition provisions expired Jan. 2, 2006. [Doc. 25.]

6. In its Answer to Defendant Lambert's Amended Counterclaim, filed Jan. 30, 2006, TCC denied that it had previously admitted that the non-competition provisions of the agreement expired by their own terms on Jan. 2, 2006. [Doc. 27, ¶ 29.] However, in that same

document (i.e., TCC's Answer to Defendant Lambert's Amended Counterclaim), TCC again admits that the non-competition provisions of the agreement expired by their own terms on Jan. 2, 2006. That time, TCC admitted the expiration date "except to the extent that Defendant's violation of the non-competition provisions may be deemed to have tolled the duration of the provisions." [Doc. 27, ¶ 18.]

7. In February 2006, Lambert, through counsel, requested counsel for TCC to simply issue a statement that the Agreement expired January 2, 2006, and noted that continued uncertainty concerning that issue would cause damage to Lambert.

8. TCC failed to make any such statement even though Lambert, through counsel, advised counsel for TCC in advance that a motion would be filed on the subject.

9. Hearing no agreement from TCC prior to filing the motion, Lambert initially raised this issue with the Court February 2, 2006 through a motion for judgment on the pleadings. [Doc. 28]

10. After filing the motion, TCC agreed to withdraw its qualified admission to paragraph 18 of the Amended Counterclaim and

admitted that non-competition provisions of the Agreement expired by their own terms on January 2, 2006. [Doc. 29, ¶¶ 1 & 3].

11. Notice of resolution of that issue was filed February 5, 2006. [Doc. 29].

12. Despite the apparent resolution of the issue, Lambert's ability to re-enter the sand and gravel business has been negatively affected by TCC's "holding this lawsuit over the head of those who are considering doing business" with Lambert "who are also afraid of being falsely sued" by TCC's owner Frank Foley. *See* Doc. 89-A, ¶ 29.

13. This problem was addressed at the hearing before this Court November 14, 2006, as one of the reasons defendants opposed rescheduling the trial and prolonging the case.

14. It is counsel's recollection that the Court inquired of counsel for TCC for a yes or no answer as to whether Lambert was now free to engage in the sand and gravel business in this area. Although initially counsel for TCC resisted, counsel recalls clearly that TCC counsel stated "yes" to the question posed by the Court.

15. On November 17, 2006, counsel contacted TCC counsel with the following request:

4

> Based upon the statements in open court, it would help all sides if TCC would agree to let the Court enter an order stating exactly what was said in open court: "Since January 2, 2006, Harry Lambert has been free to engage in the sand and gravel business in the Montgomery area and is no longer bound by the terms of any non-compete with The Concrete Company." Let me hear from you shortly on this.

16. On November 21, 2006, the initial response of TCC was: "We aren't inclined to give a legal (mixed legal and factual?) opinion to your clients, that you can give just as easily."

17. Counsel for defendants replied on that date: "The question was would you oppose my motion to get the judge to issue such an order for Lambert to show to persons he is dealing with?"

18. The "final" position of TCC was relayed November 22, 2006 as follows:

    "[O]ur response is that the non-compete at issue in this litigation expired by its own terms on January 2, 2006. I understand that you are considering a motion for an order stating what you wrote in your November 17 (2:54 pm) email. We cannot agree to such a motion at this time. We will consider the motion if and when you file."

19. Currently, there is no authoritative document Lambert can show to persons with whom he deals that makes his ability to engage in the sand and gravel business clear to laypersons.

20. Unfortunately, without a clear order from the Court stating what was said in open court by TCC counsel that defendant Lambert can show

to prospective business partners he will be unduly hampered by the existence of this litigation and the actions of TCC in holding the threat of litigation over the heads of such persons.

21. Companies or individuals who wish to conduct business with Lambert after the expiration of the non-compete agreement should be free to do so without fear that some day in the future it may be determined that Lambert was still subject to them.

22. Lambert should be free to conduct sand and gravel business after January 2, 2006, without a cloud over his ability to do so.

23. TCC should not require the expenditure of legal expenses to obtain a clear statement to that effect from this Court.

24. If TCC was not using the lawsuit as a threat against doing business with Lambert, TCC should not oppose the entry of an order confirming what TCC stated in open court.

25. In further support of this motion, Defendant Lambert would rely upon those materials referenced in and/or submitted in support of the pending Motion for Summary Judgment.

WHEREFORE, Defendant Harry E. Lambert is entitled to partial summary judgment for a declaration to the effect that: Since January 2, 2006, Harry Lambert has been free to engage in the sand and gravel business in the Montgomery area

and is no longer bound by the terms of any non-compete with The Concrete Company. Lambert also seeks a reasonable attorney's fee relating to the filing of this motion.

Respectfully submitted this 21st day of November 2006.

                                                              _s/Dennis R. Bailey_____
                                                              Dennis R. Bailey
                                                              Bethany L. Bolger
                                                              Attorneys for Defendant Harry E. Lambert

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 21st day of November 2006, which will forward same to:

    Robin G. Laurie, Esq.
    Griffin Lane Knight, Esq.
    Balch & Bingham, LLP
    105 Tallapoosa Street, Suite 200
    Montgomery, Alabama   36104-3515

    Thomas Gristina, Esq.
    William Leonard Tucker, Esq.
    Page, Scrantom, Sprouse, Tucker & Ford
    Synovus Center, Third
    1111 Bay Avenue
    Columbus, Georgia   31901

                          __s/Dennis R. Bailey_____
                          Of counsel