# Exhibit 8

EMPLOYMENT AGREEMENT

Effective the 10th day of June, 1997 ("Effective Date"), MONTGOMERY MATERIALS COMPANY, L.L.C., an Alabama limited liability company ("Employer"), and HARRY E. LAMBERT, an individual resident of the United States ("Employee"), for the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

1. **Recitals.** The following is a material part of this Agreement:

    (a) Employer and Employee desire to enter into this Employment Agreement which benefits Employer and Employee.

2. **Employment.** From and after the Effective Date, Employee shall be employed by Employer pursuant to the terms of this Agreement.

3. **Performance.** Employee will devote Employee's full time and best efforts to the performance of, and will adequately, competently, and faithfully discharge any and all responsibilities and duties as an employee of Employer as may be determined and assigned to Employee from time to time by Employer, including without limitation responsibilities and duties as General Manager of Employer, which position shall include all management and sales for Employer. Employer, in its discretion, may at any time and from time to time expand, enlarge, contract, reduce, or otherwise change the responsibilities and duties of Employee hereunder. During Employee's term of employment hereunder, Employee will not engage in any business activities other than those of the Employer; provided, nothing herein shall prevent Employee from making investments of a passive nature, including without limitation, stocks, bonds, and real estate which is not managed by Employee.

4. **Compensation.**

    Employer shall pay Employee for the services rendered by Employee during the term of employment hereunder, in arrears, "Salary" (herein so called) at a monthly base rate of $6,737.25

C0593-123
41019.2

1

50
TCC003236

Salary may be adjusted from time to time by the consent of Employer and Employee. Employer shall pay all reasonable expenses incurred by Employee in connection with his duties hereunder. Employer shall pay for the fringe benefits of Employee described on Exhibit "A" during the term of his employment hereunder.

5. **Term of Employment**.

(a) The term of employment hereunder begins on the Effective Date and shall continue until terminated as provided herein; provided however that Employee's employment hereunder shall terminate absolutely and with no further obligation on the part of Employer on such date that none of Employee or any entity in which Employee has an interest owns an equity interest in Employer.

(b) Employer or Employee may terminate Employee's employment hereunder at any time, with or without Cause, by at least thirty (30) days advance written notice, Employer shall be obligated only to pay Employee Salary (at the rate then in effect) through the date of termination of Employee's employment with Employer. No Salary shall be owed to Employee other than Salary that becomes due prior to the date of termination of Employee's employment with Employer.

6. **Miscellaneous**.

(a) The rights and obligations of Employer and of Employee shall inure to the benefit of and shall be binding upon their respective heirs, personal representatives, successors and assigns. Employer's rights and privileges hereunder may be assigned to any person, firm, organization, or corporation which is succeeding to any part or all of the business of Employer and, upon such assignment the term "Employer" shall thereafter be deemed to mean such assignee. This instrument contains the entire agreement of the Parties, and may not be modified except by a writing signed by the Parties hereto or their successors and assigns. The waiver by either Party of a breach or violation of

any provision of this Agreement shall not operate as or be construed to be a waiver of any subsequent breach hereof. This Agreement shall be interpreted, construed and governed according to the laws of the State of Alabama. The headings contained in this Agreement are for convenience only and shall in no manner be construed as part of this Agreement. This Agreement may be executed in two (2) counterparts, each of which shall be deemed an original and together shall constitute one and the same Agreement, with one counterpart being delivered to each party hereto. When used herein, the masculine gender shall be deemed to include the feminine gender, and the singular shall be deemed to include the plural, unless the context clearly indicates to the contrary.

(b) Any notice, claim, election, or other communication required or permitted to be given hereunder shall be in writing and shall be deemed given upon the date the same is delivered personally or the date the same is mailed postage prepaid by certified United States mail, return receipt requested, addressed as follows:

<u>If to Employer:</u>       Montgomery Materials, L.L.C.

<u>With a copy to:</u>       The Concrete Company
<u>Attention:</u>            Mr. Frank D. Foley, III
                       Post Office Box 7877
                       Columbus, Georgia  31908

<u>If to Employee:</u>       Harry E. Lambert
                       26 Carol Villa
                       Montgomery, Alabama  36109

(c) Employer shall have the right to set-off against payments owed Employee hereunder any amounts owed to Employer by Employee arising under the "Agreement" of even date herewith among Employer, Employee, The Concrete company, MMC Holdings, Inc. and Frank D. Foley, III. Said right of set-off shall not

be exclusive of any other right or remedy of Employer with respect to any payments due Employer by Employee, whether by contract or at law or at equity.

IN WITNESS WHEREOF, Employer has hereunto caused its corporate name to be signed and its corporate seal to be affixed by its duly authorized officers, and Employee has hereunto set Employee's hand and seal, the day and year first above written.

    EMPLOYER:

    MONTGOMERY MATERIALS COMPANY, L.L.C.
    By All Its Members

    MMC HOLDINGS, INC.
    By: _____
       HARRY E. LAMBERT, President

    THE CONCRETE COMPANY
    By: _____
       FRANK D. FOLEY, III, President

EMPLOYEE:

_____ (L.S.)
Name: HARRY E. LAMBERT

## EXHIBIT "A"
## FRINGE BENEFITS

Reimbursement of Reasonable and Necessary Business Expenses
Reimbursement of Reasonable and Necessary Travel and Entertainment Expenses
Term Life Insurance Policy $600,000 (wife is beneficiary)
Health Insurance

54

TCC003240