# Exhibit 49

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | * |
| Plaintiff, | * |
| v. | * CASE NO. 2:05-cv-01026-CSC |
| HARRY E. LAMBERT, CAROL'S CONTRACTING, INC. and ALABAMA GRAVEL, LLC, | * |
| Defendants. | * |

## SETTLEMENT AGREEMENT AND RELEASE

KNOW ALL MEN BY THESE PRESENTS that in consideration of the mutual promises and understandings set forth below, the receipt and sufficiency of which are hereby acknowledged, The Concrete Company (hereinafter referred to as "TCC") and Alabama Gravel, LLC (hereinafter referred to as "Alabama Gravel"), hereby agree as follows:

1. All claims asserted by TCC against Alabama Gravel in the above-styled lawsuit now pending in the United States District Court for the Middle District of Alabama, Northern Division, shall be immediately dismissed with prejudice, with each party to bear its own costs, including attorney's fees.

2. TCC, its successors, assigns, employees, directors, officers, agents, subsidiaries, affiliated companies, attorneys, members and representatives, hereby release and discharge Alabama Gravel and its successors, assigns, employees, directors, officers, agents, subsidiaries, affiliated companies, attorneys, members and representatives from any and all claims, demands, damages, actions, causes of action, or suits of any kind whatsoever, whether known or unknown,

169754.1

relating to, arising from or connected in any way with any and all claims which were asserted or which could have been asserted in the above-styled cause or to any action taken by or on behalf of Alabama Gravel in the prosecution of this action. This release and discharge includes, but is not limited to, any claim, demand, damage, action, cause of action or suit of any kind under the Alabama Litigation Accountability Act and/or Federal Rule of Civil Procedure 11.

3.  Alabama Gravel, its successors, assigns, employees, directors, officers, agents, subsidiaries, affiliated companies, attorneys, members and representatives, hereby release and discharge TCC and its successors, assigns, employees, directors, officers, agents, subsidiaries, affiliated companies, attorneys, members and representatives from any and all claims, demands, damages, actions, causes of action, or suits of any kind whatsover, whether known or unknown, relating to, arising from or connected in any way with any and all claims which were asserted or which could have been asserted in the above-styled cause or to any action taken by or on behalf of TCC in the prosecution of this action. This release and discharge includes, but is not limited to, any claim, demand, damage, action, cause of action or suit of any kind under the Alabama Litigation Accountability Act and/or Federal Rule of Civil Procedure 11.

4.  Alabama Gravel and its directors, employees and/or agents, specifically including, but not limited to, William Tuten, Robert Alexander and Robert Dasinger agree to appear for deposition at a convenient date and time in this matter and to give truthful testimony at said deposition and to further in good faith participate in reasonable discovery related to this action at the request of TCC. TCC acknowledges and agrees that neither Alabama Gravel nor its directors, employees and/or agents represent or promise what the substance of such testimony or discovery may be. TCC warrants and represents that it shall not seek to reinstate or assert any

169754.1

2

claim against Alabama Gravel or any of its directors, employees and/or agents based upon, arising out of or as the result of such testimony or discovery.

5. The aforesaid promises and consideration shall not in any way be construed as an admission of liability on the part of any party named herein, and such promises and consideration constitute solely a compromised settlement and an accord and satisfaction of the disputed claims among the parties to this document and an effort by them to secure their peace.

6. Each party warrants that any person or persons signing on its behalf has the requisite authority to act on behalf of the party and specifically to obligate the party to the terms of this Settlement Agreement and Release.

7. This Settlement Agreement and Release may not be modified or amended except by a subsequent writing executed by all of the parties and making specific reference hereto.

8. Should any provision of this Settlement Agreement and Release require interpretation or construction, it is agreed by the parties hereto that the Court, administrative body or entity interpreting or construing this Settlement Agreement and Release shall not apply a presumption that any provision hereof shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed more strictly against the party who itself or through its agent prepared the same, it being agreed that all parties hereto and/or their respective attorneys and agents have fully participated in the preparation of all provisions of this Settlement Agreement and Release.

9. This Settlement Agreement and Release may be signed in any number of counterparts with the same effect as if the signature on each such counterpart were on the same instrument. Each fully executed set of counterparts shall be deemed to be an original, and all of the signed counterparts together shall be deemed to be one and the same instrument.

10. This Settlement Agreement and Release shall be construed, interpreted and enforced pursuant to Alabama law. If a court of competent jurisdiction decides that any provision of this Settlement Agreement and Release is not enforceable in the manner set forth in this agreement, the parties agree that it is the intention of the parties to this Settlement Agreement and Release that such provision should be enforceable to the maximum extent possible under applicable law, and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provision of this Settlement Agreement and Release is held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of the other portions of this Settlement Agreement and Release.

11. The undersigned represent that they execute this Settlement Agreement and Release after full and mature deliberation, with full authority to do so, and after having obtained advice of counsel, and that they execute the same fully aware of its content, effect, and import.

12. This Settlement Agreement and Release shall become effective immediately upon its execution by the parties. This Settlement Agreement and Release constitutes the final and entire agreement between the parties.

[SIGNATURES ON FOLLOWING PAGE]

ALABAMA GRAVEL, LLC

By: _Robert J. [signature]_
Its: _MGR_
Date: _7-12-06_

Sworn to and subscribed before me this _12_ day of _July_, 2006
Notary Public
My Commission Expires: _7/28/08_
_[signature]_
[NOTARIAL SEAL]

THE CONCRETE COMPANY

By: _____
Its: _____
Date: _____

Sworn to and subscribed before me this ____ day of _____, 2006
Notary Public
My Commission Expires: _____

[NOTARIAL SEAL]

169754.1

5

ALABAMA GRAVEL, LLC

By: _____
Its: _____
Date: _____

Sworn to and subscribed
before me this ___ day
of _____, 2006
Notary Public
My Commission Expires:

_____
[NOTARIAL SEAL]

THE CONCRETE COMPANY

By: *[signature]*
Its: VICE PRESIDENT
Date: 07/11/06

Sworn to and subscribed
before me this 11 day
of July, 2006
Notary Public
My Commission Expires:
9-22-06  *[signature] Cyla Roberts*
[NOTARIAL SEAL]

5