# Exhibit 23

THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Case No.: 2:05-cv-01026-CSC |
| | * |
| HARRY E. LAMBERT and | * |
| CAROL'S CONTRACTING, INC., | * |
| | * |
| Defendants. | * |

## AFFIDAVIT OF RUSSELL D. WARE, JR.

Personally appeared before the undersigned officer, duly authorized to administer oaths, Russell D. Ware, Jr. who being duly sworn, deposes and states:

1.

I am Russell D. Ware, Jr., Professional Engineer for Elmore Sand & Gravel ("Elmore"), P.O. Box 189 Elmore, Alabama. I began working for Elmore on July 11, 2005. For approximately 8 years before that, I worked as a civil engineer for Larry E. Speaks & Associates, Inc. ("Speaks & Associates"). I give this affidavit based upon personal knowledge attained through my employment with Speaks & Associates.

2.

As part of my duties for Speaks & Associates, I assisted clients in applying for Alabama Department of Environmental Management ("ADEM") National Pollutant Discharge Elimination System Individual Permits ("ADEM Permits"). An ADEM Permit is critical to any aggregate mining operation in Alabama. An ADEM Permit is necessary for excavating or mining aggregate. It is required to operate any aggregate mine and specifies the particular acres

176346.1

of land that can be mined. My work assisting clients in applying for ADEM Permits involved preparing Pollution Abatement Plans maps ("PAPs") that, among other things, set forth the areas that will be mined and the drainage plan for that mining.

3.

In the Spring of 2005, I met with Harry Lambert and Larry Speaks at Speaks & Associates. My business calendar reflects that the date of this meeting was March 17, 2005. Mr. Speaks is also a civil engineer and is in charge of Speaks & Associates. Mr. Lambert came to us that morning to discuss revision of the ADEM Permit for the aggregate mining operation on Mr. Mike Gentry's land in Independence, Alabama ("Gentry Pit ADEM Permit"). A copy of my business calendar reflecting the date and time of the meeting is attached hereto as Exhibit A.

4.

I specifically recall the meeting because I had never met Mr. Lambert before and I remember thinking it odd that Mr. Gentry was not present. I had previously assisted Mr. Gentry in revising the Gentry Pit ADEM Permit that Mr. Lambert was seeking to revise again. I also specifically recall Mr. Lambert wearing overalls.

5.

In the spring of 2005, Mr. Lambert was seeking to revise the Gentry Pit ADEM Permit to expand the number of acres and areas that could be mined. Up to that point, I recall the Gentry Pit as a small mining operation by comparison to others that I had assisted in obtaining ADEM Permits. Mr. Lambert's plans represented a significant expansion of the Gentry Pit mining operation.

6.

During the meeting with Mr. Lambert, he and I reviewed and marked on the PAP map that had been submitted with the application for the existing Gentry Pit ADEM Permit. A copy of the PAP map Mr. Lambert and I reviewed and marked on is attached as Exhibit B hereto. The markings on the PAP map were made by Mr. Lambert and myself as he told me where digging would take place and where drainage areas would be under the revised permit.

7.

It appeared to me, from the way Mr. Lambert told us his plans for the mining operation on Mr. Gentry's land, that Mr. Lambert was in charge of that mining operation. I do not recall Mr. Lambert mentioning the name Alabama Gravel during the meeting or any individuals that would be working with him in the mining operation.

8.

The information Mr. Lambert imparted to me that morning was necessary, and intended to be used, to revise the Gentry Pit ADEM Permit.

FURTHER AFFIANT SAYETH NOT.

This __2__ day of __February__, 2007.

_____
RUSSELL D. WARE, JR.

Sworn to and subscribed before me this
__2nd__ day of __February__, 2007.
_____
NOTARY PUBLIC
My Commission Expires: __10-13-10__

176346.1