IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | * |
| Plaintiff, | * |
| v. | * Case No.: 2:05-cv-01026-CSC |
| HARRY E. LAMBERT AND CAROL'S CONTRACTING, INC., | * |
| Defendants. | * |

**MOTION TO STRIKE COUNTERCLAIM
ALLEGATIONS NOT CONTAINED IN PLEADINGS**

Defendants have inserted the following language into the propose pretrial order submitted to the Court:

> Harry Lambert seeks a judgment that (a) the non-competition provisions did not prevent him from driving a truck for a commercial trucking company; (b) Lambert is entitled to attorneys fees and costs expended in defending this suit under the terms of the agreement in question; (c) If enforceable, then TCC has been unjustly enriched in the amount of ½ of the increase in the value of MCC Holdings, Inc. during calendar year 2001 through his last date of Lambert's employment; and (d) that TCC initiated and pursued this action maliciously and in a bad faith abuse of process.

TCC objects to and moves to strike above sections (a), (c) and (d) to the extent they have not been previously pled.

Lambert's two count Counterclaim [Doc. No. 81] does not seek a declaration that "the non-competition provisions did not prevent him from driving a truck for a commercial trucking company." Nor did the Counterclaim contain the unjust enrichment or malicious prosecution/abuse of process claims Lambert now seeks to assert.

With more particular respect to the unjust enrichment claim, Lambert's original Counterclaim [Doc. No. 7] contained a Count Two that purported to allege an unjust enrichment claim. Following TCC's December 8, 2006, reply to the Counterclaim [Doc. No. 13], Lambert conceded in his December 27, 2006, Motion to Amend Counterclaim [Doc. No. 18] that the unjust enrichment count – which is the same as the one he now attempts to assert – is moot.

> 4. On December 8, 2005, TCC filed an answer to the counterclaim [Doc 13] in which it admitted that the non-compete agreement expires of its own terms January 2, 2006.
>
> 5. Said response rendered the claims in Count Two of the counterclaim moot.

*See* Doc. No. 18 at ¶¶4-5. Lambert went on to file an amended Counterclaim [Doc. No. 25] on January 20, 2005 that contained a new Count Two seeking declaratory judgment only. No unjust enrichment claim was made. Lambert went on to amend his Answer again [Doc. No. 81] on September 20, 2007, wherein he restated his Counterclaim Count Two, again, not alleging unjust enrichment.[1]

Similarly, none of Lambert's pleadings have alleged counts for malicious prosecution or abuse of process seeking monetary relief. Lambert's pleadings have contained bald and unsubstantiated accusations of bad faith, but no formal counts have been filed and, other than

---

[1] Given the above TCC counsel requested that Lambert's counsel withdraw the unjust enrichment allegation from the proposed pretrial order. Lambert's counsel declined without explanation. TCC also notes that the unjust enrichment claim on its face was predicated on TCC claiming that the non-compete did not expire on January 2, 2006. *See* Doc. No. 7 at ¶¶28-30 and Wherefore Clause ("WHEREFORE, *in the event the non-competition provisions do not expire as of January 2, 2006,* Lambert demand judgment against TCC for one-half of the profits and increase in value of MCC Holdings, Inc. generated during calendar year 2001 through March 2002")(emphasis added). TCC agrees that the non-compete expired on January 2, 2006. That is why TCC authorized Lambert to represent to the Court on February 5, 2007 that "TCC agrees that the non-competition provisions of the Agreement expired by their own terms on January 2, 2006." [Doc. No. 29 at ¶3] Thus, Lambert's own filing indicates no basis to allege an unjust enrichment claim.

2

attorneys' fees, Lambert has not sought any other form of affirmative monetary relief. The bad faith claims have been subsumed in what appear to be declaratory judgment counts.

Lambert now – long after the close of discovery and several weeks after the completion of summary judgment motions briefing – without filing a motion,[2] seeks to re-plead his counterclaim to add matters not previously plead or declared moot. *Cf., Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (party could not amend to assert resurrect claim dismiss two years earlier). Worse, he seeks to add two new claims for affirmative monetary relief.[3] This shows undue delay, dilatory purpose and is unfairly prejudicial to TCC. *Maynard v. Bd. of Regents of the Div. of Univ. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1286-87 (11th Cir. 2003)(amendment to complaint not allowed on last day of discovery where it would have resulted in more discovery and likely prejudice); *Jones v. Childers*, 18 F.3d 899, 909 (11th Cir. 1994)(amendment adding affirmative defenses not allowed less than one week prior to pretrial conference which would have complicated an already complicated case and likely delayed trial by necessitating re-opening discovery).

Particularly with respect to the malicious prosecution and unjust enrichment claims, had Lambert's pled the new allegations, TCC would have sought discovery as to the specific bases for Lambert's claims and likely added those claims to its summary judgment motion. This discovery and opportunity for summary adjudication has been denied.

---

[2] Leave of Court is required to amend a counterclaim. Fed. R. Civ. P. 13(f) and 15(a).

[3] TCC acknowledges that Lambert has previously pled a claim for attorneys' fees. As TCC plans to propose at pretrial conference, however, the parties' attorneys' fees claims are best suited for adjudication by the Court after the conclusion of the jury trial.

## -- CONCLUSION --

For the foregoing reasons, TCC respectfully submits that its motion to strike should be granted in its entirety and that the Court should not include sections (a), (c) and (d) of Lambert's proposed Counterclaim in the Pretrial Order.

This the 18th day of April, 2007.

_____
One of the Attorneys for Plaintiff
The Concrete Company

OF COUNSEL:

Robin G. Laurie (ASB-4217-U64R)
G. Lane Knight (ASB-6748-I72K)
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com

Thomas F. Gristina
William L. Tucker
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, Third Floor, Synovus Centre
Columbus, Georgia 31901

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2007, I served a copy of the foregoing, by email and first-class mail, postage prepaid, to the following:

>Dennis R. Bailey, Esquire
>Rushton, Stakely, Johnston & Garrett
>P. O. Box 270
>Montgomery, Alabama 36101-0270

/s/ signature
_____
OF COUNSEL