IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE CONCRETE COMPANY, | * |
| Plaintiff, | * |
| v. | * Case No.: 2:05-cv-01026-CSC |
| HARRY E. LAMBERT AND CAROL'S CONTRACTING, INC., | * |
| Defendants. | * |

**PLAINTIFF'S MOTION *IN LIMINE*** 

Plaintiff The Concrete Company ("TCC"), by counsel, and pursuant to Fed. R. Evid. 104, 401, 402, 403 and 408, hereby respectfully moves that this Court exclude all testimony and other evidence concerning or referring in any way to the following:

(1) Harry Lambert and/or Carol Lambert's health;

(2) information concerning TCC's sale of its ready-mix division beyond that contained in the April 1, 2004 press release related to the same;

(3) the settlement between TCC and Alabama Gravel;

(4) TCC's Promissory Note and Supply Agreement with Michael Phillips and Hickory Bend Farms, Inc., Hickory Bend Farms, Inc.'s bankruptcy, and/or TCC's acquisition of assets of Hickory Bend Farms, Inc.'s and/or Michael Phillips' assets out of bankruptcy; and

(5) the November 9, 2006 letter from the United State Environmental Protection Agency to Foley Materials Company.

**I.     Harry Lambert And/Or Carol Lambert's Health**

Mr. Lambert has referred to his health on numerous occasions in this litigation. Mrs. Lambert has also alleged that this litigation has impacted her health. Respectfully, none of the parties' health is relevant. Moreover, any probative value it might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

**II.    Information Concerning TCC's Sale Of Its Ready-Mix Division Beyond That Contained In The April 1, 2004 Press Release**

Defendants' have marked the April 1, 2004 press release concerning TCC's sale of its ready-mix division to Lafarge as a trial exhibit. A copy of this proposed trial exhibit is attached as Exhibit A hereto. The general fact of the sale as set forth in the press release has limited relevance and might be used simply to place context around TCC's operations. The specifics of the sale, including, but not limited to the financial terms, however, are totally irrelevant. Moreover, the terms of the sale beyond the press are governed by a confidentiality agreement between Lafarge and TCC.

**III.   The Settlement Between TCC And Alabama Gravel**

The settlement between TCC and Alabama Gravel is irrelevant and ripe for exclusion under Fed. R. Evid. 408. Moreover, any probative value it might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay and waste of time. No reference should be made to Alabama Gravel as a former defendant.

IV.  **TCC's Promissory Note And Supply Agreement With Michael Phillips And Hickory Bend Farms, Inc., Hickory Bend Farms, Inc.'s Bankruptcy, And/Or TCC's Acquisition Of Assets Of Hickory Bend Farms, Inc.'s And/Or Michael Phillips' Assets Out Of Bankruptcy**

Defendants have marked as a trial exhibit documents (bearing Bates Stamp Nos. TCC0002430-2471) concerning TCC's Promissory Note and Supply Agreement with Michael Phillips and Hickory Bend Farms, Inc., Hickory Bend Farms, Inc.'s bankruptcy, and TCC's acquisition of assets of Hickory Bend Farms, Inc.'s and/or Michael Phillips' assets out of bankruptcy. A copy of this proposed trial exhibit is attached as Exhibit B hereto. As set forth in their summary judgment motion, Defendants have attempted to use these documents to suggest that TCC has unclean hands. TCC more than adequately refuted this claim in its summary judgment opposition brief. The documents or any information related thereto, therefore, would have no relevance whatsoever. Moreover, any probative value the documents or related information might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay and waste of time.

V.  **The November 9, 2006 Letter From The United State Environmental Protection Agency To Foley Materials Company**

Defendants have marked as a trial exhibit the November 9, 2006 letter from the United States Environmental Protection Agency to Foley Materials Company. A copy of this proposed trial exhibit (bearing Bates Stamp No. TCC0002865) is attached as Exhibit C hereto. This document and any information related thereto is irrelevant. TCC's damages model does not seek damages for production beyond June 15, 2006. Any environmental issues after that time are irrelevant. More importantly, any probative value the documents or related information might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues

3

or misleading the jury, or by considerations of undue delay and waste of time. Any attempt to use environmental issues on such a thin reed would necessitate a mini-trial on the same.

This the 21st day of May, 2007.

_____
One of the Attorneys for Plaintiff
The Concrete Company

OF COUNSEL:

Robin G. Laurie (ASB-4217-U64R)
G. Lane Knight (ASB-6748-I72K)
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com

Thomas F. Gristina
William L. Tucker
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, Third Floor, Synovus Centre
Columbus, Georgia 31901

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2007, I served a copy of the foregoing Rebuttal Deposition Designation by email and first class mail to the following:

Dennis R. Bailey, Esquire
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, Alabama 36101-0270

_____
OF COUNSEL