# EXHIBIT B

December 20, 2001

Montgomery Probate Court
3032 Woodley Road
Montgomery, AL 36116

      *RE    Case Number 36005*

We hereby submit our claim in the amount of $80,287.04 in the referenced case. The
attached documentation is evidence of the debt.

Sincerely,

Eric K. Nix
Vice President of Finance

c: Gussie Phillips

TCC0002430



DEFENDANT'S
EXHIBIT
19



TRAVELERS EXPRESS COMPANY, INC. DRAWER
P.O. BOX 9476, MINNEAPOLIS, MN 55480
1-800-542-3590

75866186407

PLEASE SEE TERMS ON REVERSE SIDE

Dear Mr. Nix:

If you wish to file a claim, you must complete the enclosed form and submit a $1.50 filing fee along with the form to the Probate Court.

If you wish, you may attach your bill to the claim form at no extra charge.

If you have any questions, please call me at (334) 832-1304.

Sincerely,

Ruth E. Hinton
Probate Court Clerk

/rh

Enclosure



PRO 122-345-B

TCC0002431

**PROMISSORY NOTE**

$106,000

July 25, 2001

FOR VALUE RECEIVED Hickory Bend Farms, Inc and Michael Phillips (hereinafter referred to as "MAKERS" promises to pay to the order of THE CONCRETE COMPANY/FOLEY PRODUCTS COMPANY (hereinafter, together with any assignee or holder hereof, referred to as "Holder"), at 5526 Schatuga  Road, or at such other place as Holder may designate by giving written notice to MAKERS at the address set forth below, the principle amount of one hundred six thousand and 00/100 (106,000.00) Dollars, with twelve percent (6%) simple interest thereon.

Payments shall be due and payable in twelve (12) monthly installments of nine thousand two hundred twenty and 77/100 dollars (9,220.77) dollars, including interest the first of which will be due on August 25, 2001, and each following payment shall be due on the same day each month consecutively. In lieu of monthly payments, maker and holder may mutually agree to exchange of goods and services as described in Exhibit A.

The indebtedness evidenced by this Note may be prepaid, either in whole or in part, without penalty, at any time.  Any prepayment shall be applied first to accrued interest outstanding on the unpaid balance of this Note as of the date of said prepayment, then to the outstanding principal balance of installments inverse order of maturity.

Time is of the essence hereof.

If any default is made in the payment of principal as stipulated above and such default is not cured within five (5) days thereafter, then Holder may, at Holder's option, declare the unpaid principal balance of this note thereon, immediately due, payable and collectible.  The failure of Holder to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.  In addition, in case of default which is not cured with ten (10) days, interest will begin accruing on the unpaid principal balance of this Note at the rate of 15.00% per annum.  Interest shall be computed for each day during the default period by multiplying the outstanding principal balance hereunder at the close of business on that day by a daily interest factor, which daily interest factor shall be calculated by dividing the aforesaid rate per annum in effect on that day by 365 days.  Interest so computed shall accrue for each and every day on which indebtedness remains outstanding hereunder.

Every notice, demand, consent or other communication authorized or required by this Note shall be in writing and shall be deemed to be given when hand delivered or when deposited in the United States registered or certified mail, return receipt requested with postage prepaid, and addressed:

| If to Holder: | The Concrete Company, P.O. Box 7877 Columbus, GA  31908 |
| | Attention: Frank D. Foley, III |
| If to MAKERS: | Hickory Bend Farms, Inc. and Michael Phillips |
| | P.O. Box 241061 |
| | Montgomery, AL 36124 |

or at such other address as either party may from time to time designate in writing.

MAKERS hereby waives and renounces any and all exemptions granted to MAKERS under the Constitution and Laws of the United States or any state as against this debt or any renewal or extension thereof, and further waives presentment, demand, protest, and notice of dishonor, protest and non-payment except such notice as may be otherwise required herein.

If any part of the indebtedness evidence hereby is collected by or through any attorney-at-law, MAKERS agrees to pay attorney's fees in an amount equal to twenty (20%) percent of the unpaid principal and accrued interest owed on this Note and all other expenses and costs of collection.

This Note shall be construed according to the Laws of the State of Georgia.

I/ We have read and accept and agree to be bound by the terms and information above.  The undersigned official, to induce the granting of credit to the "MAKERS", hereby personally guarantees Hickory Bend Farms, Inc. and Michael Phillips credit.

IN WITNESS WHEREOF, MAKERS has executed this Promissory Note, under seal, the day and year first above written.

MAKERS:

_____ (L.S.)
Hickory Bend Farms, Inc.

_____ (L.S.)
Michael Phillips, Individual

WITNESS

NOTARY PUBLIC
MY COMMISSION EXPIRES

My Commission Expires May 9th, 2005.

TCC0002432

Exhibit A
Supply Agreement

Michael Phillips and Hickory Bend Farms, Inc.
$106,000

Hickory Bend Farms and Michael Phillips will supply to The Concrete Company #67 gravel at $4.50 per ton FOB Tysonville Plant from July 25, 2001 to July 25, 2002. The Concrete Company will have an unlimited quantity available for the period from July 25, 2001 to July 25, 2002 to use at it's ready mix plants or for resale. The Concrete Company will have priority over all other customers. Hickory Bend Farms, Inc/Michael Phillips will furnish clean, D.O.T. specification material and will load onto an aggregate tanker if requested by The Concrete Company. Hickory Bend Farms, Inc/Michael Phillips agree to load out Monday through Saturday, 7:00 AM until 7:00 PM. The Concrete Company estimates the quantity of purchase will be 50,000 – 100,000 tons during the before mentioned time frame. The Concrete Company will offset purchases against the loan until paid off in a customary manner.

The Concrete Company is permitted to apply the value of its purchases for the previous month to the outstanding loan value as full consideration for the purchases. Such purchase allocation to the loan value shall be in lieu of the monthly payment due by maker as long as the purchases equal or exceed the monthly installment. Upon the full and final payment of the note, The Concrete Company will pay Makers for purchases under the same terms as previous transactions.

In the event Makers are unable to supply the gravel in quantity or specifications for any reasons during the one-year period, the remainder of the note becomes immediately due and payable. Makers acknowledge the damages to The Concrete Company due its failure to supply and will reimburse The Concrete Company for any incremental delivered cost for gravel purchased elsewhere.

*Per Requested Here*
*On Saturdays* MP

Agreed to by:

_____
The Concrete Company

_____
Hickory Bend Farms, Inc.

_____
Michael Phillips

*NThe Concrete Co. will supply Equipment to load Tanker Trucks.*

TCC0002433

07/20/2001   Page 1

106000

Compound Period ........ : Monthly

| | | |
|---|---|---|
| Nominal Annual Rate ....: | 8.000 | % |
| Effective Annual Rate ...: | 8.300 | % |
| Periodic Rate ..................: | 0.6667 | % |
| Daily Rate .........................: | 0.02192 | % |

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 07/25/2001 | 106,000.00 | 1 | | |
| 2 Payment | 08/25/2001 | 9,220.77 | 12 | Monthly | 07/25/2002 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 07/25/2001 | | | | 106,000.00 |
| 1 | 08/25/2001 | 9,220.77 | 706.67 | 8,514.10 | 97,485.90 |
| 2 | 09/25/2001 | 9,220.77 | 649.91 | 8,570.86 | 88,915.04 |
| 3 | 10/25/2001 | 9,220.77 | 592.77 | 8,628.00 | 80,287.04 |
| 4 | 11/25/2001 | 9,220.77 | 535.25 | 8,685.52 | 71,601.52 |
| 5 | 12/25/2001 | 9,220.77 | 477.34 | 8,743.43 | 62,858.09 |
| 2001 | Totals | 46,103.85 | 2,961.94 | 43,141.91 | |
| 6 | 01/25/2002 | 9,220.77 | 419.05 | 8,801.72 | 54,056.37 |
| 7 | 02/25/2002 | 9,220.77 | 360.38 | 8,860.39 | 45,195.98 |
| 8 | 03/25/2002 | 9,220.77 | 301.31 | 8,919.46 | 36,276.52 |
| 9 | 04/25/2002 | 9,220.77 | 241.84 | 8,978.93 | 27,297.59 |
| 10 | 05/25/2002 | 9,220.77 | 181.98 | 9,038.79 | 18,258.80 |
| 11 | 06/25/2002 | 9,220.77 | 121.73 | 9,099.04 | 9,159.76 |
| 12 | 07/25/2002 | 9,220.77 | 61.01 | 9,159.76 | 0.00 |
| 2002 | Totals | 64,545.39 | 1,687.30 | 62,858.09 | |
| Grand Totals | | 110,649.24 | 4,649.24 | 106,000.00 | |

TCC0002434

**FILED**

**SEP 0 5 2002**

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:

HICKORY BEND FARMS, INC.,                    Case No. 02-30928


            Debtor.                          Chapter 7

---

## ORDER PURSUANT TO §363(B) OF THE UNITED STATES BANKRUPTCY CODE APPROVING SALE OF ASSETS TO THE CONCRETE COMPANY

This matter is before the Court on the notice of Tom McGregor ("Trustee") and the request of the Concrete Company ("TCC") for a comfort order.

The Trustee [1] and TCC reached an Agreement (the "Agreement") to Purchase Property of Hickory Bend Farms, Inc., a copy of which is attached hereto and incorporated herein as Exhibit "A", for the sale and purchase of certain assets of the Debtor as specified in the Agreement (the "Assets");

Proper, timely, adequate and sufficient notice of Trustee's Notice of Intent to Sell ("Trustee's Notice") was provided in accordance with §102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 and no other or further notice of the Trustee's intent to sell certain Assets is required.

No objections to the Trustee's Notice to Sell were filed with the Court;

---

[1] Prior to the petition for an order of relief, Hickory Bend Farms, Inc., was in the business of leasing land or property in Montgomery and Macon Counties and removing sand and gravel deposits. The sand and gravel removal equipment is still located on one or more of the leased tracts. Also, a portion of said equipment was pledged as collateral to Sterling Bank. The Trustee and Sterling Bank have jointly agreed to sell the equipment used by Hickory Bend Farms, Inc.

TCC0002452

Based upon the foregoing and the representation of counsel, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Trustee's Notice to Sell is hereby granted and the sale is hereby approved in all respects and authorized and directed under § 363(b) of the Bankruptcy Code,

2. Pursuant to § 363(b) of the Bankruptcy Code, the Trustee is hereby authorized, directed and empowered on the Closing Date to fully assume, perform under, consummate and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby, and to take all further actions as may be reasonably required to implement the terms of the Agreement. TCC shall remove the Assets purchased under the Agreement by September 25,2002; however, in the event TCC is unable to remove the Assets by that date, TCC will assume and pay the Trustee's rent obligation up to $2,000.00 per month to the owner of the property upon which the Assets are situated.

3. Pursuant to § 105(a) and 363(1) of the Bankruptcy Code, upon the closing under the Agreement, the Assets shall be transferred to TCC free and clear of all mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, restrictions or charges of any kind or nature, if any, (the foregoing collectively referred to as "Liens" herein) and all debts, liabilities, objections, commitments, responsibilities, claims (as that term is defined in the Bankruptcy Code),

2

TCC0002453

counterclaims, defenses, and offsets of any kind and nature, arising prior to the Closing Date, however arising (the foregoing collectively referred to as "Claims" herein), with all such Liens and Claims to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect that they now have as against the Assets, subject to the rights, claims, defenses, offsets, demands and objections, if any, of the Debtor and all interested parties with respect to such Liens and Claims.

4. All persons and entities holding Liens or Claims against the Debtor arising on or before the Closing Date, or out of events occurring prior to the Closing Date, of any kind and nature with respect to the Assets hereby are forever barred, estopped, and permanently enjoined from asserting such Liens and Claims of any kind and nature against TCC, its successors or assigns, or the Assets.

5. Except for a possible rent obligation referenced in Paragraph 2 above, TCC is not assuming nor shall it in anyway whatsoever be liable or responsible as a successor or otherwise, for any debts, liabilities, obligations, commitments or responsibilities of the Debtor or any debts, liabilities, obligations, commitments or responsibilities in anyway whatsoever relating to or arising from the Assets, or the Debtor's operations or use or ownership of the Assets.

6. On and after the Closing Date, the creditors and other interested parties, subject of the Trustee's notice, are directed to execute such documents and take all other actions as may be necessary to release their liens or claims, if any.

3

7. As to the parties subject of the Trustee's notice, all such parties having previously filed financing statements or other documents or agreements evidencing liens on or interests in the Assets that have not delivered to the Trustee prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens or other interests that the person or entity has with respect to the Assets or otherwise, then (a) the Trustee is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets, and (b) TCC is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens or other interests of any kind or nature whatsoever in the Assets.

8. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Assets are hereby directed to surrender possession of such Assets to the Buyer on the Closing Date. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereof in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

9. TCC is not acquiring or assuming, and the consummation of the Sale shall not subject TCC to, any Claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date

4

hereof or hereafter arising, of or against the Debtor, any affiliate of the Debtor, or any other person under the laws of the United States, any state, territory or possession thereof or the District of Columbia applicable to such transactions.

10.    TCC shall be entitled to the protections of 11 U.S.C. § 363(m) of the Bankruptcy Code if this Sale Order or any authorization contained herein is reversed or modified on appeal.

11.    Subject to the provisions of, and except as provided in the Agreement, this Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement.

DONE AND ORDERED at Montgomery, Alabama, this __5__ day of Sᴇᴘᴛᴀᴍʙᴇʀ , 2002.

_____
United States Bankruptcy Judge

APPROVED FOR ENTRY

_____
Page, Scantom, Sprouse, Tucker & Ford, P.C.
For the Concrete Company, Inc.

_____
Von G. Memory, P.A.
For Sterling Bank

_____
Tom McGregor, Chapter 7 Trustee

5

TCC0002456

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:

HICKORY BEND FARMS, INC.

Debtor.

CASE NO. 02 - 30928 – WRS

Chapter 7

## AGREEMENT TO PURCHASE PROPERTY OF HICKORY BEND FARMS, INC.

THIS PURCHASE AGREEMENT ("Agreement"), dated June 20, 2002, by and between STERLING BANK, a state-banking corporation ("Sterling"), TOM MCGREGOR, Trustee for the Estate of Hickory Bend Farms, Inc. ("Trustee"), and THE CONCRETE COMPANY, a Georgia Corporation, ("The Concrete Company").

### WITNESSETH

A. Sterling is the owner or possesses an interest in the following property[1] ("Sterling Real Property"):

Lot 1, Block A, according to the Map of Wynwood Plat No. 1, as the same appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 29, at Page 216.

("Sterling Personal Property"):

One (1) 1980 Bucyrus Erie 65D HD Dragline, S/N 139258

One(1) 5'X14" 3 Deck SECO Twin Bearing Inclined Vibrating Screen S/N TD-4924

One(1) Telesmith 96X14 Counter Super-Scrubber Intake Chute & Attachments, S/N 454M2240

Accounts Receivable

---

[1] Unless limited or specified otherwise, the Sterling collateral shall be refereed to as the "Sterling Property".

TCC0002457

EXHIBIT

A

B. The Trustee is administering some or all the following property ("Trustee Property"):

Plant 1

      Hopper with retaining wall VIB. Feeder
      100 to 125 converter 36" feed belt
      Gen Set KUA 750 with starters and breakers
      8X10 sand pump
      Seco screen 3 deck 5X12 structure
      Big rock conveyor
      Shot conveyor
      1000 gal. Fuel tank
      Berkley water pump
      Tool shed
      Sand and gravel inventory

Plant 2

      Hopper with retaining wall and VIB. Feeder
      Feed conveyor belt
      Starters and breakers
      Telsmith super scrubber 96X14
      Gravel conveyor to screen
      Seco screen 5X12 with structure
      Office trailer and scale
      Old office trailer
      Lab and (3) small storage buildings
      5,000 gal. Fuel tank
      Old gen set
      330 Cat backhoe
      970 F loader 14,376 hrs.
      65 D.B.E. Drag-line
      Sand and gravel inventory

C. The Trustee does not warrant or guarantee the existence of any of the above-referenced equipment.

D. On the terms and conditions contained herein, Sterling and the Trustee will convey, without recourse, the Sterling Property and the Trustee Property to the Concrete Company.

2

TCC0002458

E. The Sterling Personal Property and the Trustee Property have been merged or consolidated only for the purposes of the instant purchase agreement. However, in the event the instant sale does not gain approval of the United States Bankruptcy Court, the Trustee and Sterling Bank shall be permitted to divide and separate their respective properties for the purposes of sale.

NOW, THEREFORE, the parties hereto agree as follows:

1. Purchase and Sale. The Concrete Company has agreed to purchase the Sterling Personal Property and the Trustee Property for $244,000.00. From these proceeds, the Trustee, upon receipt, shall immediately pay Sterling Bank the sum of $94,000.00. This amount is allocated and attributed to the Sterling Personal Property. In addition, The Concrete Company shall immediately pay directly to Sterling Bank the sum of $256,000.00 for the Sterling Real Property, Lot 1, Block A, Wynwood, Plat Number 1.[2] The Concrete Company has the exclusive right to research, investigate, and test the appropriateness of this contract and the quantity and condition of the Sterling Property and the Trustee Property. However, upon court approval and closing, The Concrete Company is presumed to have accepted the terms of this agreement and the quantity and quality of the Sterling Property and Trustee Property and therefore waives any subsequent claims incident to same.

(a) Closing. The Closing (the "Closing") hereunder shall be held at a place mutually agreeable. At the Closing, the Purchase Price shall be paid by

---

[2] The equipment and home are collectively referred to as "Sterling Property".

3

TCC0002459

wire transfer to an account designated by Sterling and the Trustee. At the Closing, upon payment of the Purchase Price, Sterling and the Trustee shall deliver to the Concrete Company documents of title conveying right, title, and interest to the Sterling Property and the Trustee Property, free and clear of all mortgages, liens, and other encumbrances. Sterling Bank shall give a statutory warranty deed regarding the real property and a bill of sale regarding the personal property. The Trustee shall give a Trustee's bill of sale regarding the Trustee's Property. The Concrete Company shall remove the Sterling and Trustee properties, referenced in this agreement, on or before September 25, 2002, or pay the landlord or landlords rent not to exceed $2,000.00 per month.

(b) <u>Allocation of Sales Proceeds</u>. From the gross sales proceeds, the Trustee shall pay the full claim of Sterling Bank immediately after payment by The Concrete Company. The remaining funds shall be held by the Trustee. Any allowed secured claim incident to the property being sold shall attach to the remaining proceeds in the same amount and according to the same priority existing prior to sale.

2. <u>Inspection Period</u>. Prior to court approval, The Concrete Company shall have the exclusive right to inspect and review the Sterling Property and the Trustee Property (the "Inspection Period"). The Concrete Company shall complete its examination of title to the Property and all other matters, including the availability of financing. Examination of title, including a title

4

search, preparation of abstracts, surveys and policies shall be at the Concrete Company's sole cost and expense. From the date hereof until court approval, Sterling and the Trustee shall allow The Concrete Company's representatives to make such investigation of the Trustee Property and Sterling Property, as well as files, reports, appraisals, books and records related thereto, and such other items as The Concrete Company reasonably deems necessary or advisable in performing its due diligence.

3. <u>Costs and Prorations</u> Ad valorem taxes, sewer taxes and other similar items shall be prorated at the Closing in accordance with the custom of the County where the Sterling Property is located. All other costs and expenses shall be borne by the party incurring same. However, notwithstanding anything herein to the contrary, each party shall be responsible for their own professional fees and expenses, and The Concrete Company shall be responsible for recording costs.

4. <u>Sterling and the Trustee's Representations</u>. Sterling and the Trustee represent as follows:

(a) Sterling and the Trustee have the legal authority to enter into and consummate this Agreement, with the approval of the United States Bankruptcy Court;

(b) To the best of Sterling and the Trustee's knowledge, there are no civil or administrative actions commenced or threatened which affect either Sterling or the Trustee's right, title or interest in the Sterling Property and the Trustee Property; and

5

(c) Sterling and the Trustee are not foreign sellers as defined in §1445(e)(2) of the Internal Revenue Code of 1986.

5. The Concrete Company's Representations. If The Concrete Company proceeds with the Closing, it shall be presumed that The Concrete Company accepts the Sterling Property and the Trustee Property in the condition and quality then existing. Moreover, The Concrete Company agrees that the Sterling Property and Trustee Property is sold in its "as-is" condition and Sterling and the Trustee expressly disclaim any representation with respect to the condition, merchantability or fitness for a particular purpose of the same.

6. Court Approval. The United States Bankruptcy Court must approve this Agreement. Consequently the Trustee shall send notice to creditors and interested parties and request court approval. This Agreement shall not be binding until the United States Bankruptcy Court enters an order to the satisfaction of the interested parties. However, said order must contain language allowing the sale to be accomplished free and clear of mortgages, liens and other encumbrances, and also the order shall protect the parties from claims arising from the Hickory Bend Estate and the property referenced herein. The notice (**Exhibit "A"**) attached with this agreement shall be accepted as proper notice to creditors and other interested parties. Moreover, the parties have agreed to a comfort order in the same form as **Exhibit "B"**.

7. Conditions Precedent to Obligations of Sterling, Trustee, and The Concrete Company. Notwithstanding anything in this agreement to the

6

contrary, The Concrete Company may void or reject this agreement at any time prior to closing without cause.

8. <u>Loss or Destruction of Sterling Property or Trustee Property</u>. In the event of loss or destruction to the above referenced property, The Concrete Company has leave to terminate the agreement in whole or part. Moreover, in the event of loss or destruction, the parties have the option of proceeding under new or revised terms.

9. <u>Environmental Matters</u>. As of the date of closing, Sterling Bank and the Trustee have not initiated an investigation and have no knowledge of the storage of hazardous materials in, on, under, or about either of the respective Properties nor are they aware of any restrictions or designation of the respective Properties as wetlands protected by any applicable Environmental Law.

10. <u>Entire Agreement</u>. This Agreement supercedes all prior discussions and agreements between the parties with respect to the subject matter hereof, and this agreement contains the sole and entire agreement among the parties with respect to the matters covered hereby. This Agreement shall not be altered or amended except by an instrument in writing signed by or on behalf of the parties.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement, as of the date first written above.

STERLING BANK

By: _____

7

TCC0002463

Its: _____

TOM MCGREGOR

Trustee

THE CONCRETE COMPANY

By: _____

Its: _____

VON G. MEMORY, P.A.
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000 Fax (334) 834-8001

8

TCC0002464

AUG-29-2002  21:18                                                    P.02

Its: _____

TOM MCGREGOR

_____
Trustee

THE CONCRETE COMPANY

By: _____

Its: _____

VON G. MEMORY, P.A.
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000 Fax (334) 834-8001

8

TCC0002465

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**FILED**

**JUL 19 2002**

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

IN RE                                    )
                                         )
HICKORY BEND FARMS, INC.,                )          CASE NO. 02-30928-WRS
                                         )
DEBTOR                                   )

### TRUSTEE'S NOTICE OF INTENT TO SELL

TO:  DEBTOR, CREDITORS AND ALL PARTIES IN INTEREST:

Please take notice that Tom McGregor, Trustee in the above-styled cause, proposes to sell to The Concrete Company, a Georgia corporation, all of the items listed herein for the cash sum of Two Hundred Forty-Four Thousand Dollars ($244,000.00) on or about August 8, 2002. Said sale shall be free and clear of all liens and encumbrances and any liens appearing of record shall attach to the proceeds of said sale. In support of said notice, the Trustee would make known the following:

1. That at the time of the filing of the bankruptcy petition, the debtor was the owner of certain real estate commonly referred to as 6400 Windwood Place in Montgomery, Alabama. Said real estate has been foreclosed by the Sterling Bank. The proposed sale shall include the right of redemption on said property.

2. That the debtor owned several items of equipment used in the operation of a sand and gravel business. All equipment still remaining at the business location of this debtor in Macon County, Alabama, is a part of this sale and shall be sold by the Trustee. From the sales proceeds, the Trustee shall pay to the Sterling Bank the sum of $94,000.00 in payment of the secured debt on said equipment.

3. The Trustee shall sell all of the portable buildings and trailers used for offices and storage located at the premises occupied by said debtor. The Trustee shall also sell all inventory of sand and gravel presently located on the premises occupied by said debtor. Said shall also include all accounts receivables of the debtor.

4. Said sale shall be "as is" and "where is". The purchaser shall close said transaction no later than August 8, 2002, and shall have until September 25, 2000, to remove all of the equipment and inventory from the premises occupied by the debtor.

5. The Trustee shall pay all accrued taxes on the inventory and equipment. All other expenses of whatever nature shall be paid by the purchaser.

6. Therefore, unless objections to said sale are filed with the Bankruptcy Court and served on the Trustee no later than August 3, 2002, the Trustee intends to consummate said sale.

Tom McGregor
Trustee in Bankruptcy

### CERTIFICATE OF MAILING

I hereby certify that a copy of the forgoing Notice of Sale has been mailed to all creditors of the above debtor(s), to the addresses shown in the original petition, by first class mail, postage prepaid, and to the Bankruptcy Administrator, by hand delivery, on this 19th day of day of July, 2002.

TRUSTEE

TCC0002466

Laser    5161®    ®AVERY®    Address Labels

Hickory Bend Farms, Inc.
P.O. Box 241061
Montgomery, AL 36124

Bank of America
P.O. Box 31679
Tampa, FL 33631-3679

Acme Propane Gas
4285 Norman Bridge Road
Montgomery, AL 36105

Bill Bradley Plumbing
P.O. Box 6093
Montgomery, AL 36106

ADT Security Services
1600 Oakbrook Drive, Ste. # 540
Norcross, GA 30093

Bellsouth
P.O. Box 740144
Atlanta, GA 30374-0144

Alabama Trucking Assoc. Worker's Comp
P.O. Box 1310
Montgomery, AL 36102

Blue Cross Blue Shield
P.O. Box 36007
Birmingham, AL 35236-0037

Alltel
Building 4, Second Floor
One Allied Drive
Little Rock, AR 72202-2099

Builders Supply Co.
3075 Hill Street
Montgomery, AL 36108

American Express
ERI
P.O. Box 24566
Baltimore, MD 21214

Capital City Electric Co.
P.O. BOx 829
Montgomery, AL 36101-0829

APAC-Alabama, Inc.
Montgomery Branch
P.O. Box 250410
Montgomery, AL 36125-0410

Carl O. Pilgrim
8216 Old Federal Road
Montgomery, AL 36117-8010

Associated Insurance Adminstrators
4135 Carmichael Road, Ste 3000
P.O. Box 231330
Montgomery, AL 36123-1330

Caterpillar Financial Services Corp.
P.O. Box 905561
Charlotte, NC 28290-5561

AT & T
P.O. Box 9001309
Louisville, KY 40290-1309

Caterpiller Financial Services Corp.
P.O. Box 340001
Nashville, TN 37203-0001

Bank of America
P.O. Box 30137
Tampa, FL 33630-3137

Central Rubber and Supply, Inc
P.O. Box 298
Wetumpka, AL 36092

Use template for 5161®    TCC0002467    Smooth Feed Sheets™

Laser   5161®                                          /AVERY®   Address Labels

CIT
File # 55603
Los Angeles, CA 90074-5603

Commercial Recovery Corporation
9298 Central Avenue NE, Suite 310
Minneapolis, MN 55434

Coosada Trucking Company
CitiCapital Commerical Corp.
250 E. Carpenter Frwy., HO4-30
Irving, TX 75062

Concrete Inc.
P.O. Box 747
Dothan, AL 36302

Cottens
2515 Eatern Bypass
Montgomery, AL 36117

Cowin Equipment Company
P.O. Box 10624
Birmingham, AL 35202

Crown Equipment Company, Inc.
P.O. Box 10624
Birmingham, AL 35202-0624

Culligan of Montgomery
450 Hackel Drive
Montgomery, AL 36117

Dennis Welding Supply, Inc.
P.O. Box 4572
Montgomery, AL 36103-4572

Dish Network
Dept 0063
Palatine, IL 60055-0063

Dixie Electric Cooperative
P.O. Box 30
Union Springs, AL 36089

East Alabama Porta Toilet LLC
415 Central Boulevard
Tallassee, AL 36078

Flowers Insurance Agency, LLC
P.O. Box 368
Dothan, AL 36302

Floyd Construction Inc.
P.O. Box 485
Troy, AL 36081

GMAC
P.O. Box 100049
Duluth, GA 30096

GMAC
P.O. Box 630070
Dallas, TX 75263-0070

GMAC
P.O. Box 55306
Birmingham, AL 35255

GMAC Smartlease
P.O. Box 231059
Montgomery, AL 36123-1059

Harold J Boyd, et al
Edward B. Raymon
P.O. Box 7830389
Tuskegee, AL 36083-0389

Henry Olin Campbell
Myron Smith
P.O. Box 680670
Prattville, AL 36068

Use template for 5161®                               Smooth Feed Sheets™

Laser    5161®    Address Labels    AVERY®

Hodges Concrete Company
P.O. Box 9868
Montgomery, AL 36108

Interstate Oil Company
P.O. Box 967
Montgomery, AL 36101-0967

J.M. Jordan Mining Company, Inc.
P.O. Box 2
Mount Meigs, AL 36057

Jenco, Inc.
P.O. Box 216
De Armanville, AL 36257

JWS Corporation
10000 West 75th Street, Ste 103
Shawnee Mission, KS 66204

Larry E. Speaks & Associates, Inc.
544 Martha Street
Montgomery, AL 36104

Lexus Financial
P.O. Box 682348
Franklin, TN 37068-0248

Lyndon Property Insurance Company
P.O. Box 231330
Montgomery, AL 36123-1330

M & M Trucking Company
P.O. Box 1743
Auburn, AL 36831-1743

Macon County
Revenue Commissioner
P.O. Box 830420
Tuskegee, AL 36083

Macon County Revenue Commissioner
P.O. Box 830420
Tuskegee, AL 36083

Maintenance Service Co.
6328 Old Pond Road
Montgomery, AL 36117

Mathew W. Grill
1901 Sixth Ave. North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

Mitchell Trucking
P.O. Box 255
Shorter, AL 36075

Montgomery Ready Mix
P.O. Box 241287
Montgomery, AL 36124-1287

Montgomery Rubber & Gasket
P.O. Box 210639
Montgomery, AL 36121-0639

Najjar Denaburg, P.C.
2125 Morris Avenue
Birmingham, AL 35203

NBC Leasing Company
P.O. Box 428
Birmingham, AL 35201

Pearce Pump South, Inc.
P.O. Box 8233
Columbus, GA 31908

Use template for 5161®    Smooth Feed Sheets™

TCC0002469

Laser 5161®     Address Labels     AVERY®

Premium Assignment Corporation
P.O. Box 3066
Tallahassee, FL 32315-3066

TCI
408 Madison Ave.
Montgomery, AL 36104

Regions Bank
P.O. Box 31092
Tampa, FL 33631-3092

Telsmith
10910 N. industrial Drive
Mequon, WI 53092

Regions Mortgage
P.O. Box 5630
Montgomery, AL 36103-5630

Thompson
Box 10367
Birmingham, AL 35202

Revenue Commissioner
Montgomery County
P.O. Box 1667
Montgomery, AL 36102-1667

Thompson Carriers, Inc.
1700 Old Columbus Road
Opelika, AL 36804

Sabel Industries
P.O. Box 4747
Montgomery, AL 36103

Transform Technology
1895 C Beaver Ridge Circle
Norcross, GA 30071-3840

Southern Industrial Supply, Inc.
P.O. Box 1200
Grenada, MS 38902-1200

Turner Scale, Inc.
581-B George Todd Drive
Montgomery, AL 36117

Southern Wire Enterprises
P.O. Box 901
Trussville, AL 35173

Twin City Concrete
P.O. Box 3168
Auburn, AL 36831

Sterling Bank
P.O. Box 230849
Montgomery, AL 36123-0849

Tyco Capital
P.O. Box 27248
Tempe, AZ 85285-7248

Sterling Bank
4121 Carmichael Road
Montgomery, AL 36106

U. S. Attorney
ATTENTION: PATRICIA A. CONOVER
P. O. Box 197
Montgomery, AL 36101

The Concrete Company
P.O. Box 7877
Columbus, GA 31908-7877

Von Memory
469 S. McDonough Street
Montgomery, AL 36104

Use template for 5161®     Smooth Feed Sheets™

AVERY® Address Labels

Laser 5161®

Warrior Tractor & Equipment
6801 McFarland Boulevard
Northport, AL 35476


Water Works & Sewer Board
P.O. Box 1631
Montgomery, AL 36102-1631


Wes Cook Tires
6249 Atlanta Hwy
Montgomery, AL 36117


Wiregrass Construction Co.
P.O. Box 48
Ariton, AL 36311


Wilson, Price, Barranco, Blankenship
P.O. Box 3295
Montgomery, AL 36193

Internal Revenue Service
Special Procedures Section
801 Tom Martin Dr., Rm. 125
Birmingham, Al 35211

Donald M. Wright, Esq.
Shaun K. Ramsey, Esq.
P. O. Box 55727
Birmingham, AL 35255-5727

Teresa Jacobs
Bankruptcy Administrator
One Church Street, 5th Floor
Montgomery, AL 36104

Daniel G. Hamm, Esq.
Attorney at Law
235 South McDonough Street
Montgomery, AL 36104

Use template for 5161®

Smooth Feed Sheets™

TCC0002471