IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE CONCRETE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2:05-cv-01026-CSC |
| | * | |
| HARRY E. LAMBERT AND CAROL'S | * | |
| CONTRACTING, INC., | * | |
| | * | |
| Defendants. | * | |

## THE CONCRETE COMPANY'S PROPOSED JURY INSTRUCTIONS

Plaintiff The Concrete Company files the attached requested jury instructions for consideration by the Court. The Concrete Company reserves the right to supplement these instructions during the trial pursuant to *Fed. R. Civ. P.* 51. The Concrete Company does not waive any grounds of any motion for judgment as a matter of law that it may file by requesting any instruction contained herein.

This the 21st day of May, 2007.

s/ Robin G. Laurie
One of the Attorneys for Plaintiff
The Concrete Company

OF COUNSEL:
Robin G. Laurie (ASB-4217-U64R)
G. Lane Knight (ASB-6748-I72K)
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com

Thomas F. Gristina
William L. Tucker
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, Third Floor, Synovus Centre
Columbus, Georgia  31901

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of May, 2007, the foregoing has been electronically

filed with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

Dennis R. Bailey, Esquire
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, Alabama 36101-0270

s/ Robin G. Laurie
OF COUNSEL

180974.1

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 1

### Consideration of the Evidence, Duty to Follow Instructions, Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence--that is, the testimony of the witnesses and the exhibits I have admitted in the record--but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

(11th Circuit Pattern Jury Instruction 2.2)

**GIVEN _____          REFUSED _____**

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 2

**Burden Of Proof Where Some Jurors Have Served On Jury In Criminal Case**

Those of you who have sat on criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

(O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 104.03 (2000))

**GIVEN _____        REFUSED _____**

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 3

### All Available Witnesses Or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

(O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.11 (2000))

**GIVEN _____          REFUSED _____**

180974.1

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 4

### Credibility Of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

(11th Circuit Pattern Jury Instructions 3)

**GIVEN _____        REFUSED _____**

180974.1

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 5

### Impeachment Of Witnesses - Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

(11th Circuit Pattern Jury Instructions 4.1)

**GIVEN _____          REFUSED _____**

180974.1

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 6**

**Expert Witnesses**
**General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

(11th Circuit Pattern Jury Instructions 5.1)

**GIVEN _____**        **REFUSED _____**

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 7

### Use Of Depositions As Evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

(O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.02 (2000))

**GIVEN _____        REFUSED _____**

180974.1

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 8

### Definition of a Contract

A contract is an agreement between two or more persons or parties based upon a valuable consideration to do or refrain from doing a particular lawful act.

(APJI 10.01)

**GIVEN _____          REFUSED _____**

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 9**

**Action for Breach of Contract - Elements**

Plaintiff The Concrete Company is suing defendant Harry Lambert for breach of covenant-not-to-compete, which is a form of breach of contract. The legal elements of a breach of contract claim are: 1) the existence of a contract containing a covenant-not-to-compete provision; 2) the breach of that contract; and 3) damages proximately caused by such breach.

(APJI 10.12 (Modified); *Reynolds Metal Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002))


**GIVEN _____          REFUSED _____**

180974.1

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 10**

**Action for Tortious Interference with Contractual or Business Relations - Elements**

Plaintiff The Concrete Company is suing Defendants Harry Lambert and Carol's Contracting, Inc., for tortious interference with contractual or business relations. The burden of proof is on the plaintiff to reasonably satisfy you from the evidence of the existence of the following of an action for interference with a contractual or business relation, before the plaintiff would be entitled to recover: 1) the existence of a contractual or business relation, 2) defendants' knowledge of the contractual or business relation, 3) intentional interference by the defendant(s) with the contract or business relation, and 4) damage to the plaintiff as a result of the defendants' interference.

(APJI 10.35 (Modified); *Serra Chevrolet, Inc. v. Edwards Chevrolet, Inc.*, 850 So. 2d 259, 265 (Ala. 2002))

**GIVEN _____     REFUSED _____**

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 11**

**Civil Conspiracy – Elements**

Plaintiff The Concrete Company is suing Defendants Harry Lambert and Carol's Contracting, Inc., for civil conspiracy. The elements of civil conspiracy are the combination of two or more persons to do (a) something that is unlawful, oppressive or immoral; (b) something that is not unlawful, oppressive or immoral by unlawful, oppressive or immoral means; or (c) something that is unlawful, oppressive or immoral by unlawful, oppressive or immoral means.

(*Snyder v. Faget,* 326 So. 2d 113, 116 (1976))


**GIVEN _____        REFUSED _____**

180974.1

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 12**

**Damages – General**

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as a proximate result of a legally wrongful act on the part of the defendants.

Punitive or exemplary damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

(APJI 11.01 (Modified))

**GIVEN _____          REFUSED _____**

180974.1

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 13

### Compensatory Damages

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate him for his injury and other damages which have been inflicted upon him as a proximate result of the wrong complained of.

(APJI 11.02)

**GIVEN _____**          **REFUSED _____**

180974.1

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 14

### Actual Damages

Actual damages include all damages except punitive damages.  Actual damages is the synonym of compensatory damages.

(*Skipper v. S. Cent. Bell Tel Co.*, 334 So. 2d 863, 866 (Ala. 1976))

**GIVEN _____          REFUSED _____**

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 15**

**Punitive Damages**

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant(s), and for the added purpose of protecting the public by deterring the defendant(s) and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the plaintiff must prove by clear and convincing evidence that the defendant(s) consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment or a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant(s) of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard for the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

A. With intend to injure the person or property of another person or entity, or

B. Under such circumstances that the law will imply an evil intent.

(APJI 11.03)

**GIVEN** _____          **REFUSED** _____

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 16**

**Damages for Breach of Contract**

Damages for breach of contract should restore the injured party to the condition they would have occupied if the contract had not been violated, or had been fully performed.  These damages need not be measured with mathematical precision.  The plaintiff only needs to produce evidence sufficient to afford a reasonable basis for estimating loss.

(*Files v. Schaible*, 445 So. 2d 257, 261 (Ala. 1984))

**GIVEN _____          REFUSED _____**

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 17**

**Nominal Damages**

If you determine that Defendant Harry Lambert breached the terms of the non-compete, Plaintiff The Concrete Company is entitled to nominal damages even if you find that Plaintiff The Concrete Company has not proven actual or compensatory damages.  There is nothing discretionary about an award of nominal damages.

(*James A. Kemper & Co. Southeast, Inc. v. Cox & Assocs., Inc.*, 434 So. 2d 1380, 1385 (Ala. 1983))

**GIVEN _____         REFUSED _____**

## TCC'S REQUESTED JURY INSTRUCTION NO. 18

### Nominal Damages – Definition

Nominal damages consist of a small, trivial or insignificant sum of money and are given merely to vindicate the defendant's technical violation of a plaintiff's rights.

(APJI 11.40, Suppl. 2006)


**GIVEN** _____        **REFUSED** _____

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 19

### Damages for Tortious Interference with Business Relations

Damages for tortious interference with business relations include (1) the pecuniary loss of the benefits of the contract or the prospective business relation; (2) consequential losses for which the interference is the legal cause; and (3) emotional distress or actual harm to reputation if either is reasonably to be expected as a result of the interference.

(*KW Plastics v. United States Can Co.*, 131 F. Supp. 2d 1265, 1268 (M.D. Ala. 2001))


**GIVEN _____        REFUSED _____**

180974.1

**THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 20**

**Damages for Conspiracy**

The damages Plaintiff The Concrete Company seeks for its conspiracy claim are the same as those it seeks for its tortious interference with business relations claim.


**GIVEN _____        REFUSED _____**

## THE CONCRETE COMPANY'S REQUESTED INSTRUCTION NO. 21

### Lost Profits

In this case, Plaintiff The Concrete Company is suing for lost profits in addition to the other compensatory damages it seeks. The measure of damages recoverable by this approach is the profit that The Concrete Company would have made on its sales of White Oversized Gravel had Defendant Harry Lambert not breached his covenant-not-to-compete. The same measure and amount of lost profits apply if you also find for Plaintiff The Concrete Company on its tortious interference and conspiracy claims. In other words, the amount of lost profits you may award would not increase if you find in favor of Plaintiff The Concrete Company on its tortious interference and conspiracy claims.

(Jenelle M. Marsh and Charles W. Gamble, Alabama law of Damages § 35:11 (5th ed. 2004) (*citing Ala. Code* § 7-2-708 (1975)).

**GIVEN _____          REFUSED _____**

180974.1